UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | : **Case No. 20-CV-4432** |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| | : **MEMORANDUM** |
| RCG ADVANCES, LLC, a limited liability company, | : **OF LAW** |
| f/k/a Richmond Capital Group, LLC, | : **IN SUPPORT OF** |
| also d/b/a Viceroy Capital Funding and Ram | : **ORDER TO SHOW CAUSE** |
| Capital Funding, | : **AND TEMPORARY** |
| | : **RESTRAINING ORDER** |
| RAM CAPITAL FUNDING LLC, a limited | : |
| liability company, | : |
| | : |
| ROBERT L. GIARDINA, individually and as an | : |
| owner and officer of RCG ADVANCES, LLC, | : |
| | : |
| JONATHAN BRAUN, individually and as a *de* | : |
| *facto* owner and an officer or manager of RCG | : |
| ADVANCES, LLC, and | : |
| | : |
| TZVI REICH, a/k/a Steven Reich, individually | : |
| and as an owner and officer of RAM CAPITAL | : |
| FUNDING LLC, and as a manager of RCG | : |
| ADVANCES, LLC, | : |
| | : |
| Defendants. | : |

------------------------------------------------------------------


**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY**

Anthony Varbero
JOSEPH MURE JR. & ASSOC.
26 Court St, Ste 2601
Brooklyn, New York 11242
(718)852-9100
*Attorney for Defendants*

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………….……………..3

PRELIMINARY STATEMENT…………………………………...…….…………..5

STATEMENT OF FACTS……………………………………………….……………..6

LEGAL STANDARD…………………………………………………………..7

ARGUMENT……………………………………………………….…………..9

    I.     THIS ONGOING CIVIL PROCEEDING IS DIRECTLY RELATED TO DEFENDANTS' PARALLEL ONGOING CRIMINAL INVESTIGATION………10

    II.    ABSENT A STAY, DEFENDANTS WILL SUFFER PREJUDICE IN THIS CIVIL ACTION.……………………………………………………………….....11

    III.   ABSENT A STAY, DEFENDANTS WILL SUFFER PREJUDICE IN OTHER PENDING CIVIL ACTIONS. …………………………………………………12

    IV.   PREJUDICE THAT DEFENDANTS WOULD FACE ABSENT A STAY FAR OUTWEIGHS ANY PRIVATE INTERESTS OF PLAINTIFFS IN PROCEEDING EXPEDITIOUSLY. …………………………………………….………..14

    V.    A STAY WILL STREAMLINE LATER DISCOVERY AND THEREFORE, IS IN THE COURTS' INTEREST………………………………………………15

    VI.   A STAY WILL NOT DEFER PUBLIC INTEREST AS DIRECTLY RELATED CRIMINAL AND CIVIL ACTIONS SERVE TO ENFORCE THE SAME PUBLIC INTEREST………………………………………………………..…..16

CONCLUSION……………………………………………………………..17

**TABLE OF AUTHORITIES**

**Federal Cases**

*Brock v. Tolkow*,
     109 F.R.D. 116 (E.D.N.Y.1985) ……...……………………………….……11, 14, 16

*Clinton v. Jones*,
     520 U.S. 681 (1997) ……...……………………………………………………8

*Hempstead Housing Authority v. Moorer,*
     21 N.Y.S.3d 599 (Dist. Court, Nassau County, 1st Dist. 2015) ……………………11, 12

*Hicks v. City of N.Y.*,
     268 F.Supp.2d 238 (E.D.N.Y. 2003) ……...……..…………………………..………8

*Kashi v. Gratsos*,
     790 F.2d 1050 (2d. Cir. 1986)..…….. ……..………………………………………8

*Landis v. North American Co.*,
     299 U.S. 248 (1936)..……..…..…..………………………………………………8

*Lefkowitz v. Cunningham*,
     431 U.S. 801 (1977)……...…..…..……………………………....………9, 11

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
     676 F.2d 83 (2d. Cir. 2012) ……...……..…..…………………8, 9, 10, 11, 16

*Madanes v. Madanes*,
     186 F.R.D. 279 (S.D.N.Y. 1999) ……...…..…..…………………...…………10

*Sterling Nat. Bank v. A-1 Hotels Intern., Inc.*,
     175 F. Supp. 2d 573 (S.D.N.Y. 2001) ...……..…..……………...……………13

*United States v. 4003-4005 5th Ave.*,

55 F.3d 78 (2d Cir. 1995) ……...…….…….…….……………………...…………….…9, 11

*United States v. Ianniello,*
    824 F.2d 203 (2d Cir. 1987) ……...…….…….…….………………...…………….9, 11

*United States v. Kordel*,
    397 U.S. 1 (1970)……...…….…….…….…………………………………..………8

*Volmar Distributors, Inc. v. New York Post Co., Inc,*,
    152 F.R.D. 36 (S.D.N.Y. 1993) ……...…….…….………………...…………14, 15

**State Cases**

*Mook v. Homesafe Am., Inc.*,
    144 A.D.3d 1116 (N.Y. App. Div. 2016) ……...…….…….…………………………..15

**Constitutional Provisions**
U.S. CONST. amend. V. ……...…….…….……………………………………………………9

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in the support of Defendants, RCG Advances LLC and Ram Capital Funding LLC (collectively "RCG") and Robert Giardina ("Giardina") (collectively referred to herein as "Defendants"), request for a Motion to Stay pending a directly related criminal investigation. The Federal Trade Commission ("FTC") and ███████████ ████████████████████████████████████ have been conducting parallel investigations into the activities of the Defendants. The overlapping civil and ██████ ████████ are focused on the same business entities and individuals named in the Complaint as well as examine the same transactions.

This is precisely the case where the contemporaneous co-existence of government-initiated civil action and corresponding criminal investigation warrant a stay of the civil proceedings. Defendants now find themselves between the "rock" of the FTC's Complaint and the "hard place" of the ██████████████████████████ into the same underlying conduct.

The totality of these circumstances have now left the Defendants with the unenviable predicament of being compelled to choose between waiving their Fifth Amendment rights in order to defend against the FTC's Complaint or, in the alternative, asserting it and creating an avalanche of adverse inferences in the civil case initiated by the FTC and other governmental agencies including the New York State Attorney General ("NYAG").

Indeed, the NYAG, FTC and the ████████ are actively seeking to utilize civil discovery related to the instant matter ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

Accordingly, we respectfully submit this Memorandum of Law in support of Defendants'

Motion to Stay the instant action initiated by the FTC pending conclusion of the ████████

██████████████

**STATEMENT OF FACTS**

Giardina is a managing member of RCG. Although RCG is still in existence, they are not

operating any businesses relating to Merchant Cash Advances.  Merchant Cash Advance

agreements, such as those utilized in the instant matter represent an innovative form of financing

whereby a business can sell contingent future sales receipts to a third-party funding source at a

risk-discounted rate. The amount discounted reflects various risks inherent in the uncertainties

surrounding a merchants' subsequent ability to operate an ongoing business, generate and collect

future revenues.

RCG entered into contracts with sophisticated business entities (corporations, limited

liability companies, etc.), along with their respective owner guarantors whereby cash was

advanced to the merchant in exchange for payment of a contractually stipulated dollar amount as

its future receivables were generated and collected over time. The Terms and Conditions of each

"Merchant Agreement" for the "Purchase and Sale of Future Receivables" distinctly specifies, for

purposes of contractual clarity and avoidance of any agreement doubt regarding the nature of the

transaction in question, that the business is selling a percentage of its future receivables to the

Defendants - not receiving any loan from RCG.

Plaintiff, FTC, alleges in their complaint that Defendants engaged in violent criminal

behavior in their collection practices. FTC Complaint, 8 (June 10, 2020).  *See* Exhibit A.

Defendants allegedly made "threatening collection calls to consumers, frequently using obscene

or profane language, to induce them to continue making payments." Compl. 26. Defendants have

allegedly "threatened violence or other criminal means to harm the physical person, reputation, or property of the consumer." Compl. 26. Defendants have allegedly threatened and caused consumers to "fear for their physical safety." Compl. 26.

On the very same day the FTC filed its Complaint, the NYAG also commenced an action against the Defendants (the "NYAG Action") relating to certain business practice at issue in this case. *See People of the State of New York, by Letitia James, Attorney General of the State of New York v. Richmond Capital Group LLC et al*; Case No. 451368/2020. *See* Exhibit B.

On or about June 25, 2020, approximately two weeks after the coordinated filings of the NYAG and the FTC, ███████████████████████████████████████████ ██████████████████████████████████████ Varbero Aff. ¶ 5. ████████████████, ████████ in the NYAG's investigation, ████████████████████████ ████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ Varbero Aff. ¶ 5.

Moreover, ████████████ led counsel to believe ████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████

Subsequently, on July 22, 2020 and August 11, 2020, Defendants' attorneys ████████ ████████████████████████████████████ During this call, ████████████████ ████████████████████████████ that Defendants ████████████████████████

███████████████████████████████ identical business practices alleged to be unlawful in the FTC's Complaint and NYAG's Petition. Mure Aff. ¶ 5; Varbero Aff. ¶¶ 6 and 8. This teleconference further confirmed that evidence obtained during NYAG's investigation, including a computer tower that the Defendants produced to the NY District Attorney and the NY District Attorney's office, pursuant to Subpoena, had been provided by the NY to the ██████ ██████████ Aff. ¶ 8.

Ongoing dialogue with the ████████████ as recent as the last week continues to confirm that the Defendants remain subjects of an active, ongoing and apparently imminent criminal investigation into the substantive allegations of the FTC's Complaint.

## LEGAL STANDARD

The court has the power to grant a stay in a civil proceeding pending the completion of parallel criminal proceedings, when the interest of justice seems to require such action. *United States v. Kordel*, 397 U.S. 1, 12 (1970); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.2d 83, 96-7 (2d. Cir. 2012); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d. Cir. 1986). The person seeking a stay bears the burden of establishing the need to stay through showing an undue prejudice against the defendant or interference with his constitutional rights. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (burden establishing need to stay); *Hicks v. City of N.Y.*, 268 F.Supp.2d 238, 241 (E.D.N.Y. 2003) (defendant must show undue prejudice or interference with constitutional rights). While the

pendency of a criminal proceeding does not give rise to an absolute right to a stay of a related civil action, "**there is no question that the court may exercise its discretion to stay proceedings in a civil action until a related criminal action is resolved.**" *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (emphasis added).

For purposes of clarity and avoidance of doubt, an ongoing criminal investigation that has not yet culminated in charges being filed does not preclude a court from issuing a stay. In such circumstances Second Circuit Courts consider factors including:

(1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
(2) the status of the criminal case;
(3) the private interests of and burden on defendants;
(4) the private interest of the plaintiffs;
(5) the interest of the courts; and
(6) the public interests.

*Louis Vuitton*, 676 F.2d at 99.

The United States Constitution guarantees the privilege that no person shall be compelled in any criminal case to be a witness against themself. U.S. CONST. amend. V. This right extends to a party to a civil suit when the testimony might later subject the party to criminal prosecution however, an adverse inference may be drawn from the assertion of the privilege in civil actions brought by the government. *Lefkowitz v. Cunningham*, 431 U.S. 801, 805 (1977) (right to remain silent if subject to criminal prosecution); *United States v. Ianniello,* 824 F.2d 203, 208 (2d Cir. 1987) (adverse inference if action brought by government).

A stay can protect a civil defendant from choosing between being prejudiced in the civil litigation from asserting his Fifth Amendment privilege or being prejudiced in the criminal litigation if he waves the privilege in the civil litigation. *Louis Vuitton*, 676 F.2d at 97; *United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 83 (2d Cir. 1995).

## **ARGUMENT**

In the instant action, the enormous power of the federal and state government acting in coordinated fashion has confronted Defendants with Hobson's choice: They can actively defend

against the FTC's claims and risk having anything they say used against them in a ███████ ███████. Or, they can invoke their Fifth Amendment rights and risk prejudice in this case, or any other civil matter related to the ███████████████.

When the government is a party in a civil action, courts must explore the feasibility and fairness of making an accommodation for a parallel criminal proceeding. *Madanes v. Madanes*, 186 F.R.D. 279, 287 (S.D.N.Y. 1999). Among other accommodations, a court may issue a stay to the action. *Id*. In an attempt to protect and shield Defendants from self-incrimination, said accommodation must be made here, during the pendency of the criminal investigation and criminal proceedings.

### I. THIS ONGOING CIVIL PROCEEDING IS DIRECTLY RELATED TO DEFENDANTS' PARALLEL ONGOING CRIMINAL INVESTIGATION.

Criminal and civil proceedings are directly related when they involve the same subject matter and when a defendant faces the prospect that testimony offered in the civil action can be used against them in a criminal prosecution. *Louis Vuitton*, 676 F.2d at 101.

At this time, the Government has made it clear that an ███████ ███████████. The government's █████████████████████████████████. It is indisputable that this civil action is directly related to the Defendants' ████████████████. Even a cursory look at the Plaintiff's Complaint and the ███████████ ████████████████ would lead a reasonable person to realize the facts alleged are directly related. Both contain allegations of potential impermissible business activities; particularly harassment in collecting money owed to RCG. Therefore, proceeding with this civil action would put Defendants at risk for self-incrimination or alternatively, if Defendants invoke their Fifth Amendment right, they could be subject to an adverse inference. Thus, either way, absent a stay by this honorable Court, Defendants will suffer irreputable harm.

Therefore, this Court's intervention is necessary. Any possibility of self-incrimination must be thwarted. Such, we respectfully ask this court to grant a stay for discovery

II.     **ABSENT A STAY, DEFENDANTS WILL SUFFER PREJUDICE IN THIS CIVIL ACTION.**

A stay can protect a civil defendant from choosing between being prejudiced in the civil litigation from asserting his Fifth Amendment privilege or being prejudiced in the criminal litigation if he waves the privilege in the civil litigation. *Louis Vuitton*, 676 F.2d at 97; *United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 83 (2d Cir. 1995).

A party to a civil suit may take advantage of the right to remain silent privilege if the testimony might later subject the witness to criminal prosecution, however an adverse inference may be drawn from the assertion of the privilege in civil actions brought by the government. *Lefkowitz*, 431 U.S. at 805 (right to remain silent if subject to criminal prosecution); *Ianniello,* 824 F.2d at 208 (adverse inference if action brought by government).

Only a stay of the instant action until after the criminal investigation is complete would enable the Defendants "to defend the civil case vigorously without fear of subsequent prosecution." See *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985). (granting stay of civil proceedings where government could use civil testimony in parallel criminal prosecution, noting that "even if the defendant's dilemma does not violate the fifth amendment or due process, it certainly undercuts the protections of those provisions[.]"). A stay pending the completion of the parallel criminal investigation of the Defendants would alleviate the inevitable manifestation of such prejudice.

In *Hempstead Housing Authority,* the court granted a stay pending resolution of a related criminal prosecution. *Hempstead Housing Authority v. Moorer,* 21 N.Y.S.3d 599 (Dist. Court, Nassau County, 1st Dist. 2015). There, a plaintiff's civil proceeding against a defendant arose from

11

the defendant's alleged battery of a neighbor. *Id*. The court stayed the civil action until resolution of the related criminal prosecution against the defendant, due to the defendant's intent to assert her Fifth Amendment privilege. *Id*. In reaching this decision, the court found that the defendant would be unable to assert a competent defense to the civil proceeding without her own testimony, and while there might be prejudice to the plaintiff by delay, that prejudice was not as severe as defendant would suffer without a stay. *Id*.

As the Court in *Hempstead* granted a stay in the civil action until resolution of the related criminal prosecution against the Defendant, a stay in this civil proceeding would be equally appropriate. Defendants here, just as in *Hempstead*, are subjects of parallel criminal and civil proceedings who intend to assert their Fifth Amendment privilege. Therefore, as in *Hempstead*, the Defendants will suffer prejudice without a stay, as they will be unable to assert a competent defense in this action without their testimony.

Defendants have a constitutional right to remain silent since the statements and documents required by this instant civil proceeding may subject them to criminal liability. Moreover, since the action is being brought by the government, invoking their privilege may subject them to an adverse inference and violate their due process right. If Defendants forgo their privilege to assert a competent defense and avoid an adverse inference in this civil action, they may not later invoke their privilege in the criminal matter without risk of drawing an adverse inference from the information disclosed in this civil action. Thus, a stay is warranted, in the interest of justice, to preserve Defendant's rights against self-incrimination and to guarantee them the ability to assert a competent defense in this action.

## III. ABSENT A STAY, DEFENDANTS WILL SUFFER PREJUDICE IN OTHER PENDING CIVIL ACTIONS.

In addition to the adverse inferences resulting from the Defendants' invocation of their Fifth Amendment protections in the instant action, the Defendants would likewise be subject to adverse inferences in other pending civil actions including, without limitation, the NYAG Action. Forcing this choice on the Defendants is fundamentally unfair and there is no principled reason for this entirely avoidable prejudice to accrue to them.

Federal courts have historically acknowledged a unique problem results when, as here, the government controls both sides of the lever. In the instant matter, the FTC and ███████, in concert with various other governmental agencies ███████ and NYAG), "ha[ve] an opportunity to escalate the pressure on defendants by manipulating simultaneous civil and criminal proceedings, both of which it controls." See *Sterling Nat. Bank v. A-1 Hotels Intern., Inc*., 175 F. Supp. 2d 573, 578-79 (S.D.N.Y. 2001). "In such circumstances, there is a special danger that the government can effectively undermine rights that would exist in a criminal investigation by conducting a de facto criminal investigation using nominally civil means." *Id*. at 579. As a result, "the risk to individuals' constitutional rights is arguably magnified." *Id*.

The tremendous prejudice that the Defendants presently face is not accidental. To the contrary, it is the intended result of a coordinated effort between the Plaintiff (the FTC) and various other governmental entities (the ███████ and the NYAG). Such tactics have left Defendants with the unenviable "choice" between the perils of waiving the constitutional safeguards afforded to them by the Fifth Amendment or, in the alternative, asserting the Fifth Amendment at the expense of triggering a cascade of adverse inferences in the civil cases initiated by these government agencies.

Notably, this inter-governmental coordination against the Defendants is continuous and ongoing. By way of example, this instant action and the NYAG's civil action were commenced at approximately the same time. Moreover, the identical investigator that assisted the NYAG in its investigation prior to filing this action is now openly assisting the ████████████████ ████████ Indeed, approximately one week after the FTC and NYAG commenced their respective civil actions, ████████████████████████████████████████████████████ ████████████████████████████████████████████████. ████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████ Varbero Aff. ¶ 6;

## IV. PREJUDICE THAT DEFENDANTS WOULD FACE ABSENT A STAY FAR OUTWEIGHS ANY PRIVATE INTERESTS OF PLAINTIFFS IN PROCEEDING EXPEDITIOUSLY.

A stay that will result in inconvenience and delay to Plaintiffs does not outweigh the prejudice that Defendants could face in asserting their Fifth Amendment privilege or being prejudiced in the criminal litigation. *Volmar Distributors, Inc. v. New York Post Co., Inc,*, 152 F.R.D. 36, 40 (S.D.N.Y. 1993) *citing Vardi Trading Co. v. Overseas Diamond Corp.*, 1987 WL 17662 at *2 (S.D.N.Y. Sept. 23, 1987); *Brock*, 109 F.R.D. at 121.

Consequences of staying the discovery of a civil action pending a parallel criminal action, including loss of evidence due to incarceration, death, or witness intimidation, are not sufficient burdens to the private interests of Plaintiffs. *Volmar Distributors, Inc*, 152 F.R.D. at 40. In overlapping issues in criminal and civil proceedings, the criminal justice system will safeguard evidence and any resulting incarcerations could only serve to ensure the availability of the parties.

*Id.* While "stale memories" pose a risk, it is insufficient to overcome the real probability of substantial prejudice to defendants. *Id.*

A stay in this matter will only result in inconvenience and delay to Plaintiffs, which would not outweigh the prejudice that Defendants would face in jeopardizing their criminal investigation and/or asserting their Fifth Amendment privilege absent a stay on. Due to the overlapping issues in this parallel civil proceeding and ███████████████████████, the criminal justice system will safeguard evidence and any resulting incarcerations would ensure the parties' availability.

Prejudice that Defendants would face in asserting their Fifth Amendment privilege and prejudice in their criminal investigation far outweighs any private interests of the plaintiffs in proceeding expeditiously.

V. **A STAY WILL STREAMLINE LATER DISCOVERY AND THEREFORE, IS IN THE COURTS' INTEREST.**

A stay in a civil proceeding benefits the interest of the courts when a parallel criminal proceeding will benefit the civil proceeding in avoiding duplication of effort and unnecessary litigation costs. *Volmar*, 152 F.R.D. at 41-2 *citing Twenty First Century Corp. v. LaBianca*, 801 F.Supp. 1007, 1011 (E.D.N.Y. 1992). The availability of transcripts and other evidence from a criminal proceeding will be available to civil parties and therefore, streamline later discovery. *Id.*

Moreover, a prior and final determination in the criminal proceeding could have collateral estoppel effect in this action, thereby simplifying the issues, avoiding a waste of the Court's, as well as the parties' resources. *Mook v. Homesafe Am., Inc.*, 144 A.D.3d 1116, 1117 (N.Y. App. Div. 2016).

In the absence of a stay, this Court may be required to waste judicial resources. The Court will be required to supervise discovery in this matter, address any discovery disputes and

potentially rule upon dispositive motions prior to a determination of the criminal action. All of this

runs a distinct risk of inconsistent Court rulings in this action, the NYAG civil action, and the

█████████████████████. Worse yet, this could result in a complete waste of judicial

resources if it is ultimately determined by this Court that Plaintiffs cannot depose certain parties

or obtain documents from certain non-parties.

Defendant's motion for a stay should be granted to avoid the risk of inconsistent

adjudications, including duplication of proof, and the potential waste of judicial resources.

## VI. A STAY WILL NOT DEFER PUBLIC INTEREST AS DIRECTLY RELATED CRIMINAL AND CIVIL ACTIONS SERVE TO ENFORCE THE SAME PUBLIC INTEREST.

A stay may be denied in order to avoid the continued dissemination of false or misleading

information by companies to members of the public. *Louis Vuitton*, 676 F.2d at 103 *citing SEC v.*

*Dresser Indus.*, 202 U.S.App.D.C. 345, 353-54 (1980). However, while a stay in the civil action

might cause inconvenience and delay, it does not mean that enforcement of the public interest at

stake will be indefinitely deferred, as a criminal action serves to enforce the same interests in

directly related criminal and civil actions. *Louis Vuitton*, 676 F.2d at 101*; Brock*, 109 F.R.D. at

121.

In *Brock*, despite no tangible evidence of public harm in an anti-trust case, a stay on

discovery was still granted as the public has an interest in preserving competitive markets and the

pending criminal investigation served to advance the same interests. *Brock*, 109 F.R.D. at 120-21.

Although a stay may be denied avoiding continued dissemination of false or misleading

information to the public, both this action, the directly related NYAG action and the directly related

████████ ████████████████ serve the same public interest: to protect potential Merchant

Cash Advance borrowers from potential harm from RCG. Therefore, delaying this action would

not delay protecting the public as the criminal investigation would bring the public the same protections.

Additionally, no public interest would be furthered by delaying civil proceedings as all of RCG's business practices relating to Merchant Cash Agreements have ceased operation. Thus, RCG is no longer a danger to the public as alleged.

## CONCLUSION

Defendants respectfully request this Court grant this Motion to Stay this instant action initiated by the FTC pending conclusion of the ███████████████████████████████.

/s/ Anthony Varbero
Anthony Varbero
JOSEPH MURE JR. & ASSOC.
26 Court St, Ste 2601
Brooklyn, New York 11242
(718)852-9100