UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>            Plaintiff,<br><br>v.<br><br>RCG ADVANCES, LLC, a limited liability company, f/k/a Richmond Capital Group, LLC, also d/b/a Viceroy Capital Funding and Ram Capital Funding,<br><br>RAM CAPITAL FUNDING LLC, a limited liability company,<br><br>ROBERT L. GIARDINA, individually and as an owner and officer of RCG ADVANCES, LLC,<br><br>JONATHAN BRAUN, individually and as a *de facto* owner and an officer or manager of RCG ADVANCES, LLC, and<br><br>TZVI REICH, a/k/a Steven Reich, individually and as an owner and officer of RAM CAPITAL FUNDING LLC, and as a manager of RCG ADVANCES, LLC,<br>            Defendants. | **CASE NO. 20-CV-4432**<br><br>**ATTORNEY AFFIRMATION IN SUPPORT OF ORDER TO SHOW CAUSE** |

Anthony Varbero, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following to be true, under the penalties of law:

1. I am counsel with the firm, Joseph Mure Jr., and Associates, attorneys for Defendants RCG Advances, LLC, Ram Capital Finding LLC, and Robert Giardina ("Defendants") on civil matters. As such, I am fully familiar with the facts and circumstances herein. I submit this Affirmation in support of Defendants' application staying the instant matter

1

and an Order staying the action until the Court hears and determines the instant application.

2. FTC filed its Complaint June 10, 2020. A copy of the FTC Complaint is annexed hereto as **Exhibit A**.

3. On the very same day the FTC filed its Complaint, the New York Attorney General ("NYAG") filed its Petition, the NYAG also commenced an this action against the Defendants relating to certain business practice at issue in this case. *See People of the State of New York, by Letitia James, Attorney General of the State of New York v. Richmond Capital Group LLC et al*; Case No. 451368/2020. A copy of the NYAG Action is annexed hereto as **Exhibit B.**

4. Approximately two years ago, the NYAG commenced an investigation into the business practices of the Defendants in the instant action. The NYAG describes its own investigation as "extensive" including, without limitation, the issuance of voluminous subpoenas, the review of tens of thousands of documents, interviews with substantial amounts of witnesses as well as conducting numerous depositions. The NYAG's comprehensive investigation culminated in the commencement of this special proceeding which seeks summary adjudication of, *inter alia*, violations of the New York State Penal Code for criminal usury, aggravated harassment and harassment. A copy of the NYAG's Petition is annexed hereto as **Exhibit B**.

5. On or about June 25, 2020, approximately two weeks after the coordinated filings of the NYAG and the FTC, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ in the FTC Complaint of June 10, 2020 and NYAG's Petition of June 10, 2020. Furthermore, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ NYAG's investigatory file.

6. Moreover, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

7. Subsequently, on July 22, 2020, Defendants' ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ During this call, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that Defendants ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ the identical business practices alleged to be unlawful in the FTC's Complaint and NYAG's Petition. This teleconference further confirmed that evidence obtained during NYAG's investigation, including a computer tower that the Defendants produced to the NYAG pursuant to Subpoena, had been provided by the NYAG to the ▇▇▇▇▇▇▇

8. Ongoing dialogue with the ▇▇▇▇▇▇▇ as recent as the last week continues to confirm that the Defendants remain subjects of an active, ongoing and apparently imminent criminal investigation into the substantive allegations of the FTC's Complaint.

9. There has been no prior request for the relief requested herein to this or any other court.

Dated: August 11, 2020.

/s/ Anthony C. Varbero
_____
Anthony Varbero