```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
FEDERAL TRADE COMMISSION,

                        Plaintiff,

        -against-                                          20-cv-4432 (LAK)

RGC ADVANCES, LLC, et al.,

                        Defendants.
------------------------------------------x
```

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        This action charges defendants with continuing violations of Section 5 of the Federal Trade Commission Act (the "Act") in connection with defendants small business financing activities. It alleges unfair and deceptive practices in the sale of products and services and in collection activities. It seeks a permanent injunction and various forms of consumer redress.

        Defendants Ram Capital Funding LLC and Tzvi Reich (the "Reich Defendants") move, pursuant to Fed. R. Civ. P. 12(b)(6). to dismiss the complaint. The motion is supported by an affidavit of Mr. Reich, which takes direct issue with key factual allegations of the complaint, which was filed only a short time ago.

        A motion pursuant to Rule 12(b)(6) is intended to test the legal sufficiency of the complaint, assuming the truth of its factual allegations and all inferences that reasonably may be drawn from them. Rule 12(d) goes on to provide that:

> "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the most must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

        The Court excludes the affidavit of Mr. Reich, as it would make little sense to convert this motion at this early stage in the litigation into one for summary judgment. Once that affidavit is stripped away, the only conceivable question of legal sufficiency would be whether the facts alleged, if proven, would entitle the FTC to relief under Section 5 of the Federal Trade Commission Act (the "Act"), which bars unfair and deceptive acts and practices in commerce.

        Unfortunately, the Reich Defendants have briefed their motion essentially on the premise that this is an action for fraud governed by New York common law, which it is not. They have failed to address the different legal standards that apply under Section 5 of the Act. Their other arguments lack merit. Accordingly, the motion to dismiss is denied.

        SO ORDERED.

Dated:  August 13, 2020

                                                                                 Lewis A. Kaplan
                                                                      United States District Judge