K9N6FEDC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  FEDERAL TRADE COMMISSION,

4                  Plaintiff,

5            v.                        20CV4432(LAK)

6  RCG ADVANCES, LLC, ET AL.,

7                  Defendants.

8  ------------------------------x
                                    New York, N.Y.
9                                   September 23, 2020
                                    10:30 a.m.
10
   Before:
11
                     HON. LEWIS A. KAPLAN,
12
                                    District Judge
13
                     APPEARANCES
14
   U.S. FEDERAL TRADE COMMISSION
15      Attorneys for Plaintiff
   BY:  MARGUERITE MOELLER
16      MICHAEL WHITE
        IOANA RUSU GORECKI
17
   JOSEPH MURE, JR., ESQ. & ASSOCIATES
18      Attorneys for Defendant RCG Advances, LLC
   BY:  ANTHONY VARBERO
19      DAVID C. CASAGRANDE

20  TERENZI & CONFUSIONE, P.C.
        Attorneys for Defendant Ram Capital Funding, LLC
21  BY:  RONALD M. TERENZI

22  HARVEY & HACKETT
        Attorneys for Defendant Ram Capital Funding, LLC
23  BY:  THOMAS A. HARVEY

24  AIDALA BERTUNA & KAMINS
        Attorneys for Defendant Braun
25  BY:  ARTHUR AIDALA
        BARRY KAMINS

K9N6FEDC

1          (Case called; telephone conference)

2          THE COURT:  Good morning, everyone.

3          Can you hear me?

4          MS. MOELLER:  Yes, your Honor.

5          Unless I call on somebody by name when you speak, you

6     will have to give your name so the court reporter can take this

7     down.

8          I have the motion by the Federal Trade Commission to

9     compel discovery from RCG Advances and Robert Giardina, who I

10    gather are represented by Mr. Casagrande; is that right?

11         MR. CASAGRANDE:  Yes, your Honor, that's correct.

12         THE COURT:  I've read the papers.

13         First, Mr. Casagrande, you start on very thin ice.

14    Where do you want to go from here?

15         MR. VARBERO:  Your Honor, this is Anthony Varbero.  I

16    am co-counsel and I am actually the author letter.  Starting on

17    thin ice is never a good place to be.  We're not looking to go

18    through that quagmire; but the position was that when we had

19    our call for the proposed scheduling order, we had taken a

20    position to put in the proposed scheduling order that discovery

21    wouldn't start or reset or work with the plaintiff until after

22    you ruled on the motion, which the Court did on the 8th and I

23    believe it was entered on the 9th.  Then from there it fell

24    apart.  We reached out to them.  We spoke to them.  We wanted

25    to call the Court to avoid motion practice and get a discovery

K9N6FEDC

1    schedule in line.  Obviously they had their views.  And you

2    read my papers and I disagree with their interpretation of our

3    staunch position because we just need some clarification from

4    the Court on how to proceed.

5           THE COURT:  That's very easy.  You produce the

6    discovery and you do it pretty much now.  There is no stay and

7    there is unlikely to be one.

8           Are there any questions?

9           MR. VARBERO:  Yes, your Honor.  In regard to the time

10   period, they began serving us even when we agreed that it would

11   be after the stay.  We only asked that the clock start to run

12   as of September 9th before we had the opportunity to proceed or

13   participate in discovery by October 9th.  They were making

14   demands that stuff is already due.  We asked for an extension.

15   They absolutely said no.  We respectfully ask for the Court to

16   reset the time or if the FTC establish the date as of the entry

17   of the order.  That is the only request, your Honor.

18          THE COURT:  The interrogatories and the document

19   responses are to be responded to by October 1st, the request

20   for admissions are to be responded to by October 12th, and the

21   initial disclosures are to be made by October 1st.

22          Now, Mr. Varbero, I frankly found the position you

23   took strikingly lacking in merit and I am inclined to impose

24   the reasonable costs of making this motion on you; but I am

25   giving you an opportunity to be heard on that before I do that.

K9N6FEDC

|     |                                                                      |
|-----|----------------------------------------------------------------------|
| 1   | MR. VARBERO:  Your Honor, respectfully I request that               |
| 2   | no sanctions are imposed and if I could have an opportunity to      |
| 3   | brief it because I am not in my office because we moved the         |
| 4   | schedule.  Again, this was not any intent to delay discovery.       |
| 5   | It was not being negligent in the firm and following the            |
| 6   | procedures and having some guidance from the Court.  We reached     |
| 7   | out to the plaintiff.  We explained our position.  Sometimes        |
| 8   | thing are not clearcut.  And in reviewing local rules,              |
| 9   | reviewing your Honor's rules and having a split in the              |
| 10  | districts and different court cases, we just did not have a         |
| 11  | clear understanding.                                                |
| 12  | THE COURT:  What is it that you did not clearly                     |
| 13  | understand?                                                          |
| 14  | MR. VARBERO:  One, the date on when to start producing              |
| 15  | it to begin with because we had a conversation and we put it in     |
| 16  | writing that it should not start until your order was entered.      |
| 17  | They were demanding we were already late.  Then the other           |
| 18  | issues arose that there is no scheduling order signed by the        |
| 19  | Court.  And your Honor's court if there is a scheduling order        |
| 20  | in place while there is a motion to dismiss, the entire case is     |
| 21  | not held --                                                         |
| 22  | THE COURT:  That's not true.  That's not true.                      |
| 23  | Mr. Varbero, I am talking for a minute.                             |
| 24  | That is simply not true.  What my rules say is that if              |
| 25  | I have sent out a notice of a scheduling conference and a           |

K9N6FEDC

motion to dismiss is pending, the conference is put off until
the motion is resolved unless otherwise ordered.  That is what
it says.

          MR. VARBERO:  Yes, your Honor.  I am not disagreeing
with that.  I am just saying I saw things and my office saw
things that are not a clear point.  Then when we had our last
conversation with the plaintiff, we asked to get an extension
on the discovery, to have a call with the Court in good faith.
We have met in good faith.  They were not done on a meritless
basis.  We have found case law in the Southern District.  It is
cited in my papers.  We communicated with them.  We didn't go
dark on them.

          Respectfully, your Honor, I think sanctions are not
warranted at this point at this level because we wanted to have
a call with the Court.  We wanted to get a short extension to
figure out when the time period starts.

          THE COURT:  Mr. Varbero, there was never any doubt at
all about when the time period started.  You had to respond
within X days of the date they served their requests.  It is
right in the federal rules.

          MR. VARBERO:  Your Honor, in the scheduling order they
agreed that we could hold off until your order is entered.

          THE COURT:  What scheduling orders?

          MR. VARBERO:  The proposed joint scheduling order.  We
filed Document 26 to the Court that says we respectfully take

K9N6FEDC

1    the position that until the motion to stay is heard --

2           THE COURT:  Let me make something very clear to you,

3    Mr. Varbero, just so that we don't have any misunderstandings

4    in the future.  The fact that you proposed something is utterly

5    meaningless unless the other side agrees and I approve.

6           Now, are you telling me that the government agreed

7    with your proposal?

8           MR. VARBERO:  My understanding was they did at the

9    time and that is why we included it in the proposed order, your

10   Honor.

11          THE COURT:  And there is some signed document by the

12   government that indicates agreement?

13          MR. VARBERO:  We wrote it into the proposed scheduling

14   order and we executed and signed it, each signed it for the

15   Court's signature, your Honor.  Document 26, 2.

16          THE COURT:  Did they sign it?

17          MR. VARBERO:  Let me just check.

18          Yes, they signed it, your Honor, on August 7th.

19          THE COURT:  You just hold on a minute.

20          (Pause)

21          MS. GORECKI:  Your Honor, I don't mean to interrupt

22   you, but we completely oppose defendant's position here.

23          THE COURT:  Can you hear me?

24          You are referring to Document 26 on the docket?

25          MR. VARBERO:  27, your Honor.  It is Document 27.

K9N6FEDC

1  It's page 4 of 8 B.

2              THE COURT:  What part of this were you referring to?

3              MR. VARBERO:  Page 4 of 8 B.  Where it says, RCG

4  defendants statements on issues of relevant discovery.

5  Defendants respectfully refrain from any discovery, and then it

6  goes on talking about the motion to stay and the Fourth and

7  Fifth amendment rights, and the last page that was signed by

8  all parties on the conference at the time is Mr. Harvey,

9  myself, and the counsel for the FTC, which is page 8 of 8.

10             THE COURT:  I just don't understand what language

11 we're speaking here.  Because what paragraph B on page 4 of 8

12 purports to be is not an agreement as I understand it.  It's

13 your statement of what you wanted; isn't it?

14             MR. VARBERO:  It's a statement of the conversation we

15 had prior to this that was memorialized that in my

16 understanding -- my office's understanding was it was an

17 agreement and that is why we included it and that is why we

18 signed it and submitted it to the Court.  There was a decent

19 conversation on the initial prehearing conference call on the

20 joint discovery call.  It wasn't glazed over.  We spent some

21 time on it.  I think there was an edit that went around and a

22 revision and then we submitted it to the Court, your Honor.

23             THE COURT:  Let me hear from the FTC on that.

24             Is anyone on from the FTC?

25             MS. GORECKI:  Your Honor, can you hear me?

K9N6FEDC

1          THE COURT:  Barely.

2          MS. GORECKI:  Apologies.  I will try to speak louder.

3          The FTC completely opposes defendant's position here.

4    Section B in the joint discovery report was indeed defendant's

5    position on participating in discovery.  In fact, what

6    happened, your Honor, is during our 26(f) conference, the

7    parties agreed on pretty much all of the dates that are listed

8    in that table on page 5 of the joint report.  We negotiated

9    about initial disclosures and we talked about when fact

10   discovery would end and negotiated on that.  The FTC sent this

11   draft around and in the 11th hour before filing the draft, I

12   received a call from Mr. Varbero letting me know that they

13   would actually not participate in discovery and would not agree

14   to the dates that we set out there because they intended to

15   file this motion to stay.

16         So we never agreed to not participate in discovery.

17   As you can see on page 5 in our table, we agreed to when fact

18   discovery would end; but we never agreed to when fact discovery

19   would begin and we certainly did not agree to change the

20   federal rules based on defendant's stay motion.

21         THE COURT:  Look, Mr. Varbero, if you want to brief

22   the sanctions issue, you go right ahead.  You have one week to

23   do it in.  I don't read this piece of paper the way you read

24   it.  It's quite clear to me and it is as counsel for the

25   government indicated.  I will hear you out before I rule on

K9N6FEDC

1     sanctions.

2           Now, somebody once said that the very greatest asset

3     that any lawyer can possibly have is his integrity and

4     credibility, and I think you ought to pay attention to that

5     proposition because I am beginning to wonder.

6           MR. VARBERO:  Understood, your Honor.

7           THE COURT:  I am going to issue an order on the

8     compelling discovery.  I will hold the sanctions matter in

9     abeyance until I hear from you or until a week from now

10    whichever comes first and we'll proceed.

11          Mr. Aidala, I gather your client has not been a part

12    of this little fandango; is that right?

13          MR. AIDALA:  That's correct, your Honor.

14          THE COURT:  Mr. Terenzi, what about you?

15          MR. TERENZI:  We complied, your Honor.

16          THE COURT:  Okay.  No more shenanigans, Mr. Varbero.

17          MR. VARBERO:  I understand, your Honor.

18          THE COURT:  Thank you, all.

19                              o0o

20

21

22

23

24

25