UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                       Plaintiff,<br>     v.<br>RCG ADVANCES, LLC, a limited liability company, f/k/a Richmond Capital Group, LLC, also d/b/a Viceroy Capital Funding and Ram Capital Funding,<br><br>RAM CAPITAL FUNDING LLC, a limited liability company,<br><br>ROBERT L. GIARDINA, individually and as an owner and officer of RCG ADVANCES, LLC,<br><br>JONATHAN BRAUN, individually and as a *de facto* owner and an officer or manager of RCG ADVANCES, LLC, and<br><br>TZVI REICH, a/k/a Steven Reich, individually and as an owner and officer of RAM CAPITAL FUNDING LLC, and as a manager of RCG ADVANCES, LLC,<br><br>                       Defendants. | **Case No. 20-CV-4432** |

**DEFENDANT JONATHAN BRAUN'S ANSWER WITH
AFFIRMATIVE DEFENSES TO FEDERAL TRADE COMMISSION'S AMENDED
<u>COMPLAINT</u>**

Defendant Jonathan Braun ("Braun" or "Defendant Braun"), by his attorneys Baratta, Baratta & Aidala LLP, answering the Amended Complaint filed by the Federal Trade Commission (the "FTC" or the "Plaintiff"), states as follows:

1. Defendant Braun denies on information and belief that he has any information sufficient to form a belief that he has engaged in or participated in any actions that entitle Plaintiff to the relief stated in Paragraph 1 of the Complaint, and that the statute cited in

1

Paragraph 1 of the Complaint is subject to the determination of the Court and related decisional authority.

## JURISDICTION AND VENUE

2.  Defendant Braun denies having any knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of the Complaint. All of said allegations are subject to the Court's determination of the statutes cited and related decisional authority.

3.  That the burden of proof to establish that venue is proper with respect to the allegation in Paragraph 3 of the Complaint is incumbent on Plaintiff and not on Defendant Braun. All of said allegations are subject to the Court's determination of the statutes cited and related decisional authority.

## PLAINTIFF

4.  The allegations contained in Paragraph 4 of the Complaint are required to be proved by Plaintiff, and Defendant Braun does not have sufficient information or knowledge to form a belief with respect to the allegations herein. All of said allegations are subject to the Court's determination of the statutes cited and related decisional authority.

## DEFENDANTS

5.  Defendant Braun denies having sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 5 of the Complaint.

6.  That Defendant Braun, on information and belief, denies that he has sufficient knowledge to form a belief as to Paragraph 6 of the Complaint.

7.  Defendant Braun denies having sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 7 of the Complaint, except that Defendant Braun admits Giardina lives in this district.

8.  Defendant Braun denies the allegations in Paragraph 8 of the Complaint except

that he resides in the District.

9. Defendant Braun denies that he has knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 of the Complaint, except that Defendant Braun admits Reich lives in this district.

## COMMON ENTERPRISE

10. Defendant Braun denies the allegations contained in Paragraph 10 of the Complaint.

## COMMERCE

11. Defendant Braun proffers that the allegations contained in Paragraph 11 of the Complaint citing a statute are subject to the Court's interpretation and related decisional authority.

## DEFENDANT BUSINESS ACTIVITIES

12. Defendant Braun denies the allegations contained in Paragraph 12 of the Complaint, and did not work in concert with all of the other named Defendants to violate any of the statutes cited in the Complaint.

13. That Defendant Braun denies the allegations contained in Paragraph 13 of the Complaint, and refers to the terms of the Merchant Credit Agreements ("MCA") stated in the Complaint.

14. Defendant Braun denies the allegations contained in Paragraph 14 of the Complaint, and refers to the terms of the MCA.

15. Defendant Braun denies the allegations contained in Paragraph 15 of the Complaint, and refers to the terms of the MCA.

**Defendant's Misrepresentations Regarding Their Financing Products**

16. Defendant Braun denies, on information and belief, having sufficient knowledge as to the allegations contained in Paragraph 16 of the Complaint.

17. Defendant Braun denies Paragraph 17 of the Complaint, and refers to the terms and conditions of the MCA.

18. Defendant Braun submits that the allegations contained in Paragraph 18 of the Complaint are subject to determination by the Court as per the applicable statutes as made and provided, and statutory decisions with respect to the MCA.

19. Defendant Braun denies, on information and belief, having sufficient knowledge as to the allegations contained in Paragraph 19 of the Complaint and refers to the MCA with respect to the terms and conditions of those agreements, and the applicable law governing the agreements.

20. Defendant Braun denies having sufficient knowledge or information to form a belief as to the allegations in Paragraph 20 of the Complaint, and refers to the MCA with respect to the terms and conditions of those agreements, and the determination by the Court as to the statutes cited in the Complaint and the related decisional authority.

21. Defendant Braun denies the allegations stated in Paragraph 21 of the Complaint.

22. Defendant Braun denies the allegations stated in Paragraph 22 of the Complaint.

23. Defendant Braun denies the allegations stated in Paragraph 23 of the Complaint.

**Defendants' Collection Practices**

24. Defendant Braun, on information and belief, denies the allegations in Paragraph 24 and refers the Court to the terms and conditions of the MCA, and the information of the statutes cited in the Complaint and the related decisional authority.

25. Defendant Braun denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant Braun denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant Braun denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant Braun denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant Braun denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant Braun denies the allegations contained in Paragraph 30 of the Complaint.

## Defendant's Unauthorized Withdrawals

31. Defendant Braun denies the allegations contained in Paragraph 31 of the Complaint.

## Ongoing Nature of Defendants' Unlawful Practices

32. Defendant Braun denies the allegations contained in Paragraph 32 of the Complaint.

## VIOLATIONS OF THE FTC ACT

33. Defendant Braun submits that the section of the FTC Act cited in the Complaint is subject to the Court's determination of the statute and the related decisional authority.

34. Defendant Braun submits that the section of the FTC Act cited in the Complaint is subject to the Court's determination of the statute and the related decisional authority.

35. Defendant Braun submits that the section of the FTC Act cited in the Complaint is subject to the Court's determination of the statute and the related decisional authority.

## COUNT I
### (Misrepresentations Regarding Financing Products)

36. Defendant Braun denies the allegations stated in Paragraph 36 of the Complaint.

37. Defendant Braun denies the allegations stated in Paragraph 37 of the Complaint.

38. Defendant Braun denies the allegations stated in Paragraph 38 of the Complaint.

## COUNT II
### (Unfair Use of Confessions of Judgment)

39. Defendant Braun denies the allegations stated in Paragraph 39 of the Complaint.

40. Defendant Braun denies the allegations stated in Paragraph 40 of the Complaint.

41. Defendant Braun denies the allegations stated in Paragraph 41 of the Complaint.

## COUNT III
### (Unfair Collection Threats)

42. Defendant Braun denies the allegations stated in Paragraph 42 of the Complaint.

43. Defendant Braun denies the allegations stated in Paragraph 43 of the Complaint.

44. Defendant Braun denies the allegations stated in Paragraph 44 of the Complaint.

## COUNT IV
### (Unauthorized Withdrawals)

45. Defendant Braun denies the allegations stated in Paragraph 45 of the Complaint.

46. Defendant Braun denies the allegations stated in Paragraph 46 of the Complaint.

47. Defendant Braun denies the allegations stated in Paragraph 47 of the Complaint.

### VIOLATIONS OF THE GRAMM-LEACH-BLILEY ACT

48. That the allegations contained in paragraph 48 of the Amended Complaint consist of conclusions of law to which no response is required. To the extent a response is

required, Defendant Braun denies the allegations contained in paragraph 48 of the Amended Complaint, and respectfully refers the Court to the GLB Act for a complete and accurate statement of its terms.

49. That the allegations contained in paragraph 49 of the Amended Complaint consist of conclusions of law to which no response is required. To the extent a response is required, Defendant Braun denies the allegations contained in paragraph 49 of the Amended Complaint, and respectfully refers the Court to the GLB Act for a complete and accurate statement of its terms.

50. That the allegations contained in paragraph 50 of the Amended Complaint consist of conclusions of law to which no response is required. To the extent a response is required, the Defendant Braun denies the allegations contained in paragraph 50 of the Amended Complaint, and respectfully refers the Court to the GLB Act for a complete and accurate statement of its terms.

51. That the allegations contained in paragraph 51 of the Amended Complaint consist of conclusions of law to which no response is required. To the extent a response is required, the Defendant Braun denies the allegations contained in paragraph 51 of the Amended Complaint, and respectfully refers the Court to the FTC Act for a complete and accurate statement of its terms.

52. That the allegations contained in paragraph 52 of the Amended Complaint consist of conclusions of law to which no response is required. To the extent a response is required, the Defendant Braun denies the allegations contained in paragraph 52 of the Amended Complaint, and respectfully refers the Court to the GLB Act for a complete and accurate statement of its terms.

## COUNT V

### (Use of False Statements to Obtain Customer Financial Information)

53. Defendant Braun denies the allegations stated in Paragraph 53 of the Complaint.

54. Defendant Braun denies the allegations stated in Paragraph 54 of the Complaint.

### CONSUMER INJURY

55. Defendant Braun denies the allegations stated in Paragraph 55 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any cause of action upon which relief can be granted with respect to Counts I, II, III and IV stated in the Amended Complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has delayed the commencement of this action to the prejudice of Defendant Braun and as such, Plaintiff's claims are barred by the doctrine of latches.

### THIRD AFFIRMATIVE DEFENSE

Defendant Braun relied upon the procedures established by the other Defendants in the case.

### FOURTH AFFIRMATIVE DEFENSE

Defendant Braun affirmatively alleges that he should not be held liable for the actions of the other Defendants in the case.

### FIFTH AFFIRMATIVE DEFENSE

Defendant Braun did not and has not engaged in or caused any advertising of the company's financing products and, therefore, is not responsible for any of the alleged wrongdoing of the entities or individuals with respect to the claims made by the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff against Defendant Braun should not be granted, as Defendant Braun was not in control of or did he act in concert with any of the Defendants listed in the Amended Complaint with respect to the allegations of alleged wrongdoing contained in the Amended Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant Braun maintains that he did not violate any of the Federal statutes cited in the Amended Complaint, and that he did not commit any wrongdoing and is not liable for any such wrongdoing alleged by Plaintiff, so that Plaintiff is not entitled to the relief demanded against him.

### EIGHTH AFFIRMATIVE DEFENSE

As a result of Defendant Braun's current status and position, he is unable to perform any actions that would cause or tend to cause any of the actions alleged in the Amended Complaint that would result in wrongful actions that would entitle Plaintiff to the relief requested in the Amended Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff claims to represent individuals and commercial entities that agreed to the MCA and received financial monetary benefit. All said individuals and entities would be unjustly enriched if any monetary damages were awarded against Defendant Braun.

### TENTH AFFIRMATIVE DEFENSE

The Complaint seeks equitable relief and an injunction against Defendant Braun alleging that he acted in concert with the other Defendants based upon specific actions that Defendant Braun denies and, therefore, no such relief should be granted against him.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant Braun has not engaged in any business practices that entitle Plaintiff to the injunction and damages that Plaintiff has requested in its Amended Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant Braun has acted in good faith in all aspects of his marketing and advertising practices, prohibiting Plaintiff from obtaining any injunctive relief.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant Braun has fully complied with all federal and state statutes, rules, regulations, or other laws in effect at the time of the alleged conduct and, therefore, is not liable for any wrongdoing alleged in the Amended Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any alleged injuries suffered by consumers was not caused by any action or omission of, nor are attributable to, Defendant Braun.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any monetary relief awarded to Plaintiff should be offset by the benefit received by consumers, refunds paid to consumers, and costs associated therewith.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant Braun did not have the ability to modify or alter other Defendants' marketing, collecting, or funding practices, and is not liable for any other Defendants' actions.

### DEMAND FOR JURY TRIAL

Defendant Braun hereby demands a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.

**WHEREFORE**, Defendant Braun respectfully submits that Plaintiff's request for the following relief be denied in all respects:

(a) a permanent injunction preventing future violations of the FTC Act;

(b) an award of damages including rescission, reformation of contracts, restitution, the refund of monies paid and disgorgement of ill gotten gains;

(c) the costs of the within action, and other relief as may be determined by the Court; and

(d) that the Court dismiss this action and award Defendant Braun the costs of this action, and any other relief as to this Court may seem just and proper.

Dated: New York, New York
        June 24, 2021

                                          Respectfully Submitted,

                                          **BARATTA, BARATTA & AIDALA LLP**
                                          Counsel for Defendants JONATHAN BRAUN

                                          By:   \s\ Arthur L. Aidala
                                                        Arthur L. Aidala (AA1967)
                                                        546 Fifth Avenue
                                                        New York, NY 10036
                                                        (212) 750-9700

                                          By:   \s\ Joseph P. Baratta
                                                         Joseph P. Baratta (JB1938)
                                                         546 Fifth Avenue
                                                         New York, NY 10036
                                                       (212) 750-9700

To:
      Marguerite L. Moeller, Esq.
      Michael D. White, Esq.
      Federal Trade Commission

Anthony Varbero, Esq.
Attorney for Defendants
RICHMOND CAPITAL GROUP LLC,
ROBERT L. GIARDINA, and MICHELLE GREGG

Jeremy Iandolo, Esq.
Attorney for Defendants
RICHMOND CAPITAL GROUP LLC,
ROBERT L. GIARDINA, and MICHELLE GREGG

Terenzi & Confusione, P.C.
Co-Counsel for Defendants
RAM CAPITAL FUNDING LLC and TZVI REICH A/K/A STEVE REICH

Law Offices of Thomas A. Harvey PLLC
Co-Counsel for Defendants
RAM CAPITAL FUNDING LLC and TZVI REICH A/K/A STEVE REICH