UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FEDERAL TRADE COMMISSION,

                Plaintiff,

        -against-                                                    20-cv-4432 (LAK)

RCG ADVANCES, LLC, et al.,

                Defendant(s).
------------------------------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        The Federal Trade Commission ("FTC") here sues Jonathan Braun and a group of other defendants (the "Reich Defendants") for alleged violations of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with their business financing activities. The Court previously denied a motion by the Reich Defendants to dismiss the complaint for legal insufficiency, *FTC v. RGC Advances, LLC*, 20 WL 9718871 (S.D.N.Y. Aug. 13, 2020), a motion that bordered on, if it did not overstep into, being entirely frivolous. All of the defendants then filed answers which assert a large number of purported "affirmative defenses," almost all in substantially conclusory terms and many of which, most of the defendants concede, are "probably redundant," essentially general denials, and probably unlikely to prevail. The FTC has risen to the bait, now moving to strike all or most of those defenses.

        It often is said that motions to strike affirmative defenses are disfavored. Having reviewed the purported affirmative defenses, it is reasonably clear that allowing them to stand would result in little or no discovery that would not otherwise take place. The questions (1) whether the purported affirmative defenses are legally sufficient and, to whatever extent they may be, (2) whether the defendants have sufficient evidence on any of them to go to a jury would be readily determinable on a motion for summary judgment or a Rule 50 motion, assuming *arguendo* that defendants are entitled to a jury.

        Rule 1 of the Rules of Civil Procedure dictates that courts construe the rules so as to achieve the just, speedy and inexpensive determination of every action. The devotion of additional time and energy, either by the parties or the Court, to litigating the legal sufficiency of these affirmative defenses at this stage would be inconsistent with the achievement of those objectives.

        Accordingly, the motion to strike affirmative defenses [Dkt. 91] is denied without prejudice to raising the same questions on a motion for summary judgment or a Rule 50 or 52 motion at the close of the proof.

        SO ORDERED.

Dated:      August 18, 2021

                                                                   Lewis A. Kaplan
                                                          United States District Judge