UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>RCG ADVANCES, LLC, *et al.*,<br><br>    Defendants. | Case No. 20-CV-4432-LAK<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS RAM CAPITAL FUNDING LLC AND TZVI REICH** |

Plaintiff, the Federal Trade Commission ("FTC"), filed its First Amended Complaint for Civil Penalties, Permanent Injunction, Monetary Relief, and Other Relief ( "Complaint"), to obtain monetary civil penalties, permanent injunctive relief, rescission or reformation of contracts, the refund of monies paid, and other equitable relief, pursuant to Sections 5(a), 5(m)(1)(A), 13(b), 16(a), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(A), 45(m)(1)(A), 53(b), 56(a), and 57(b), and Section 522(a) of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6822(a).   The FTC and Defendants Ram Capital Funding LLC and Tzvi Reich, a/k/a Steven Reich stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

## FINDINGS

By stipulation of the parties, the Court finds that:

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the advertising, marketing, and

Page 1 of 17

offering of small business financing.   The Complaint further charges that Defendants obtained customer information of a financial institution relating to another person by making false, fictitious, or fraudulent statements, in violation of Section 521 of the GLB Act, 15 U.S.C. § 6821.

3.   Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.   For purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

4.   Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.   Settling Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

6.   Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.   "**Clear(ly) and Conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary Consumers, including in all of the following ways:

1.   In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.   In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and

audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.  A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.  An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary Consumers to easily hear and understand it.

4.  In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.  The disclosure must use diction and syntax understandable to ordinary Consumers and must appear in each language in which the representation that requires the disclosure appears.

6.  The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.  The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.  When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary Consumers" includes reasonable members of that group.

B. **"Consumer"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

C. "**Corporate Settling Defendant**" means Ram Capital Funding LLC and its successors and assigns.

D. **"Covered Products or Services"** means any product or service represented, expressly or by implication, to provide or assist in providing, directly or indirectly, funds in exchange for future receivables, revenues, or proceeds.

E. "**Debt**" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

F. **"Debt Collection Activities"** means any activities of a Debt Collector to collect or attempt to collect, directly or indirectly, a Debt owed or due, or asserted to be owed or due.

G. **"Debt Collector"** means any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any Debts, or who regularly collects or attempts to collect, directly or indirectly, Debts owed or due or asserted to be owed or due another.   The term also includes any creditor who, in the process of collecting its own Debts, uses any name other than its own which would indicate that a third person is collecting or attempting to collect such Debts.   The term also includes any person to the extent such person collects or attempts to collect any Debt that was in default at the time it was obtained by such person.

H. "**Express, Informed Consent**" means an affirmative act communicating unambiguous assent to be charged, made after receiving and in close proximity to a Clear and Conspicuous

Disclosure of all material information related to the charge, including (a) the product, service, fee, or interest associated with the charge; (b) the specific amount of the charge; and (c) whether the charge is recurring and the frequency of recurrence.

I.   "**Individual Settling Defendant**" means Tzvi Reich, a/k/a Steven Reich.

J.   **"Person"** mean a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

K.   "**Settling Defendants**" means the Individual Settling Defendant and the Corporate Settling Defendant, individually, collectively, or in any combination.

## ORDER

## BAN

I.   **IT IS THEREFORE ORDERED** that Settling Defendants, whether acting directly or indirectly, are permanently restrained and enjoined from:

A.   Advertising, marketing, promoting, offering, providing, arranging for, assisting any Consumer in receiving or applying for, or collecting or attempting to collect payment or other consideration in connection with, any Covered Product or Service;

B.   Assisting others engaged in advertising, marketing, promoting, offering, providing, arranging for, assisting any Consumer in receiving or applying for, or collecting or attempting to collect payment or other consideration in connection with, any Covered Product or Service; or

C.   Participating in any Debt Collection Activities.

## PROHIBITION AGAINST MISREPRESENTATIONS

**II.** **IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, distributing, servicing, offering, or selling any product or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A. Any requirements for obtaining a product or service;

B. The existence, amount, or timing of any fees or charges, or the total cost;

C. Any benefit of any product or service, including any amount of money a Consumer might receive or obtain;

D. What circumstances would constitute a breach of contract;

E. That Settling Defendants can participate in any activities banned by Section I of this Order or otherwise prohibited by this Order;

F. That a Consumer has a legal obligation to pay any Person; or

G. Any other material fact, including any material restrictions, limitations, or conditions; or any material aspect of performance, efficacy, nature, or central characteristics.

## PROHIBITION AGAINST UNAUTHORIZED CHARGES

**III.** **IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from causing debits or withdrawals to be made from any

Consumer's bank or other financial account, or from billing any Consumer for any charge, without the Consumer's Express, Informed Consent.

**PROVISIONS RELATING TO JUDGMENTS, LIENS, AND CREDIT REPORTING**

IV. **IT IS FURTHER ORDERED** that Settling Defendants, within thirty (30) days of the date of entry of this Order, shall:

A. In every case in which a Settling Defendant is or was a plaintiff and in which a customer of any Defendant is or was a defendant, file (i) for pending cases, a motion to dismiss the Settling Defendant's claims with prejudice, or (ii) for concluded cases in which a judgment against a customer of any Defendant was entered, a satisfaction of judgment;

B. File a termination statement relating to any UCC lien and take all necessary steps to withdraw, extinguish, or remove any other lien where any Settling Defendant is a creditor and any customer of any Defendant is a debtor; and

C. For any negative or derogatory information or Debt owed or purported to be owed by any customer that Settling Defendants reported or caused to be reported to a credit reporting agency prior to entry of this Order, Settling Defendants shall request that each such credit reporting agency delete such negative or derogatory information or Debt from the customer's credit reporting file.

**INJUNCTION RELATED TO CUSTOMER FINANCIAL INFORMATION**

V. **IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

A. Obtaining or attempting to obtain customer information of a financial institution (including but not limited to bank account routing number, account number, and log-in credentials) from a Consumer by making false, fictitious, or fraudulent statements or representations to any Consumer or financial institution; or

B. Violating the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809, §§ 6821-6827.

## MONETARY JUDGMENT

VI.  **IT IS FURTHER ORDERED** that:

A. Judgment in the amount of Six Hundred and Seventy-Five Thousand Dollars ($675,000.00) is entered in favor of the FTC against Settling Defendants, jointly and severally, pursuant to Section 19 of the FTC Act, 15 U.S.C. § 57b, for Settling Defendants violations of Section 521 of the GLB Act;

B. Settling Defendants are ordered to pay to the Commission Six Hundred and Seventy-Five Thousand Dollars ($675,000.00), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission.   Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## ADDITIONAL MONETARY PROVISIONS

VII.  **IT IS FURTHER ORDERED** that:

A. Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC, including in a proceeding to enforce

its rights to any payment or monetary judgment pursuant to Section VI.A of this Order, such as a nondischargeability complaint in any bankruptcy case.

C.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.  Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling Defendants previously submitted to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.  All money paid to the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for consumer redress and any attendant expenses for the administration of any redress fund.   If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other relief authorized by Section 19 of the FTC Act (including consumer information remedies) as it determines to be reasonably related to Settling Defendants' practices alleged in the Complaint.   Settling Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

## CUSTOMER INFORMATION

**VIII**.  **IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order are permanently restrained and enjoined

from directly or indirectly:

A.  Failing to provide sufficient customer information to enable the FTC to efficiently administer Consumer redress.   If a representative of the FTC requests in writing any information related to redress, Settling Defendants must provide it, in the form prescribed by the FTC, within 14 days;

B.  Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Settling Defendant obtained prior to entry of this Order in connection with the offering of small business funding products; and

C.  Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the FTC.

D.  Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## COOPERATION

IX.   **IT IS FURTHER ORDERED** that Settling Defendants must fully cooperate with representatives of the FTC in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.   Settling Defendants must provide truthful and complete information, evidence, and testimony.   The Individual Settling Defendant must appear and the Corporate Settling Defendant must cause Corporate

Settling Defendant's officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a FTC representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a FTC representative may designate, without the service of a subpoena.

## ORDER ACKNOWLEDGMENTS

**X**.    **IT IS FURTHER ORDERED** that Settling Defendants obtain acknowledgments of receipt of this Order:

A. Each Settling Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 10 years after entry of this Order, each Individual Settling Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Settling Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct specified in Sections I, II, and III, and all agents and representatives who participate in conduct specified in Sections I, II, and III; (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.   Delivery must occur within 7 days of entry of this Order for current personnel.   For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

**COMPLIANCE REPORTING**

**XI.**   **IT IS FURTHER ORDERED** that Settling Defendants make timely submissions to the FTC:

A.  One year after entry of this Order, each Settling Defendant must submit a compliance

report, sworn under penalty of perjury:

1.  Each Settling Defendant must:   (a) identify the primary physical, postal, and email

address and telephone number, as designated points of contact, which representatives

of the FTC may use to communicate with the Settling Defendant; (b) identify all of

that Settling Defendant's businesses by all of their names, telephone numbers, and

physical, postal, email, and Internet addresses; (c) describe the activities of each

business, including the goods and services offered, the means of advertising,

marketing, and sales, and the involvement of any other Defendant (which Individual

Settling Defendant must describe if they know or should know due to their own

involvement); (d) describe in detail whether and how that Settling Defendant is in

compliance with each Section of this Order, including providing an itemized list of

judgments, liens, and/or negative or derogatory information or Debt reported to credit

reporting agencies subject to Section IV and the disposition of each; and (e) provide a

copy of each Order Acknowledgment obtained pursuant to this Order, unless

previously submitted to the FTC.

2.  Additionally, Individual Settling Defendant must:   (a) identify all telephone numbers

and all physical, postal, email and Internet addresses, including all residences; (b)

identify all business activities, including any business for which such Settling

Defendant performs services whether as an employee or otherwise and any entity in

which such Defendant has any ownership interest; and (c) describe in detail such Settling Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Settling Defendant must report any change in:   (a) any designated point of contact; or (b) the structure of any Corporate Settling Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:   creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Individual Settling Defendant must report any change in:   (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Settling Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Settling Defendant within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:   "I

declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed on:   _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:   Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC   20580.   The subject line must begin:   FTC v. RCG Advances, LLC, Matter No. X200045.

## RECORDKEEPING

XII.   **IT IS FURTHER ORDERED** that Settling Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.   Specifically, the Corporate Settling Defendant and the Individual Settling Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.  accounting records showing the revenues from all goods or services sold;

B.  personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:   name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  records of all Consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.  all records necessary to demonstrate full compliance with each provision of this Order,

including all submissions to the FTC; and

E.  a copy of each unique advertisement or other marketing material.

## COMPLIANCE MONITORING

**XIII**.   **IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendants'

compliance with this Order, and any failure to transfer any assets as required by this Order:

A.  Within 14 days of receipt of a written request from a representative of the FTC each

Settling Defendant must:   submit additional compliance reports or other requested

information, which must be sworn under penalty of perjury; appear for depositions; and

produce documents for inspection and copying.   The FTC is also authorized to obtain

discovery, without further leave of court, using any of the procedures prescribed by

Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36,

45, and 69.

B.  For matters concerning this Order, the FTC is authorized to communicate directly with

each Settling Defendant.   Settling Defendant must permit representatives of the FTC to

interview any employee or other person affiliated with any Settling Defendant who has

agreed to such an interview.   The person interviewed may have counsel present.

C.  The FTC may use all other lawful means, including posing, through its representatives, as

Consumers, suppliers, or other individuals or entities, to Settling Defendants or any

individual or entity affiliated with Settling Defendants, without the necessity of

identification or prior notice.   Nothing in this Order limits the FTC's lawful use of

compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-

1.

D.  Upon written request from a representative of the FTC, any consumer reporting agency

must furnish consumer reports concerning the Individual Settling Defendant, pursuant to

Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

**RETENTION OF JURISDICTION**

XIV.   **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes

of construction, modification, and enforcement of this Order.

**SO ORDERED this _____ day of _____, 2022.**

_____
Lewis A. Kaplan
United States District Judge

**SO STIPULATED AND AGREED**

JAMES REILLY DOLAN
Acting General Counsel

_____
MARGUERITE L. MOELLER
GREGORY A. ASHE
Federal Trade Commission
600 Pennsylvania Ave. NW
Mail Stop CC-10232
Washington, DC 20580
Tel: (202) 326-2905 (Moeller)
Tel: (202) 326-3719 (Ashe)
Facsimile: (202) 326-2752
Email: mmoeller@ftc.gov,
           gashe@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

_____
RAM CAPITAL FUNDING LLC, Defendant
By: Tzvi Reich

_____
TZVI REICH, Defendant

_____
RONALD M. TERENZI
Terenzi & Confusione, P.C.
402 Franklin Avenue, Suite 300
Garden City, NY 11530
Telephone: 516-812-0800
Email: rterenzi@tcpclaw.com

THOMAS A. HARVEY
Law Office of Thomas A. Harvey PLLC
9 Pheasant Road West
Pound Ridge, NY 10170
Telephone: 212-972-8935
Email: tomharveylaw@gmail.com

Attorneys for Defendants RAM Capital
Funding LLC and Tzvi Reich

Page 17 of 17

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 4, 2022, a true and correct copy of

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY**

**JUDGMENT AS TO DEFENDANTS RAM CAPITAL FUNDING LLC AND TZVI**

**REICH** was filed electronically with the United States District Court for the Southern District of

New York using the CM/ECF system, which sent notification to all parties of interest

participating in the CM/ECF system.

*/s/Gregory A. Ashe*_____
Attorney for Plaintiff
Federal Trade Commission