# FTC SUMMARY JUDGMENT EXHIBIT 8

**Declaration of FTC Counsel Marguerite Moeller in Support of Its Motion for Summary Judgment**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | **Case No. 20-CV-4432-LAK** |
| Plaintiff, | |
| | **DECLARATION OF FTC COUNSEL MARGUERITE MOELLER IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| RCG ADVANCES, LLC, et al., | |
| Defendants. | |

I, Marguerite L. Moeller, hereby declare as follows:

1.      I am over twenty-one years of age and a citizen of the United States.   I am one of the attorneys representing the Federal Trade Commission ("FTC") in this action and am admitted to appear in this matter *pro hac vice*.   My work address is 225 Peachtree Street NE, Suite 1500, Atlanta, Georgia.   Unless stated otherwise, I have personal knowledge of the facts stated herein and, if called as a witness, would competently testify thereto.

2.      On or about November 4, 2020, the FTC served its First Set of Requests for Admissions to Defendant Jonathan Braun.   Attached hereto as **Attachment A** is a true and correct copy of the proof of service of the requests on Defendant Braun's counsel.   On or about May 11, 2021, I sent Defendant Braun's counsel an email reminding that Mr. Braun's responses to the requests were overdue and gave counsel until June 1, 2021 to respond.   Attached hereto as **Attachment B** is a true and correct copy of the email I sent to Defendant Braun's counsel. Defendant Braun did not respond within 30 days after being served.   Nor has he entered into any stipulation or obtained a court order allowing for a longer time to respond.   Accordingly, the requests are deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3).   Attached

1

hereto as **Attachment C** is a true and correct copy of the FTC's First Set of Requests for Admissions to Defendant Jonathan Braun.

   3.  On or about June 25, 2021, the FTC served its Second Set of Requests for Admissions to Defendant Jonathan Braun.   Attached hereto as **Attachment D** is a true and correct copy of the proof of service of the requests on Defendant Braun's counsel.   Defendant Braun did not respond within 30 days after being served.   Nor has he entered into any stipulation or obtained a court order allowing for a longer time to respond.   Accordingly, the requests are deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3).   Attached hereto as **Attachment E** is a true and correct copy of the FTC's Second Set of Requests for Admissions to Defendant Jonathan Braun.

I declare under penalty of perjury that the foregoing is true and correct.   Executed in Atlanta, Georgia on April 8, 2022.

         */s/ Marguerite L. Moeller*
         Marguerite L. Moeller
         Attorney for Plaintiff
         FEDERAL TRADE COMMISSION

# ATTACHMENT A

## Moeller, Marguerite

| | |
|---|---|
| **From:** | Gorecki, Ioana |
| **Sent:** | Wednesday, November 4, 2020 1:12 PM |
| **To:** | 'JPB'; 'mdibenedetto@aidalalaw.com'; 'Arthur L. Aidala, Esq. ' |
| **Cc:** | 'Anthony Varbero'; 'Jeremy M. Iandolo, Esq.'; 'David Casagrande'; 'Thomas Harvey'; Rterenzi |
| **Subject:** | FTC v. RCG Advances LLC et al.: FTC First RFAs to Jonathan Braun |
| **Attachments:** | FTC's First RFAs to Jonathan Braun.pdf |

Counsel,

Please find attached the FTC's First Requests for Admissions directed at Defendant Jonathan Braun.

Regards,

**Ioana R. Gorecki**
Attorney, Division of Financial Practices
(Gender pronouns: she/her)
Federal Trade Commission
600 Pennsylvania Ave., NW, Mail Stop CC-10232
Washington, DC 20580

igorecki@ftc.gov | p. 202.326.2077 | f. 202.326.3768

# ATTACHMENT B

| | |
|---|---|
| **From:** | Moeller, Marguerite |
| **To:** | Michael DiBenedetto |
| **Cc:** | Joseph P Baratta; Ashe, Gregory; Arthur L. Aidala, Esq. |
| **Subject:** | RE: FTC v. RCG Advances LLC et al.: 26(f) report and discovery responses |
| **Date:** | Tuesday, May 11, 2021 5:29:00 PM |

Hi Michael and Joseph,

It has been some time now since we last discussed discovery, and at this point we need to move forward. You previously provided a hard drive of documents in response to the FTC's First Request for Production of Documents; please produce any outstanding responsive documents or provide a formal response confirming that Mr. Braun has fully responded to the RFPs. Mr. Braun also has not responded to the FTC's First Requests for Admissions to Mr. Braun. Please respond by June 1, 2021.

Thanks,
Marguerite

-----Original Appointment-----
**From:** Moeller, Marguerite
**Sent:** Wednesday, April 28, 2021 9:17 AM
**To:** Michael DiBenedetto
**Cc:** Joseph P Baratta; Ashe, Gregory; Arthur L. Aidala, Esq.
**Subject:** FTC v. RCG Advances LLC et al.: 26(f) report and discovery responses
**When:** Wednesday, April 28, 2021 3:00 PM-3:30 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** 1-800-576-8451; Meeting number: 2905; Access code: 8519

Hi Michael,

We are available at 3pm. We can use this conference line:

1-800-576-8451
Meeting number: 2905
Access code: 8519

Thanks,
Marguerite

_____
**From:** Michael DiBenedetto <mdibenedetto@aidalalaw.com>
**Sent:** Tuesday, April 27, 2021 1:32 PM
**To:** Moeller, Marguerite <mmoeller@ftc.gov>
**Cc:** Joseph P Baratta <jpbaratta@barattalaw.com>; Ashe, Gregory <GASHE@ftc.gov>; Arthur L. Aidala, Esq. <aidalaesq@aidalalaw.com>
**Subject:** RE: FTC v. RCG Advances LLC et al.: 26(f) report and discovery responses

Marguerite,

Good afternoon. Are you available tomorrow for a call with Joseph and I any time after 2pm?

Thank you

# ATTACHMENT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>     Plaintiff,<br><br>     v.<br><br>RCG ADVANCES, LLC et al.<br><br>     Defendants. | **Case No. 20-CV-4432-LAK**<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT JONATHAN BRAUN** |

Pursuant to Federal Rules of Civil Procedure 26 and 36, Plaintiff Federal Trade Commission ("FTC") submits to Defendant Jonathan Braun the following Requests for Admissions.  Mr. Braun is directed to respond to these Requests for admissions, in writing and under oath, in accordance with the definitions and instructions set forth below, via electronic communication to FTC counsel Ioana Gorecki at igorecki@ftc.gov, within 30 days of service of these Requests, unless the parties agree to an alternative time and place for production.

## INSTRUCTIONS

All instructions set forth in the Federal Rules of Civil Procedure, including Rules 26 and 36, as well as the Local Rules, including Local Civil Rule 26.3, are incorporated herein by reference.

A.      Each Request for Admission shall be answered separately and fully in writing under oath.  The answers are to be signed by the person making them.

B.      The applicable time period for these Requests shall be from **January 1, 2015** to the completion of this action, unless otherwise specified.  To the extent that circumstances have

changed during this time period, answer the Requests for Admissions with respect to each set of circumstances and identify the date on which the circumstances have changed.

C.       These Requests are continuing in nature through the completion of this action. Your responses to these Requests must be supplemented as you obtain additional information affecting any of your responses.

D.       Pursuant to Federal Rule of Civil Procedure 36, if a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that you qualify and answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

E.       If you cannot answer all or part of any Request for Admission in full after exercising due diligence to secure the full information to do so, state this and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

F.       If you object to any part of a Request for Admission, answer all parts of such Request for Admission to which you do not object.

G.       All objections must be raised in the initial response or are otherwise waived.  If You object to any Request or any part of a Request, state the Request or part to which You object, state the exact nature of the objection, and describe in detail the facts upon which You base Your objection.  If You object to any part of a Request, answer all parts of the Request to which You do not object.

PX08 - 10

H.      If any privilege is claimed as a ground for not responding to a Request for
Admission, describing the basis for the claim of privilege and all information necessary for
Plaintiff and the Court to assess the claim of privilege, in accordance with Federal Rule of Civil
Procedure 26(b)(5).  The privilege log shall include the following: (i) specific grounds for the
claim of privilege; (ii) the date of the privileged communication; (iii) the persons involved in the
privileged communication; (iv) a description of the subject matter of the privileged
communication in sufficient detail to assess the claim of privilege; and (v) the Request for
Admission to which the privileged information is responsive.

## DEFINITIONS & RULES OF CONSTRUCTION

All definitions and rules of construction set forth in the Federal Rules of Civil Procedure,
including Rules 26 and 36, as well as in the Local Rules, including Local Civil Rule 26.3, are
incorporated herein.  The following terms shall have the meanings set forth as follows:

A.   "**Collections Activities**" means any activities to collect or attempt to collect, directly
or indirectly, any payment from a Consumer.  The term specifically includes, but is not limited
to, any communications with Consumers regarding payments and the filing of confessions of
judgment against consumers.

B.    "**Consumer**" means any natural person, business entity, or other organization that
has obtained Financing from RCG or Ram, or to whom RCG or Ram advertise, offer, or promote
Financing products.

C.   "**Financing**" means any product or service represented, expressly or by implication,
to provide or assist in providing, directly or indirectly, funds in exchange for future receivables,
revenues, proceeds, or other payments or amounts.

Page 3 of 11

PX08 - 11

D.    "**Ram**" means Defendant Ram Capital Funding LLC.

E.    "**RCG**" means Defendant RCG Advances LLC, f/k/a Richmond Capital Group LLC, also d/b/a Viceroy Capital Funding and Ram Capital Funding, its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, members, employees, agents, consultants, independent contractors, and other persons working for or on behalf of the foregoing.  The term includes any descriptor used by RCG in its business practices.

F.    "**You**" and "**Your**" means Jonathan Braun.

G.    The following rules of construction apply to all discovery requests:

(1) **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(2) **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) **Number**. The singular form of any word includes the plural and vice versa.

(4) The use of the present tense of any word includes the past and future tenses.

## REQUESTS FOR ADMISSIONS

1.    Admit that You created content for the website www.richmondcapitalgroup.com.

2.    Admit that You directed Defendant Robert Giardina to deposit funds into the bank accounts of one or more Consumers.

3.    Admit that You directed Defendant Tzvi Reich to deposit funds into the bank accounts of one or more Consumers.

PX08 - 12

4.   Admit that for one or more Consumers, You directed Defendant Robert Giardina to deposit into Consumers' bank accounts an amount less than the amount listed as the "Total Purchase Price" on the first page of the "Merchant Agreement."

5.   Admit that for one or more Consumers, You directed Defendant Tzvi Reich to deposit into Consumers' bank accounts an amount less than the amount listed as the "Total Purchase Price" on the first page of the "Merchant Agreement."

6.   Admit that RCG's policy was to deposit into Consumers' bank accounts an amount less than the amount listed as the "Total Purchase Price" on the first page of the "Merchant Agreement."

7.   Admit that Ram's policy was to deposit into Consumers' bank accounts an amount less than the amount listed as the "Total Purchase Price" on the first page of the "Merchant Agreement."

8.   Admit that for one or more Consumers, You directed Defendant Robert Giardina to deduct fees from the "Total Purchase Price" amount listed on the first page of Your "Merchant Agreement" before depositing the funds into Consumers' bank accounts.

9.   Admit that for one or more Consumers, You directed Defendant Tzvi Reich to deduct fees from the "Total Purchase Price" amount listed on the first page of Your "Merchant Agreement" before depositing the funds into Consumers' bank accounts.

10. Admit that RCG's policy was to deduct fees from the "Total Purchase Price" amount listed on the first page of the "Merchant Agreement" before depositing the funds into Consumers' bank accounts.

Page 5 of 11

11. Admit that Ram's policy was to deduct fees from the "Total Purchase Price" amount listed on the first page of the "Merchant Agreement" before depositing the funds into Consumers' bank accounts.

12. Admit that You had the authority to change the fees Consumers were required to pay in order to obtain Financing.

13. Admit that in one or more instances, You changed the fees Consumers were required to pay from the fees listed in "Appendix A: The Fee Structure," attached to the "Merchant Agreement."

14. Admit that one or more Consumers complained that they received fewer funds than they expected to receive.

15. Admit that You had the authority to declare Consumers in default of their Merchant Agreements.

16. Admit that You did declare one or more Consumers in default of their Merchant Agreements.

17. Admit that You had the authority to direct the filing of confessions of judgment against Consumers.

18. Admit that You did direct the filing of confessions of judgment against one or more Consumers.

19. Admit that You directed the filing of confessions of judgment against one or more Consumers who were current on their daily payments.

20. Admit that RCG directed the filing of confessions of judgment against one or more Consumers who were current on their daily payments.

PX08 - 14

21. Admit that You directed the filing of confessions of judgment against one or more Consumers because their bank accounts had insufficient funds from which to withdraw the daily payments.

22. Admit that RCG directed the filing of confessions of judgment against one or more Consumers because their bank accounts had insufficient funds from which to withdraw the daily payments.

23. Admit that You directed the filing of confessions of judgment against one or more Consumers after their daily payments were rejected three time due to insufficient funds in their accounts.

24. Admit that it was RCG's policy to file confessions of judgment against one or more Consumers when their daily payments were rejected three times due to insufficient funds in their accounts.

25. Admit that You directed the filing of confessions of judgment against one or more Consumers after being informed that those Consumers could not continue making payments due to a business slowdown.

26. Admit that RCG directed the filing of confessions of judgment against one or more Consumers after being informed that those Consumers could not continue making payments due to a business slowdown.

27. Admit that You directed the filing of confessions of judgment against one or more Consumers after being informed that those Consumers could not continue making payments because their business went bankrupt or otherwise ceased operations in the ordinary course of business.

28. Admit that RCG directed the filing of confessions of judgment against one or more Consumers after being informed that those Consumers could not continue making payments because their business went bankrupt or otherwise ceased operations in the ordinary course of business.

29. Admit that You directed the filing of confessions of judgment against one or more Consumers after being informed that they were experiencing technical difficulties with their bank accounts that prevented the withdrawal of daily payments.

30. Admit that RCG directed the filing of confessions of judgment against one or more Consumers after being informed that they were experiencing technical difficulties with their bank accounts that prevented the withdrawal of daily payments.

31. Admit that You directed the filing of confessions of judgment against one or more Consumers after receiving assurances that they were working to resolve the technical difficulties with their bank accounts that prevented the withdrawal of daily payments.

32. Admit that RCG directed the filing of confessions of judgment against one or more Consumers after receiving assurances that they were working to resolve the technical difficulties with their bank accounts that prevented the withdrawal of daily payments.

33. Admit that You used obscene or profane language in telephone calls to one or more Consumers who were struggling to make their daily payments.

34. Admit that Defendant Robert Giardina used obscene or profane language in telephone calls to one or more Consumers who were struggling to make their daily payments.

35. Admit that Defendant Tzvi ("Steve") Reich used obscene or profane language in telephone calls to one or more Consumers who were struggling to make their daily payments.

PX08 - 16

36. Admit that You threatened one or more Consumers with physical violence if they stopped making their daily payments.

37. Admit that Defendant Robert Giardina threatened one or more Consumers with physical violence if they stopped making their daily payments.

38. Admit that Defendant Tzvi ("Steve") Reich threatened one or more Consumers with physical violence if they stopped making their daily payments.

39. Admit that You threatened to ruin the reputation of one or more Consumers if they stopped making their daily payments.

40. Admit that Defendant Robert Giardina threatened to ruin the reputation of one or more Consumers if they stopped making their daily payments.

41. Admit that Defendant Tzvi ("Steve") Reich threatened to ruin the reputation of one or more Consumers if they stopped making their daily payments.

42. Admit that You threatened to ruin the personal property of one or more Consumers if they stopped making their daily payments.

43. Admit that Defendant Robert Giardina threatened to ruin the personal property of one or more Consumers if they stopped making their daily payments.

44. Admit that Defendant Tzvi ("Steve") Reich threatened to ruin the personal property of one or more Consumers if they stopped making their daily payments.

45. Admit that one or more Consumers complained about receiving threatening telephone calls regarding their daily payments.

46. Admit that You directed RCG's payment processor to debit two separate daily payments from Consumers' bank accounts on days following bank holidays.

PX08 - 17

47. Admit that You directed Ram's payment processor to debit two separate daily payments from Consumers' bank accounts on the days following bank holidays.

48. Admit that You are or were a de facto owner of RCG.

49. Admit that You are or were a manager of RCG.

50. Admit that You are or were an officer of RCG.

51. Admit that You have or had authority to control RCG.

52. Admit that You have or had authority to make decisions on behalf of RCG.

53. Admit that You have or had authority to establish policies for RCG.

54. Admit that You are or were a de facto owner of Ram.

55. Admit that You are or were a manager of Ram.

56. Admit that You are or were an officer of Ram.

57. Admit that You have or had authority to control Ram.

58. Admit that You have or had authority to make decisions on behalf of Ram.

59. Admit that You have or had authority to establish policies for Ram.


Dated: November 4, 2020                    /s/ *Ioana Gorecki*
                                           Ioana Gorecki
                                           Tel: (202) 326-2077
                                           Email: igorecki@ftc.gov
                                           Marguerite Moeller
                                           Michael White

                                           Attorneys for Plaintiff
                                           FEDERAL TRADE COMMISSION

PX08 - 18

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by email on the 4th day of November, 2020.

/s/ *Ioana Gorecki*

Ioana R. Gorecki
Federal Trade Commission
Division of Financial Practices
600 Pennsylvania Avenue, NW
Mail Stop CC-10232
Washington, DC 20580
Phone: (202) 326-2077
Fax: (202) 326-2752
Email: igorecki@ftc.gov

*Attorney for Plaintiff*
*Federal Trade Commission*

PX08 - 19

# ATTACHMENT D

| | |
|---|---|
| **From:** | Moeller, Marguerite |
| **To:** | Joseph P Baratta; Arthur L. Aidala, Esq.; Michael DiBenedetto |
| **Cc:** | Anthony Varbero; jiandolo@jiandololaw.com; David Casagrande; Rterenzi; Thomas Harvey; Ashe, Gregory |
| **Subject:** | FTC v. RCG Advances LLC et al. |
| **Date:** | Friday, June 25, 2021 8:43:00 AM |
| **Attachments:** | FTC 2nd RFAs to Braun.pdf |

Counsel,

Please find attached the FTC's second set of requests for admissions to Jonathan Braun.

Thanks,
Marguerite

**Marguerite Moeller**
Attorney, Division of Financial Practices
Bureau of Consumer Protection | Federal Trade Commission
600 Pennsylvania Ave. NW, Washington, DC 20580 | Mail Drop CC-10232
Office: (202) 326-2905 | Cell: (202) 660-8519 | mmoeller@ftc.gov
Pronouns: she/her/hers

# ATTACHMENT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>RCG ADVANCES, LLC et al.<br><br>    Defendants. | **Case No. 20-CV-4432-LAK**<br><br>**FTC'S SECOND SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT JONATHAN BRAUN** |

Pursuant to Federal Rules of Civil Procedure 26 and 36, Plaintiff Federal Trade Commission ("FTC") submits to Defendant Jonathan Braun the following Requests for Admissions.  Mr. Braun is directed to respond to these Requests for admissions, in writing and under oath, in accordance with the definitions and instructions set forth below, via electronic communication to FTC counsel Marguerite Moeller at mmoeller@ftc.gov, within 30 days of service of these Requests, unless the parties agree to an alternative time and place for production.

### INSTRUCTIONS

All instructions set forth in the Federal Rules of Civil Procedure, including Rules 26 and 36, as well as the Local Rules, including Local Civil Rule 26.3, are incorporated herein by reference.

A.     Each Request for Admission shall be answered separately and fully in writing under oath.  The answers are to be signed by the person making them.

B.     The applicable time period for these Requests shall be from **January 1, 2015** to the completion of this action, unless otherwise specified.  To the extent that circumstances have

changed during this time period, answer the Requests for Admissions with respect to each set of circumstances and identify the date on which the circumstances have changed.

C.      These Requests are continuing in nature through the completion of this action. Your responses to these Requests must be supplemented as you obtain additional information affecting any of your responses.

D.      Pursuant to Federal Rule of Civil Procedure 36, if a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that you qualify and answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

E.      If you cannot answer all or part of any Request for Admission in full after exercising due diligence to secure the full information to do so, state this and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

F.      If you object to any part of a Request for Admission, answer all parts of such Request for Admission to which you do not object.

G.      All objections must be raised in the initial response or are otherwise waived.  If You object to any Request or any part of a Request, state the Request or part to which You object, state the exact nature of the objection, and describe in detail the facts upon which You base Your objection.  If You object to any part of a Request, answer all parts of the Request to which You do not object.

PX08 - 24

H.      If any privilege is claimed as a ground for not responding to a Request for

Admission, describing the basis for the claim of privilege and all information necessary for

Plaintiff and the Court to assess the claim of privilege, in accordance with Federal Rule of Civil

Procedure 26(b)(5).  The privilege log shall include the following: (i) specific grounds for the

claim of privilege; (ii) the date of the privileged communication; (iii) the persons involved in the

privileged communication; (iv) a description of the subject matter of the privileged

communication in sufficient detail to assess the claim of privilege; and (v) the Request for

Admission to which the privileged information is responsive.

## DEFINITIONS & RULES OF CONSTRUCTION

All definitions and rules of construction set forth in the Federal Rules of Civil Procedure,

including Rules 26 and 36, as well as in the Local Rules, including Local Civil Rule 26.3, are

incorporated herein.  The following terms shall have the meanings set forth as follows:

A.  "**Collections Activities**" means any activities to collect or attempt to collect, directly

or indirectly, any payment from a Consumer.  The term specifically includes, but is not limited

to, any communications with Consumers regarding payments and the filing of confessions of

judgment against consumers.

B.   "**Consumer**" means any natural person, business entity, or other organization that

has obtained Financing from RCG or Ram, or to whom RCG or Ram advertise, offer, or promote

Financing products.

C.  "**Financing**" means any product or service represented, expressly or by implication,

to provide or assist in providing, directly or indirectly, funds in exchange for future receivables,

revenues, proceeds, or other payments or amounts.

Page 3 of 13

D.   "**Ram**" means Defendant Ram Capital Funding LLC.

E.   "**RCG**" means Defendant RCG Advances LLC, f/k/a Richmond Capital Group LLC, also d/b/a Viceroy Capital Funding and Ram Capital Funding, its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, members, employees, agents, consultants, independent contractors, and other persons working for or on behalf of the foregoing.  The term includes any descriptor used by RCG in its business practices.

F.   "**You**" and "**Your**" means Jonathan Braun.

G.   The following rules of construction apply to all discovery requests:

(1) **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(2) **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) **Number**. The singular form of any word includes the plural and vice versa.

(4) The use of the present tense of any word includes the past and future tenses.

### REQUESTS FOR ADMISSIONS

1.   Admit that on one or more occasions You instructed Tzvi "Steve" Reich to wire money to the account of a Consumer and Robert Giardina to reimburse Reich with RCG funds.

2.   Admit that on one or more occasions, You switched the name of the company on a "Merchant Agreement" from Ram to RCG after the terms of the deal were negotiated but before the deal was funded.

Page 4 of 13

PX08 - 26

3.  Admit that on one or more occasions, You instructed Tzvi "Steve" Reich to switch the name of the company on a "Merchant Agreement" from Ram to RCG after the terms of the deal were negotiated but before the deal was funded.

4.  Admit that on one or more occasions, You switched the name of the company on a "Merchant Agreement" from RCG to Ram after the terms of the deal were negotiated but before the deal was funded.

5.  Admit that on one or more occasions, You instructed Tzvi "Steve" Reich to switch the name of the company on a "Merchant Agreement" from RCG to Ram after the terms of the deal were negotiated but before the deal was funded.

6.  Admit that for one or more Consumers, You held back money in reserve thereby depositing into their bank accounts an amount less than the amount listed on the "Total Purchase Price" on the first page of the "Merchant Agreement."

7.  Admit that for one or more Consumers, RCG held back money in reserve thereby depositing into their bank accounts an amount less than the amount listed on the "Total Purchase Price" on the first page of the "Merchant Agreement."

8.  Admit that for one or more Consumers, You deducted more fees from the "Total Purchase Price" listed on the first page of the "Merchant Agreement" than the amount of Origination and ACH Program fees listed in Appendix A of the "Merchant Agreement."

9.  Admit that for one or more Consumers, RCG deducted more fees from the "Total Purchase Price" listed on the first page of the "Merchant Agreement" than the amount of Origination and ACH Program fees listed in Appendix A of the "Merchant Agreement."

10. Admit that You did not inform Consumers that RCG's payment processor would debit two separate daily payments from Consumers' bank accounts on the days following bank holidays.

11. Admit that You did not inform Consumers prior to providing financing that You would use obscene or profane language in telephone calls to Consumers who were struggling to make their daily payments.

12. Admit that You did not inform Consumers prior to providing financing that You would threaten Consumers with physical violence if they stopped making their daily payments.

13. Admit that You did not inform Consumers prior to providing financing that You would threaten to ruin the reputation of Consumers if they stopped making their daily payments.

14. Admit that You did not inform Consumers prior to providing financing that You would threaten to ruin the physical property of Consumers if they stopped making their daily payments.

15. Admit that You required one or more Consumers to provide bank login information in the Merchant Agreement.

16. Admit that You required one or more Consumers to provide bank account routing information in the Merchant Agreement.

17. Admit that RCG required one or more Consumers to provide bank login information in the Merchant Agreement.

18. Admit that RCG required one or more Consumers to provide bank account routing information in the Merchant Agreement.

19. Admit that You did not provide financing to a Consumer unless RCG received their bank login information.

20. Admit that You did not provide financing to a Consumer unless RCG received their bank account routing number.

21. Admit that RCG did not provide financing to a Consumer unless RCG received their bank login information.

22. Admit that RCG did not provide financing to a Consumer unless RCG received their bank account routing number.

23. Admit that RCG's policy was to withdraw from Consumers' bank accounts an amount exceeding the amount listed as the "Total Purchased Amount" on the first page of the "Merchant Agreement."

24. Admit that for one or more Consumers, RCG withdrew from Consumers' bank accounts an amount exceeding the amount listed as the "Total Purchased Amount" on the first page of the "Merchant Agreement."

25. Admit that for one or more Consumers, You withdrew from Consumers' bank accounts an amount exceeding the amount listed as the "Total Purchased Amount" on the first page of the "Merchant Agreement."

26. Admit that RCG's policy was to make daily withdrawals from Consumers' bank accounts for four days after the Consumer paid the amount listed as the "Total Purchased Amount" on the first page of the "Merchant Agreement."

27. Admit that for one or more Consumers, RCG made daily withdrawals from Consumers' bank accounts for four days after the Consumer paid the amount listed as the "Total Purchased Amount" on the first page of the "Merchant Agreement."

28. Admit that for one or more Consumers, You made daily withdrawals from Consumers' bank accounts for four days after the Consumer paid the amount listed as the "Total Purchased Amount" on the first page of the "Merchant Agreement."

29. Admit that RCG's policy was to make daily withdrawals from Consumers' bank accounts after the Consumer paid the amount listed as the "Total Purchased Amount" on the first page of the "Merchant Agreement" until the Consumer contacted RCG to stop withdrawals.

30. Admit that for one or more Consumers, RCG made daily withdrawals from Consumers' bank accounts after the Consumer paid the amount listed as the "Total Purchased Amount" on the first page of the "Merchant Agreement" until the Consumer contacted RCG to stop withdrawals.

31. Admit that for one or more Consumers, You made daily withdrawals from Consumers' bank accounts after the Consumer paid the amount listed as the "Total Purchased Amount" on the first page of the "Merchant Agreement" until the Consumer contacted You to stop withdrawals.

32. Admit that RCG's policy when transferring a Consumer's balance from one "Merchant Agreement" to a new "Merchant Agreement" was to inflate the amount of the balance that You transferred.

33. Admit that for one or more Consumers, when transferring a Consumer's balance from one "Merchant Agreement" to a new "Merchant Agreement" RCG inflated the amount of the balance that was transferred.

34. Admit that for one or more Consumers, when transferring a Consumer's balance from one "Merchant Agreement" to a new "Merchant Agreement" You inflated the amount of the balance that You transferred.

35. Admit that RCG's policy was to tell Consumers that they had a higher outstanding balance than they actually owed.

36. Admit that for one or more Consumers, RCG told Consumers that they had a higher outstanding balance than they actually owed.

37. Admit that for one or more Consumers, You told Consumers that they had a higher outstanding balance than they actually owed.

38. Admit that RCG's policy was to not refund to Consumers amounts withdrawn from Consumers' accounts that exceeded the amount listed as the "Total Purchased Amount" on the first page of the "Merchant Agreement."

39. Admit that for one or more Consumers, RCG did not refund to Consumers amounts withdrawn from Consumers' accounts that exceeded the amount listed as the "Total Purchased Amount" on the first page of the "Merchant Agreement."

40. Admit that for one or more Consumers, You did not refund to Consumers amounts withdrawn from Consumers' accounts that exceeded the amount listed as the "Total Purchased Amount" on the first page of the "Merchant Agreement."

PX08 - 31

41. Admit that for one or more Consumers You provided financing with the intent of collecting more than the amount specified in the "Total Purchased Amount" on the first page of the Merchant Agreement.

42. Admit that for one or more Consumers RCG provided financing with the intent of collecting more than the amount specified in the "Total Purchased Amount" on the first page of the Merchant Agreement.

43. Admit that You have knowledge of a Client Services Application and Agreement between Richmond Capital Group, LLC and Actum Processing.

44. Admit that You have knowledge of a Client Services Application and Agreement between Addy Source LLC and Actum Processing.

45. Admit that You have knowledge of a Client Services Application and Agreement between Franklin Funding Group LLC and Actum Processing.

46. Admit that You have knowledge of a Client Services Application and Agreement between Karish Kapital LLC and Actum Processing.

47. Admit that You have knowledge of a Client Services Application and Agreement between Merchant Advance 1 LLC and Actum Processing.

48. Admit that You have knowledge of a Client Services Application and Agreement between Orange ACH LLC and Actum Processing.

49. Admit that Section 4.2 of the Client Services Terms and Conditions in the Client Services Application and Agreement between Richmond Capital Group, LLC and Actum Processing states that "Client agrees to follow all regulations regarding the use of the Company's sales of Services and any other applicable regulatory body."

50. Admit that Section 5.2 of the Client Services Terms and Conditions in the Client Services Application and Agreement between Richmond Capital Group, LLC and Actum Processing states that "Client does, and at all times during the term of this Agreement, will, operate its business in strict compliance with: (i) all laws and regulations applicable to Client's business to the highest legal and ethical standards, including, among others, the Federal Trade Commission Act of 1914 (the "FTC Act") and the rules and regulations promulgated thereunder."

51. Admit that the Client Services Application and Agreement between Richmond Capital Group, LLC and Actum Processing defines "Regulations" to mean "All federal, state and local regulations that govern Internet business, consumer information, credit card transactions and Transactions (as defined below), including but not limited to the FCRA, federal Regulation E and Title 31 of the Code of Federal Regulations Part 210, Gramm-Leach-Bliley Act, Federal Trade Commission Act, and Driver's Privacy Protection Act."

Dated: June 25, 2021

/s/ Marguerite L. Moeller

MARGUERITE L. MOELLER
GREGORY A. ASHE
Federal Trade Commission
600 Pennsylvania Ave. NW
Mail Stop CC-10232
Washington, DC 20580
Tel: (202) 326-2905 (Moeller)
Tel: (202) 326-3719 (Ashe)
Facsimile: (202) 326-2752
Email: mmoeller@ftc.gov, gashe@ftc.gov


Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 25, 2021, a true and correct copy of **FTC'S SECOND SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT JONATHAN BRAUN** was served via electronic mail on the following:

THOMAS A. HARVEY
Law of Offices of Thomas A. Harvey PLLC

JEREMY M. IANDOLO
J. Iandolo Law, PC

RONALD M. TERENZI
Terenzi & Confusione, PC

ANTHONY C. VARBERO
DAVID C. CASAGRANDE
Joseph Mure Jr. & Associates

*Attorneys for Defendants RAM Capital Funding LLC and Tzvi Reich*

*Attorneys for Defendants RCG Advances, LLC and Robert Giardina*

ARTHUR L. AIDALA
JOSEPH P. BARATTA
Baratta, Baratta & Aidala LLP

*Attorneys for Defendant Jonathan Braun*

_/s/ Marguerite L. Moeller_____
 Attorney for Plaintiff Federal Trade Commission

Page 13 of 13