UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>RCG ADVANCES, LLC, et al.,<br><br>    Defendants. | Case No. 20-CV-4432-LAK<br><br>**FTC'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JONATHAN BRAUN'S MOTION TO ACCEPT LATE RESPONSES TO THE FTC'S REQUESTS FOR ADMISSIONS** |

Plaintiff Federal Trade Commission ("FTC") hereby respectfully submits its opposition to Defendant Braun's cross-motion to file late responses to the FTC's requests for admission ("RFAs"). (ECF No. 114.) Defendant Braun did not respond to the RFAs within 30 days of being served nor did he seek a timely extension of time to respond; by the terms of Rule 36(a), therefore, and as Defendant Braun concedes, the RFAs are admitted. The Court should not use its discretion to permit withdrawal or amendment of Defendant Braun's admissions because his partial responses are contrary to evidence and testimony and would therefore not promote the presentation of the merits of the action, and because allowing his untimely partial responses would prejudice the FTC by either delaying resolution of its claims or forcing the FTC to forego discovery necessary to rebut Defendant Braun's denials. Accordingly, the Court should deny Defendant Braun's motion.

## I. Procedural Background

On November 4, 2020, the FTC served the First RFAs on Defendant Braun's counsel. (ECF No. 109-10 at 2-3 ¶ 2.) Whether the FTC initially agreed to any extension to allow the parties to explore settlement is immaterial because, on May 11, 2021, the FTC advised

Defendant Braun's counsel that his responses were overdue and requested responses by June 1, 2021. (*Id.*) No response was served on June 1, 2021, nor did Defendant Braun seek any stipulation or court order at the time. (*Id.*)

On June 25, 2021, the FTC served the Second RFAs on Defendant Braun's counsel. (*Id.* at 3 ¶ 3.) As with the First RFAs, no response was served within 30 days, nor did Defendant Braun seek any stipulation or court order at the time. (*Id.*)

On February 7, 2022, the parties submitted a Stipulated Motion to Close Discovery and Set Dispositive Motion Schedule with an agreed-upon proposal to close fact discovery on March 11, 2022, and with dispositive motions due on or before April 8, 2022. (ECF No. 104.) The Court entered the scheduling order on February 14, 2022. (ECF No. 105.)

On March 9, 2022, two days before the close of discovery, Defendant Braun's counsel informed counsel for the FTC that Defendant Braun intended to respond to the RFAs and asked if the FTC would stipulate to that effect. FTC Counsel first noted that Defendant Braun did not need the FTC's consent to file out-of-time discovery responses. FTC Counsel also noted that responses were due months earlier and that discovery was about to close. FTC Counsel noted, as a hypothetical, that if Defendant Braun submitted out-of-time responses, the FTC would need to depose him on his responses, at which point Defendant Braun's counsel offered to make him available. But FTC Counsel continued that that would not be practical—FTC counsel explained that it had conducted its discovery premised on Defendant Braun's failure to respond. FTC Counsel noted that it would need to serve document requests and interrogatories in advance of any such deposition and given the need to bring the case to a conclusion to obtain relief for injured consumers, the FTC was not amenable to extending discovery necessary. Although

Defendant Braun's counsel may have mistakenly understood FTC counsel to be agreeing to their offer, when they later emailed a proposed stipulation to the FTC counsel the FTC made its position clear when it responded, "We cannot agree to the stipulation." (ECF No. 109-54 at 2-3 ¶¶ 3-4.)

Despite having no stipulation and having not sought the requisite court order, on March 11, 2022, Defendant Braun served his out-of-time responses to the Second RFAs—nearly 8 months after they were due and on the last day of discovery. (*Id*. at 3 ¶ 5.) Two weeks later, on April 1, 2022, Defendant Braun served his out-of-time responses to the First RFAs—8 months after they were due and over two weeks after the close of discovery. (*Id*. at 4 ¶ 7.) On April 8, 2022, the FTC filed its motion for summary judgment. (ECF No. 109.) On May 13, 2022—almost a year after they were due, two months after the close of discovery, and approximately two months after they were served—Defendant Braun finally filed his motion asking the Court to allow him after-the-fact to withdraw his deemed admissions and amend them as set out in his out-of-time response to the RFA. (ECF No. 114.).

II. **The Court Should Deny Defendant Braun's Motion to Withdraw and Amend His Admissions to the Requests for Admission**

   A. **Legal Standard**

   Rule 36 is self-executing such that a requested matter is admitted unless the party to whom the request is directed serves written responses within 30 days of service. Fed. R. Civ. P. 36(a)(3). Under Rule 36, the proper procedure for a party who wishes to change his or her admissions is to file a motion to amend or withdraw them. Fed. R. Civ. P. 36(b). A party who moves under Rule 36(b) "must establish that '(1) the presentation of the merits will be aided *and* (2) no prejudice to the party obtaining the admission will result.'" *Atlantic Sea Pride, Inc. v.*

3

*McCarthy*, 2013 WL 5652492, at *2 (N.D.N.Y. Oct. 15, 2013) (quoting *Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983), *overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)); *see also* Fed. R. Civ. P. 36(b).  The court, however, retains discretion to grant a Rule 36(b) motion even where a party makes such a showing.  *Donovan*, 703 F.2d at 652 ("Because the language of the Rule is permissive, the court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule.")[1]; *Atlantic Sea Pride*, 2013 WL 5652492, at *2; *see also* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, *permits* the admission to be withdrawn or amended . . . . [T]he court *may permit* withdrawal or amendment . . .") (emphasis added).

When considering cases where a party requests additional time to respond to requests for admission only after the time to respond has elapsed, some courts have discussed use of the stricter Rule 6(b)(2) standard for extensions of time to respond to discovery requests which permits such extensions only where a party failed to respond due to "excusable neglect."  In *Sea-Land Serv., Inc. v. Citihope Intern., Inc.*, where the defendant had not responded to requests for admission and had not moved under Rule 36(b), this Court explained without deciding that Rule 36(b) appears to apply only where "a party has filed a timely response to a 36(b) request but later seeks to change or withdraw its response," while Rule 6(b)(2) "applies where a party," like Defendant Braun, "simply fails to file any timely response to a Rule 36 request."  176 F.R.D. 118, 122 n.10 (S.D.N.Y. 1997) (Kaplan, J.).  The court concluded that "there is no reason why"

---

[1] *Donovan* interpreted an earlier version of Rule 36, but the subsequent changes have only been "technical" and "stylistic." *SEC v. Collector's Coffee*, 537 F. Supp. 3d 497, 500 n.3 (S.D.N.Y. 2021).

a party who failed to respond to Rule 36 request "should have the benefit of the arguably more generous Rule 36(b) standard." *Id.* (deeming requests admitted and granting summary judgment); *see also SEC v. Batterman*, 2002 WL 31190171, at *6–7 (S.D.N.Y. Sept. 30, 2002) (holding that RFAs were admitted under both Rules 6(b) and 36(b) where responses were served four months late); *Baker v. David A. Dorfman, P.L.L.C.*, 2000 WL 420551, at *6 (S.D.N.Y. 2000) (applying Rule 6(b) "excusable neglect" standard where defendants made untimely responses to RFAs and deeming requests admitted and holding in the alternative that requests would be admitted pursuant to Rule 36(b)).

> **B.    Defendant Braun Concedes That the RFAs Are Admitted under the Plain Terms of Rule 36**

By the plain terms of Rule 36, the RFAs are admitted because Defendant Braun did not respond within 30 days of service or seek additional time to respond within that period. Fed. R. Civ. P. 36(a)(3). Indeed, Defendant Braun concedes that the RFAs are admitted. (ECF No. 118 at 1, 10-12; ECF No. 122 at 6 n.2.) As the Second Circuit explained, a party who does not respond to RFAs "has plainly made Rule 36(a) admissions," and "[t]hese may be used for Rule 56 summary judgment." *Donovan*, 703 F. 2d at 651; *see also Constitution Pipeline Co., LLC v. Permanent Easement for 1.06 Acres*, 2022 WL 61316, at *1 (N.D.N.Y. Jan. 6, 2022) (deeming facts admitted and undisputed based on failure to respond to requests for admission, and granting summary judgment); *Broadcast Music, Inc. v. Prana Hospitality, Inc.*, 158 F. Supp. 3d 184, 190 n.5 (S.D.N.Y. 2016) (same); *Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 431 (S.D.N.Y. 2012) (deeming requests admitted where plaintiff failed to respond within 30 days, despite plaintiff's claim that it had not received the requests).

Because Defendant Braun did not respond to the RFAs within 30 days of service, waiting more than eight months to respond, the RFAs are admitted and may be used for purposes of summary judgment.[2]

### C. Defendant Braun Does Not Meet the Standard Necessary to Invoke the Court's Discretion to Amend His Admissions

Rule 36(b) grants courts discretion to withdraw or amend admissions "only when (1) the presentation of the merits will be aided *and* (2) no prejudice to the party obtaining the admissions will result." *Donovan*, 703 F.2d at 652. Both factors weigh against allowing Defendant Braun to amend or withdraw his admissions and the Court should not exercise its discretion to do so.

#### 1. Allowing Defendant Braun to Amend His Responses Would Not Aid in the Presentation of the Merits

Allowing Defendant Braun to withdraw his admissions would only muddy the presentation of the merits of the action for at least two reasons. First, many of Defendant Braun's untimely responses to the FTC's RFAs are deficient because they state he "cannot admit or deny the allegation" because he lacks the sufficient knowledge or information but do not represent that Defendant Braun has made the reasonable inquiry required by Rule 36(a)(4). (*See, e.g.,* ECF No. 115-5 at 9, 13–18 (responses to Second RFAs 9, 24, 27, 30, 33, 36, 39, at 42); ECF No. 115-6 at 9, 14, 16–18 (responses to First RFAs 11, 34, 37, 38, 40, 41, 43, 44, 45).) Stating that a party has made such an inquiry "is more than simply a technical pleading requirement;" "it reflects the obligation of a party to make a reasonable effort to obtain the information needed to respond to the request." *Beberaggi*, 1994 WL 18556, at *5. The

---

[2] The extensive delay in Defendant Braun's partial response to the FTC's requests is significantly longer than many where courts refused to allow untimely admissions. *E.g.*, *Beberaggi v. New York City Trans. Auth.*, 1994 WL 18556, at *4 (S.D.N.Y. Jan. 19, 1994) (characterizing responses served less than five months past deadline as "woefully late").

"incompleteness" of Defendant Braun's "belated responses indicate that relief under 36(b) would not serve the policy of resolving this case on the merits." *Id.*

Second, permitting denials or other responses to the FTC's other RFAs would similarly muddy the waters because they directly contradict testimony and documents obtained in this case. For example, Defendant Braun purports to deny in his belated response to the Second RFAs that RCG "required one or more Consumers to provide bank login information" in their contracts with RCG. (ECF No. 118-3 at 11 (Response to Admission No. 16).) However, consumers have provided copies of their contracts with RCG that include a page calling for bank login information and stating that "RCG needs viewing access to your bank account each business day." (*See* ECF No. 109-1 at 16 (SMF 62).) And in his counterstatement of material facts, Defendant Braun does not disagree with this fact. (ECF No. 121 at 12-13 (response to SMF 62).) Similarly, Braun purports to deny in his untimely responses to the Second RFAs that, for one or more consumers, he or RCG "held back money in reserve thereby depositing into [the customers] bank accounts an amount less than the amount listed" in their contracts with RCG. (ECF No. 118-3 at 8 (Responses to Admissions No. 6–7).) But in emails with a colleague, Braun bragged about a deal with a consumer, saying he "did reserve of 25k lol . . . and I ripped ass whole apart with 11k fee," and when asked later if he ever gave the consumer the $25,000 he had "reserved," Braun responded "NOPE LOLLLLL." (ECF No. 109-1 at 31 (SMF 119); *see also id.* at 28-34 (SMF 115-131) (recounting numerous instances where Defendants funded consumers less than what was promised).) Indeed, in his counterstatement of material facts, Defendant Braun does not dispute but agrees without qualification with many of these facts. (ECF No. 121 at 19-20 (responses to SMF 119, 122, 126, 129, 131).) Meanwhile, Braun

purports to deny in his untimely responses to the First RFAs that he threatened consumers with physical violence, or to ruin their reputations, or property. (ECF No. 115-6 at 16-17 (Response to Admission Nos. 36, 39, 42).) Yet numerous consumers recounted Defendant Braun's threats. (ECF No 109-1 at 44-53 (SMF 157-173).) And Defendant Braun untimely responds to the admission whether consumers complained about receiving threatening calls by stating he "lacks knowledge or information" (ECF No. 115-6 at 18 (response to Admission No. 45), yet his counterstatement response to the FTC's fact that small business consumers complained to Defendants about receiving threatening calls (ECF No. 109-1 at 50 (SMF 170)) is simply "Agree." (ECF No. 121 at 23 (response to SMF 170).)

In short, allowing Defendant Braun to amend his non-response to the FTC's RFAs by submitting out-of-time responses would not aid in the presentation on the merits.

### 2. The FTC and Victimized Consumers Would Be Prejudiced If Defendant Braun Were Allowed to Amend His Responses at this Point in the Litigation

The FTC would be prejudiced if Defendant Braun's admissions are modified at this late stage in the case after discovery has closed. The FTC has already moved for summary judgment against Defendant Braun. (ECF No. 109.) While summary judgment in the FTC's favor is appropriate regardless of the status of Defendant Braun's admissions, if the FTC's summary judgment motion is denied, the FTC would be prejudiced by a decision to allow Defendant Braun to substitute his default admissions with his responses to the FTC's Second RFAs served on the last day of fact discovery and his responses to the FTC's First RFA served two weeks after fact discovery closed. After receiving no responses to its RFAs from Defendant Braun, the FTC proceeded in its pursuit of discovery under the assumption, based on Rule 36, that Defendant Braun had admitted the requested matters. Its decisions regarding additional

document requests, written interrogatories, and depositions were based, in part, on his nonresponses to the RFAs. Defendant Braun's service of responses to the FTC's Second and First RFAs on the last day of discovery and two weeks after, respectively, left the FTC with insufficient time to depose Defendant Braun or consider additional document discovery in order to probe his responses without extending the deadline for dispositive motions that Defendant Braun had agreed to just one month before.

Courts considering similar situations where parties attempt to respond to RFAs at or after the close of discovery have found the resulting delay and impact on discovery sufficiently prejudicial to deny Rule 36(b) motions. *See Keawsri v. Ramen-Ya Inc.*, 2021 WL 3540671, at *4 (S.D.N.Y. Aug. 10, 2021) (holding that admitting responses after completion of discovery would cause prejudice and deeming RFAs admitted); *Ng v. HSBC Morg. Corp.*, 2011 WL 3511296, at *4 (E.D.N.Y. Aug. 10, 2011) (finding that defendants would be prejudiced if plaintiff's responses to requests for admission served after close of discovery were allowed because defendants would be deprived of the ability to conduct additional discovery concerning the responses); *Batterman*, 2002 WL 31190171 at *7 (finding SEC would be prejudiced by allowing late responses to RFAs because discovery had closed and deeming requests admitted); *Beberaggi*, 1994 WL 18556, at *4–5 (holding that permitting withdrawal of admissions "at the previously scheduled termination point for fact discovery" would prejudice plaintiff because the resulting extension of fact discovery would cause "attendant delay in the resolution of [plaintiff's] claims").

Even providing for a limited re-opening of discovery on Defendant Braun's out-of-time admissions responses would prejudice the FTC. A plaintiff is prejudiced by the delayed

9

resolution of its claim, particularly where, as here, a defendant has shown "blatant disregard of its clear obligations under the rules and the scheduling order." *Sea-Land Serv., Inc.*, 176 F.R.D. at 122. This case was filed in June 2020. Fact discovery closed over two months ago, and summary judgment has already been filed. The FTC has an interest in seeing the prompt enforcement of the statutes and rules that it has statutorily been tasked with enforcing. Any additional delay "inherently increases the risk that witness' memories will fade and evidence will become stale." *Blue Cross & Blue Shield of Ala. V. Unity Outpatient Surgery Ctr.*, 490 F.3d 718, 724 (9th Cir. 2007).[3]

### 3. Defendant Braun Has Failed to Show His Failure to Respond Was Due to Excusable Neglect

Finally, Defendant Braun fails to show that his failure to respond to the FTC's RFA was due to excusable neglect. *Sea-Land Serv., Inc.*, 176 F.R.D. at 122 (applying Rule 6(b)'s excusable neglect standard when considering untimely responses to RFAs). Excusable neglect exists where a party's failure to comply with a deadline was negligent. *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). To show excusable neglect, the movant "must show good faith and a reasonable basis for noncompliance." *In re Painewebber Ltd. P'ships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998); *In re Deva Concepts Prods. Liab. Litig.*, 2022 WL 1214136, at *3 (S.D.N.Y. Apr. 25, 2022). "[F]ailure to follow the clear dictates of a

---

[3] The cases upon which Defendant Braun relies are inapposite. For example, in *Conlon v. United States*, the Ninth Circuit affirmed the district court's denial of the defendant's motion to withdraw admissions, noting the length of time—two and a half months, far shorter than the time in this case—the government had relied on the deemed admissions. 474 F.3d 616, 624 (9th Cir. 2007). In *Gonzalez v. Penn Sta. Shoe Repair, Inc.*, unlike here, the plaintiffs had asked the defendant for additional time to respond to the RFAs months before the end of discovery and sought an extension from the court well in advance of the discovery cutoff. 2021 WL 1178089, at *1-2 (S.D.N.Y. Mar. 29, 2021).

court rule will generally not constitute such excusable neglect." *Canfield v. Van Atta Buick/GMC Truck, Inc*. 127 F.3d 248, 250 (2d Cir. 1997); *Deva Concepts*, 2022 WL 1214136, at *3.

Here, Defendant Braun's failure to file his responses to the FTC's RFAs does not meet the requirements of excusable neglect.  His proffered reasons for his failure include that he was served with the FTC's RFAs while incarcerated, while subject to a criminal inquiry, and while he and his counsel were subject to COVID-19 restrictions.  (ECF No. 118 at 21.)  None of these reasons demonstrates a "reasonable basis for noncompliance."  Although Defendant Braun may have been incarcerated when the FTC served its First RFAs, he was represented by competent counsel and countless similarly situated defendants (including defendants incarcerated during the COVID-19 pandemic) have been able to consult with their counsel to respond to discovery.  In any event, Defendant Braun's sentence was commuted in the waning hours of the previous Administration and was released shortly thereafter.  Further, the FTC served its Second RFAs months after his release.  Similarly, there are likely scores of other defendants in civil actions who were also subjects of criminal inquiries but were able to respond timely to discovery. Indeed, the other individual Defendants in this case were subject to the same criminal inquiry yet managed to file their responses to the FTC's discovery requests.  Finally, the FTC notes that the other Defendants in this action and their counsel have been subject to the same COVID-19 restrictions yet they timely filed their responses to the FTC's discovery.

Defendant Braun also laments that because he was engaged in "settlement and cooperation discussions" with the FTC, he thought he did not need to respond to discovery. (ECF No. 118 at 21.)  But the FTC provided a definitive message that it expected discovery

responses notwithstanding any potential settlement talks when it emailed Defendant Braun's counsel in May 2021 stating "It has been some time now since we last discussed discovery, and at this point wee need to move forward. . . Mr. Braun also has not responded to the FTC's First Requests for Admissions to Mr. Braun.   Please respond by June 1, 2021."   (ECF No. 109-10 Att. B at 7.)   And given that, in spite of any ongoing settlement talks, the FTC required Defendant Braun to respond to its First RFAs, it would not be reasonable to expect any different expectation when the FTC served its Second RFAs.[4]

Rule 36 is clear.   And where "the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose."   *Canfield*, 127 F.3d at 251.

### III.   Conclusion

Accordingly, for the reasons set forth herein, the FTC respectfully requests that the Court deny Defendant Braun's motion to withdraw and amend his deemed admissions.

---

[4] Defendant Braun and his counsel make several references to partial stays entered by the Court related to settlements with his co-defendants and suggests these provided a basis for his counsel's belief that responses to the RFAs were not due. (ECF No. 115 at 4; ECF No. 118 at 9.) Each order clearly stated that the stay was limited to the defendants who had reached settlement agreements with the FTC and did not apply to Defendant Braun. (ECF No. 99; ECF No. 108.)

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  May 27, 2022 | */s/ Gregory A. Ashe*<br>GREGORY A. ASHE<br>JULIA E. HEALD<br>Federal Trade Commission<br>600 Pennsylvania Avenue NW<br>Washington, DC 20580<br>Telephone: 202-326-3719 (Ashe)<br>Telephone: 202-326-3589 (Heald)<br>Facsimile: 202-326-3768<br>Email: gashe@ftc.gov, jheald@ftc.gov<br><br>Attorneys for Plaintiff<br>FEDERAL TRADE COMMISSION |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 27, 2022, a true and correct copy of **FTC'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JONATHAN BRAUN'S MOTION TO ACCEPT LATE RESPONSES TO THE FTC'S REQUESTS FOR ADMISSIONS** was filed electronically with the United States District Court for the Southern District of New York using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

*/s/ Gregory A. Ashe*
GREGORY A. ASHE
Attorney for Federal Trade Commission