UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>RCG ADVANCES, LLC, et al.,<br><br>  Defendants. | Case No. 20-CV-4432-LAK<br><br>FTC'S RULE 56(c)(2) OBJECTION TO DEFENDANT BRAUN'S EXHIBIT DX11 (EXPERT REPORT OF PAUL RIBAUDO) |

Plaintiff Federal Trade Commission ("FTC") hereby objects, pursuant to Federal Rule of Civil Procedure 56(c)(2), to Defendant Braun's Exhibit DX11 (Expert Report of Paul Ribaudo) submitted in support of his opposition to the FTC's motion for summary judgment. (Filed several times as ECF Nos. 118-5, 119-6, 120-13, 121-4, and 122-4.)   The report should not be considered because it does not comply with Federal Rule of Civil Procedure 56(c)(1).   The Advisory Committee Notes specify that Rule 56(c)(2) objections "function much as an objection at trial . . . . The burden is on the proponent to show that the material is admissible as presented." Fed. R. Civ. P. 56(c)(2), Advisory Committee Notes, 2010 Amendments.   The Advisory Committee Notes further specify that there "is no need for a separate motion to strike."   *Id*.

Rule 56(c)(1) allows a party to submit, among other things, deposition testimony, affidavits and declarations.   Affidavits must be sworn, while declarations must conform with 28 U.S.C. § 1746, which requires the declarant to "declare (or certify, verify, or state) under penalty of perjury" that the declarant's foregoing statements are "true and correct."   Unsworn statements do not satisfy the requirements of Rule 56(c)(1).   *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970).   In particular, "[u]nsworn expert reports . . . do not qualify as affidavits or otherwise

1

admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment." *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) (citing 11 Moore's Federal Practice P 56.14[2][c]); *see also Edens v. Kennedy*, 112 Fed. Appx. 870, 877 (4th Cir. 2004); *Scott v. Edinburg*, 346 F.3d 752, 759 (7th Cir. 2003); *Am. Fedn. of Musicians of the United States v. Paramount Pictures Corp.*, 903 F.3d 976-77 (9th Cir. 2018) (unsworn report without accompanying affidavit or declaration inadmissible); *Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir. 1989) (unsworn report without accompanying affidavit or declaration inadmissible); *Lamoureux v. AnazaoHealth Corp.*, 2010 U.S. Dist. LEXIS 122831, at *7 (D. Conn. Nov. 18, 2010); *Jack Schwartz Shoes v. Skechers USA*, 2002 U.S. Dist. LEXIS 25699, at *25 n.4 (S.D.N.Y. Sep. 9, 2002); *Gache v. Town/Village of Harrison*, 813 F. Supp. 1037, 1052 (S.D.N.Y. 1993) (unsworn report without accompanying affidavit or declaration inadmissible).

      Here, Defendant Braun attempts to use at summary judgment the expert disclosure report of Mr. Ribaudo submitted by Defendants RCG Advances and Robert Giardina pursuant to Rule 26(a)(2).   The disclosure, however, is not a sworn statement nor does it satisfy the requirements of 28 U.S.C. § 1746.   Neither has Defendant Braun submitted any accompanying affidavit or declaration by Mr. Ribaudo authenticating and verifying the report.   Accordingly, Defendant Braun's Exhibit DX11 is not competent evidence under Rule 56(c)(1) and should be disregarded in connection with summary judgment.

Respectfully submitted,

Dated: June 3, 2022

/s/ Gregory A. Ashe
GREGORY A. ASHE
JULIA E. HEALD
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-3589 (Heald)
Facsimile: 202-326-3768
Email: gashe@ftc.gov, jheald@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2022, a true and correct copy of **FTC'S RULE 56(c)(2) OBJECTION TO DEFENDANT BRAUN'S EXHIBIT DX11 (EXPERT REPORT OF PAUL RIBAUDO** was filed electronically with the United States District Court for the Southern District of New York using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/ Gregory A. Ashe
GREGORY A. ASHE
Attorney for Federal Trade Commission