## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

RCG ADVANCES, LLC, *et al*.,

    Defendants.

Case No. 20-CV-4432-LAK

**[revised proposed] ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND CIVIL PENALTY AS TO DEFENDANT JONATHAN BRAUN**

Plaintiff, the Federal Trade Commission ("FTC"), filed its First Amended Complaint for Civil Penalties, Permanent Injunction, Monetary Relief, and Other Relief ( "Complaint"), for a permanent injunction, monetary relief, civil penalties, and other relief in this matter, pursuant to Sections 5(a), 5(m)(1)(A), 13(b), 16(a), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(A), 45(m)(1)(A), 53(b), 56(a), and 57(b), and Section 522(a) of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6822(a). On April 8, 2022, the FTC filed its motion for summary judgment against Defendant Jonathan Braun.

The Court, having considered the arguments, memoranda and exhibits filed in support of the FTC's motion for summary judgment, and all other pleadings and filed in this action, and now being fully advised in the premises, hereby **GRANTS** the FTC's motion for summary judgment and makes the following finds of fact and conclusions of law.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This is an action by the FTC instituted under Sections 5(a), 5(m)(1)(A), 13(b), 16(a), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(A), 45(m)(1)(A), 53(b), 56(a), and 57(b), and Section 522(a) of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C.

§ 6822(a). The Complaint seeks permanent injunctive relief, monetary relief, and civil penalties for Defendant Jonathan Braun's unlawful acts and practices in connection with marketing and servicing of small business financing. The FTC has authority under the foregoing statutory provisions to seek the relief it has requested, and the Complaint states a claim upon which relief can be granted.

2. The Court has jurisdiction over the subject matter of this case and personal jurisdiction over Defendant Jonathan Braun, pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a), 57(b), and 6822(a). Defendant Jonathan Braun transacts or has transacted business in this District and throughout the United States.

3. Venue in the Southern District of New York is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c).

4. The FTC is an independent agency of the United States Government created by statute, which authorizes the FTC to commence this district court civil action by its own attorneys. 15 U.S.C. §§ 41–58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces Section 521(a) of the GLB Act, 15 U.S.C. § 6821(a)(2), which prohibits "making a false, fictitious, or fraudulent statement or representation" "to obtain or attempt to obtain" from a customer "customer information of a financial institution."

5. At all times material to the Complaint, acting alone or in concert with others, Defendant Jonathan Braun has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Defendants, including the acts and practices set forth in Findings 8-22 below.

6. Defendant Jonathan Braun had knowledge of the violative acts and practices set forth in Findings 8-22 below.

7. Defendant Jonathan Braun had actual knowledge and/or knowledge fairly implied on the basis of objective circumstances that the violative acts and practices set forth in Findings 8-22 are deceptive and prohibited by Section 521 of the GLB Act.

8. At all times material to the Complaint, Defendant Jonathan Braun has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

9. Since at least 2015, Defendant Jonathan Braun, individually and together with others under his direct or indirect control, has engaged in a number of deceptive and unfair practices while providing small business financing. Defendant Jonathan Braun's victims include small businesses, medical offices, non-profit organizations, and religious organizations (hereinafter, "consumers").

10. Defendant Jonathan Braun, individually and together with others under his direct or indirect control, purported to provide immediate funds in a specific amount in exchange for consumers' agreement to repay a higher amount from future business receivables (often referred to as a "merchant cash advance"). The repayment amount was remitted over time through daily debits from consumers' bank accounts. Defendant Jonathan Braun, individually and together with others under his direct or indirect control, claimed that they would provide consumers with a specific amount of funding, called the "Total Purchase Price" and that consumers would repay their merchant cash advance with a specific amount, called the "Total Purchased Amount." In reality, in numerous instances, Defendant Jonathan

Braun, individually and together with others under his direct or indirect control, funded consumers with less than the represented Total Purchase Price and withdrew more than the represented Total Purchased Amount. While Defendant Jonathan Braun, individually and together with others under his direct or indirect control, indicated they solicited consumers' financial information, including their bank account routing number, account number, and log-in credentials to provide and service the merchant cash advance, such sensitive consumer information was regularly used to provide less funding that what consumers agreed and to withdraw funds beyond what customers were told in the contract that they were obligated to pay.

11. In addition, in advertising their financing products to consumers, Defendant Jonathan Braun, individually and together with others under his direct or indirect control, falsely claimed that their financing products did not feature a personal guaranty or upfront costs. In addition, Defendant Jonathan Braun, individually and together with others under his direct or indirect control, promised consumers a specific amount of financing, but provided a much smaller amount. Defendant Jonathan Braun, individually and together with others under his direct or indirect control, also engaged in unfair collection practices, including, in some instances, by filing confessions of judgment against consumers in circumstances not permitted by their financing agreements and threatening physical violence, and made unauthorized debits from consumers' accounts.

12. To process debits from consumers' bank accounts, Defendant Jonathan Braun, individually and together with others under his direct or indirect control, used the services of a merchant processor. In contracts signed with their merchant processor, Defendant Jonathan Braun,

individually and together with others under his direct or indirect control, agreed to operate their business in strict compliance with the Gramm-Leach-Bliley Act. In agreements with other service providers, Defendant Jonathan Braun, individually and together with others under his direct or indirect control, warranted they were not subject to investigation or legal proceedings relating to violations of the Gramm-Leach-Bliley Act.

13. In numerous instances in connection with the advertising, marketing or offering of business financing, Defendant Jonathan Braun, individually and together with others under his direct or indirect control, represented, directly or indirectly, expressly or by implication, that Defendants required no personal guaranty from business owners. In truth and in fact, in numerous instances in which these representations were made, such representations were false or misleading at the time they were made. Therefore, Defendant Jonathan Braun's representations are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

14. In numerous instances in connection with the advertising, marketing or offering of business financing, Defendant Jonathan Braun, individually and together with others under his direct or indirect control, represented, directly or indirectly, expressly or by implication, that Defendants charged no upfront costs. In truth and in fact, in numerous instances in which these representations were made, such representations were false or misleading at the time they were made. Therefore, Defendant Jonathan Braun's representations are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

15. In numerous instances in connection with the advertising, marketing or offering of business financing, Defendant Jonathan Braun, individually and together with others under his direct or indirect control, represented, directly or indirectly, expressly or by implication, that consumers would receive a specific amount of financing. In truth and in fact, in numerous instances in which these representations were made, such representations were false or misleading at the time they were made. Therefore, Defendant Jonathan Braun's representations are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

16. In numerous instances in connection with the advertising, marketing or offering of business financing, Defendant Jonathan Braun, individually and together with others under his direct or indirect control, represented, directly or indirectly, expressly or by implication, that Defendants would withdraw from consumers' bank accounts a specified amount to repay Defendants' funding to consumers. In truth and in fact, in numerous instances in which these representations were made, such representations were false or misleading at the time they were made. Therefore, Defendant Jonathan Braun's representations are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

17. In numerous instances, Defendant Jonathan Braun, individually and together with others under his direct or indirect control, used confessions of judgment unfairly, including by filing confessions of judgment against consumers who (a) were current in their payments or had not breached the Defendants' contract; (b) missed payments due to a slowdown in business revenues or business cessation, despite contractual representations that consumers would not

be in breach or default under those circumstances, or (c) whose payments could not be processed due to temporary technical difficulties outside the consumers' control. Defendant Jonathan Braun's actions caused or were likely to cause substantial injury to consumers that consumers could not reasonably avoid themselves and that were not outweighed by countervailing benefits to consumers or competition. Therefore, Defendant Jonathan Braun's acts or practices constitute unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), (n).

18. In numerous instances, Defendant Jonathan Braun, individually and together with others under his direct or indirect control, unfairly sought to induce consumers to make payments, including by threatening to use violence or other unlawful or criminal means to harm the physical person, reputation, or property of the consumer or third parties or to ruin consumers' businesses. Defendant Jonathan Braun's actions caused or were likely to cause substantial injury to consumers that consumers could not reasonably avoid themselves and that were not outweighed by countervailing benefits to consumers or competition. Therefore, Defendant Jonathan Braun's acts or practices constitute unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), (n).

19. In numerous instances, Defendant Jonathan Braun, individually and together with others under his direct or indirect control, withdrew funds from consumers' bank accounts without the express informed consent of those consumers. Defendant Jonathan Braun's actions caused or were likely to cause substantial injury to consumers that consumers could not reasonably avoid themselves and that were not outweighed by countervailing benefits to consumers or competition. Therefore, Defendant Jonathan Braun's acts or practices

constitute unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), (n).

20. In numerous instances in connection with the advertising, marketing or offering of business financing, Defendant Jonathan Braun, individually and together with others under his direct or indirect control, made false, fictitious, or fraudulent statements or representations to customers of financial institutions to obtain or attempt to obtain customer information of a financial institution of those customers, such as bank account numbers, routing numbers, log-in credentials, and the identity of authorized signers of bank accounts, including by representing, directly or indirectly, expressly or by implication, that Defendants would (a) withdraw from consumers' bank accounts a specified amount to repay Defendants' funding to consumers when in fact Defendants regularly used customer financial information to withdraw more than the specified amount from consumers' bank accounts and (b) provide consumers with a specific amount of funding when in fact Defendants regularly provided consumers with less than the specified amount of funding.   Therefore, Defendant Jonathan Braun's acts and practices violate Section 521 of the GLB Act, 15 U.S.C. § 6821, and constitute deceptive acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

21. Defendant Jonathan Braun, individually and together with others under his direct or indirect control, withdrew amounts from consumers' bank accounts that was more than the agreed upon Total Purchased Amount from at least 395 deals with consumers during the five-year period before the FTC filed this action and from at least 357 deals with consumers during the three-year period before the FTC filed this action, each instance being a violation of Section

521 of the GLB Act.   The average amount by which Defendant Jonathan Braun, individually and together with others under his direct or indirect control, over collected from consumers was at least $8,579.   Therefore, Defendant Jonathan Braun has caused injury to consumers of at least $3,062,703 as a direct result of these violations of Section 521 of the GLB Act.

22. Defendant Jonathan Braun, individually and together with others under his direct or indirect control, deducted more in fees than what was specified in consumers' merchant agreements resulting in consumers receiving less than what was agreed upon from at least 518 deals with consumers during the five-year period before the FTC filed this action and from at least 468 deals with consumers during the three-year period before the FTC filed this action, each instance being a violation of Section 521 of the GLB Act.   The average amount by which Defendant Jonathan Braun, individually and together with others under his direct or indirect control, underfunded consumers by deducting more in fees than what was specified in consumers' merchant agreements was at least $2,817.   Therefore, Defendant Jonathan Braun has caused consumer injury of at least $1,318,356 as a direct result of these violations of Section 521 of the GLB Act

23. Consumers have suffered and will continue to suffer substantial injury as a result of Defendant Jonathan Braun's violations of the FTC Act and Section 521 of the GLB Act.   In addition, Defendant Jonathan Braun has been unjustly enriched as a result of his unlawful acts or practices. Absent injunctive relief by this Court, Defendant Jonathan Braun is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

24. Based on the record before this Court, the Court finds that there is no genuine issue as to any material fact, and the FTC is entitled to judgment as a matter of law against Defendant Jonathan Braun pursuant to Federal Rule of Civil Procedure 56.

25. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes this Court to grant injunctive relief as the Court may deem appropriate to halt violations of any provision of law enforced by the FTC.

26. This Court concludes that the danger of future violations by Defendant Jonathan Braun justifies the issuance of injunctive relief. Specifically, it is proper in this case to issue a permanent injunction that: (a) bans Defendant Jonathan Braun from marketing or collecting on certain financing products as well as engaging in debt collection activities; (b) prohibits Defendant Jonathan Braun from making various misrepresentations regarding any product or service; (c) prohibits Defendant Jonathan Braun from making charges with consumers' express, informed consent; (d) requires Defendant Jonathan Braun to dismiss all pending actions against consumers and file satisfactions of judgment for all terminated cases, remove all liens against consumers, and remove all negative information from consumers' credit reports; (e) prohibits Defendant Jonathan Braun from obtaining consumers' financial information by using false, fraudulent, or fictitious statements or otherwise violating the GLB Act; (f) prohibits Defendant Jonathan Braun from disclosing, using, or benefitting from customer information of any person that any Defendant obtained before the entry of this Order in connection with their marketing and sale of mortgage assistance relief services; and (g) provides other ancillary relief necessary to assist the FTC and the Court in monitoring Defendant Jonathan Braun's compliance with such a permanent injunction.

27. Section 19 of the FTC Act, 15 U.S.C. § 57b, and Section 522(a) of the GLB Act, 15 U.S.C. § 6822(a), authorizes this Court to grant such relief as the Court finds necessary to redress injury to consumers resulting from Defendant Jonathan Braun's violations of the GLB Act, including but not limited to refund of money or return of property.

28. It is proper in this case to enter a monetary judgment against Defendant Jonathan Braun for his violations of Section 521 of the GLB Act to redress consumer injury as found in Findings 21-23. The FTC is entitled to judgment against Defendant Jonathan Braun in the amount of $3,398,826.

29. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by the Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d), authorizes this Court to award monetary civil penalties of up to $46,517 for each violation of the GLB Act. *See* 16 C.F.R. § 1.98(d) (2022). Each instance in which Defendant Jonathan Braun has failed to comply with Section 521 of the GLB Act, 15 U.S.C. § 6821, constitutes a separate violation of the GLB Act for the purpose of assessing monetary civil penalties.

30. Taking into account Defendant Jonathan Braun's degree of culpability, history of prior conduct, ability to pay, effect on ability to continue to do business, and such other matters as justice requires, it is proper in this case to enter a civil penalty against Defendant Jonathan Braun for each of the 913 violations of Section 521 of the GLB Act found in Findings 20-22. The FTC is thus entitled to judgment against Defendant Jonathan Braun in the amount of $42,470,021.

31. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

32. Pursuant to Federal Rule of Civil Procedure 65(d) the provisions of this Order are binding upon Defendant Jonathan Braun, his successors and assigns, and his officers, agents, employees and attorneys, and upon those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

33. Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Clear(ly) and Conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary Consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary Consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary Consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary Consumers" includes reasonable members of that group.

B. **"Consumer"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

C. **"Covered Products or Services"** means any product or service represented, expressly or by implication, to provide or assist in providing, directly or indirectly, funds in exchange for future receivables, revenues, or proceeds.

D. "**Debt**" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

E. **"Debt Collection Activities"** means any activities of a Debt Collector to collect or attempt to collect, directly or indirectly, a Debt owed or due, or asserted to be owed or due.

F. **"Debt Collector"** means any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any Debts, or who regularly collects or attempts to collect, directly or indirectly, Debts owed or due or asserted to be owed or due another. The term also includes any creditor who, in the process of collecting its own Debts, uses any name other than its own which would indicate that a third person is collecting or attempting to collect such Debts. The term also includes any person to the extent such person collects or attempts to collect any Debt that was in default at the time it was obtained by such person.

G. **"Express, Informed Consent"** means an affirmative act communicating unambiguous assent to be charged, made after receiving and in close proximity to a Clear and Conspicuous Disclosure of all material information related to the charge, including (a) the product, service, fee, or interest associated with the charge; (b) the specific amount of the charge; and (c) whether the charge is recurring and the frequency of recurrence.

H. **"Person"** mean a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

## ORDER

## BAN

I. **IT IS THEREFORE ORDERED** that Defendant Jonathan Braun, whether acting directly or indirectly, is permanently restrained and enjoined from:

A. Advertising, marketing, promoting, offering, providing, arranging for, assisting any Consumer in receiving or applying for, or collecting or attempting to collect payment or

other consideration in connection with, any Covered Product or Service;

B. Assisting others engaged in advertising, marketing, promoting, offering, providing, arranging for, assisting any Consumer in receiving or applying for, or collecting or attempting to collect payment or other consideration in connection with, any Covered Product or Service; and

C. Participating in any Debt Collection Activities.

**PROHIBITION AGAINST MISREPRESENTATIONS**

II. **IT IS FURTHER ORDERED** that Jonathan Braun, his officers, agents, employees, and attorneys, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, distributing, servicing, offering, or selling any product or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A. Any requirements for obtaining a product or service;

B. The existence, amount, or timing of any fees or charges, or the total cost;

C. Any benefit of any product or service, including any amount of money a Consumer might receive or obtain;

D. What circumstances would constitute a breach of contract;

E. That any Person can participate in any activities banned by Section I of this Order or otherwise prohibited by this Order;

F. That a Consumer has a legal obligation to pay any Person;

G. Any other material fact, including any material restrictions, limitations, or conditions; or any material aspect of performance, efficacy, nature, or central characteristics.

## PROHIBITION AGAINST UNAUTHORIZED CHARGES

**III**.    **IT IS FURTHER ORDERED** that Jonathan Braun, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from causing debits or withdrawals to be made from any Consumer's bank or other financial account, or from billing any Consumer for any charge, without the Consumer's Express, Informed Consent.

## PROVISIONS RELATING TO JUDGMENTS, LIENS, AND CREDIT REPORTING

**IV**.    **IT IS FURTHER ORDERED** that Defendant Jonathan Braun, within thirty (30) days of the date of entry of this Order, shall:

A. In every case in which Defendant Jonathan Braun or any Person owned or controlled, directly or indirectly, by Defendant Jonathan Braun is or was a plaintiff and in which a customer of any Defendant is or was a defendant, file (i) for pending cases, a motion to dismiss such case with prejudice, or (ii) for concluded cases in which a judgment against a customer of any Defendant was entered, a satisfaction of judgment;

B. File a termination statement relating to any UCC lien and take all necessary steps to withdraw, extinguish, or remove any other lien where Defendant Jonathan Braun or any Person owned or controlled, directly or indirectly, by Defendant Jonathan Braun is a creditor and any customer of any Defendant is a debtor; and

C. For any negative or derogatory information or Debt owed or purported to be owed by any customer that Defendant Jonathan Braun or any Person owned or controlled, directly or indirectly, by Defendant Jonathan Braun reported or caused to be reported to a credit reporting agency prior to entry of this Order, Defendant Jonathan Braun shall request that each such credit reporting agency delete such negative or derogatory information or Debt from the customer's credit reporting file.

**INJUNCTION RELATED TO CUSTOMER FINANCIAL INFORMATION**

V.   **IT IS FURTHER ORDERED** that Defendant Jonathan Braun, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

A. Obtaining or attempting to obtain customer information of a financial institution (including but not limited to bank account routing number, account number, and log-in credentials) from a Consumer by making false, fictitious, or fraudulent statements or representations to any Consumer or financial institution; or

B. Violating the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809, §§ 6821-6827.

**MONETARY JUDGMENT AND CIVIL PENALTY**

VI.   **IT IS FURTHER ORDERED** that:

A. Judgment in the amount of FOUR MILLION, THREE HUNDRED AND EIGHTY-ONE THOUSAND, AND FIFTY-NINE Dollars ($4,381,059) is entered in favor of the FTC against Defendant Jonathan Braun, with post-judgment interest at the legal rate, as monetary relief pursuant to Section 19 of the FTC Act, 15 U.S.C. § 57b, for Defendant

Jonathan Braun's violations of Section 521 of the GLB Act. This judgment is joint and several with (1) the judgment entered in this case against Defendants RAM Capital Funding LLC and Tzvi Reich on January 8, 2022 (ECF No. 102) and (2) any judgment that may be entered in this case against Defendants RCG Advances, LLC and Robert Giardina.

B. The judgment entered in Section VI.A is enforceable against any asset, real or personal, whether located within the United States or outside the United States, owned jointly or singly by, on behalf of, for the benefit of, in trust by or for, or as a deposit for future goods or services to be provided to, Defendant Jonathan Braun, whether held as tenants in common, joint tenants with or without the right of survivorship, tenants by the entirety, and/or community property.

C. In partial satisfaction of the judgment against Defendant Jonathan Braun entered in Section VI.A, any financial or brokerage institution, escrow agent, title company, commodity trading company, business entity, or person, whether located within the United States or outside the United States, that holds, controls, or maintains accounts or assets of, on behalf of, or for the benefit of, Defendant Jonathan Braun, whether real or personal, whether located within the United States or outside the United States, shall, within ten (10) business days from receipt of a copy of this Order, turn over such account or asset to the FTC or its designated agent.

D. Judgment in the amount of FORTY-TWO MILLION, FOUR HUNDRED AND SEVENTY THOUSAND, AND TWENTY-ONE Dollars ($42,470,021) is entered in favor of the FTC against Defendant Jonathan Braun, with post-judgment interest at the legal rate, as a civil penalty pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C.

§ 45(m)(1)(A), for Defendant Jonathan Braun's violations of Section 521 of the GLB Act.

E.  The judgment entered in Section VI.D is enforceable against any asset, real or personal, whether located within the United States or outside the United States, owned jointly or singly by, on behalf of, for the benefit of, in trust by or for, or as a deposit for future goods or services to be provided to, Defendant Jonathan Braun, whether held as tenants in common, joint tenants with or without the right of survivorship, tenants by the entirety, and/or community property.

F.  In partial satisfaction of the judgment against Defendant Jonathan Braun entered in Section VI.D, any financial or brokerage institution, escrow agent, title company, commodity trading company, business entity, or person, whether located within the United States or outside the United States, that holds, controls, or maintains accounts or assets of, on behalf of, or for the benefit of, Defendant Jonathan Braun, whether real or personal, whether located within the United States or outside the United States, shall, within ten (10) business days from receipt of a copy of this Order, turn over such account or asset to the FTC or its designated agent.

G.  Defendant Jonathan Braun relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

H.  All money received by the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.   If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the FTC may apply any remaining money

for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

## CUSTOMER INFORMATION

**VII**. **IT IS FURTHER ORDERED** that Defendant Jonathan Braun, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the FTC to efficiently administer consumer redress. If a representative of the FTC requests in writing any information related to redress, Defendant Jonathan Braun must provide it, in the form prescribed by the FTC, within 14 days;

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the offering of small business funding products; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the FTC.

D. Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## ORDER ACKNOWLEDGMENTS

**VIII**. **IT IS FURTHER ORDERED** that Defendant Jonathan Braun obtain acknowledgments of receipt of this Order:

A. Defendant Jonathan Braun, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 10 years after entry of this Order, Defendant Jonathan Braun for any business that he, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct specified in Sections I, II, and III, and all agents and representatives who participate in conduct specified in Sections I, II, and III; (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Defendant Jonathan Braun delivered a copy of this Order, he must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

**COMPLIANCE REPORTING**

**IX**. **IT IS FURTHER ORDERED** that Defendant Jonathan Braun make timely submissions to the FTC:

A. One year after entry of this Order, Defendant Jonathan Braun must submit a compliance report, sworn under penalty of perjury:

    1. Defendant Jonathan Braun must:   (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with him; (b) identify all of his businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which he must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how he is in compliance with each Section of this Order, including providing an itemized list of judgments, liens, and/or negative or derogatory information or Debt reported to credit reporting agencies subject to Section IV and the disposition of each; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

    2. Additionally, Defendant Jonathan Braun must:   (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest;

and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, Defendant Jonathan Braun must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

   1. Defendant Jonathan Braun must report any change in:  (a) any designated point of contact; or (b) the structure of any entity that he has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

   2. Additionally, Defendant Jonathan Braun must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Defendant Jonathan Braun must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.   Executed on:   _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:   Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC   20580.   The subject line must begin:   FTC v. RCG Advances, LLC, Matter No. X200045.

## RECORDKEEPING

**X.**   **IT IS FURTHER ORDERED** that Defendant Jonathan Braun must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.   Specifically, Defendant Jonathan Braun, for any business that he, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.  accounting records showing the revenues from all goods or services sold;

B.  personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:   name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.  all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E.  a copy of each unique advertisement or other marketing material.

## COMPLIANCE MONITORING

**XI**.    **IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant Jonathan

Braun's compliance with this Order and any failure to transfer any assets as required by this

Order:

A.  Within 14 days of receipt of a written request from a representative of the FTC, Defendant

Jonathan Braun must:   submit additional compliance reports or other requested

information, which must be sworn under penalty of perjury; appear for depositions; and

produce documents for inspection and copying.   The FTC is also authorized to obtain

discovery, without further leave of court, using any of the procedures prescribed by

Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36,

45, and 69.

B.  For matters concerning this Order, the FTC is authorized to communicate directly with

Defendant Jonathan Braun.   Defendant Jonathan Braun   must permit representatives of

the FTC to interview any employee or other person affiliated with any Defendant who has

agreed to such an interview.   The person interviewed may have counsel present.

C.  The FTC may use all other lawful means, including posing, through its representatives, as

Consumers, suppliers, or other individuals or entities, to Defendant Jonathan Braun or any

individual or entity affiliated with him, without the necessity of identification or prior

notice.   Nothing in this Order limits the FTC's lawful use of compulsory process,

pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.  Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning Defendant Jonathan Braun, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## RETENTION OF JURISDICTION

XII.  **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this _____ day of _____, 2022.**

_____
Lewis A. Kaplan
United States District Judge