

Direct line (516) 506-0561

July 14, 2022

**Via ECF**
Honorable Lewis A. Kaplan
United States District Judge
U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    **20-cv-04432-LAK**
                  **Federal Trade Commission v. RGC Advances, LLC et al.**

Dear Judge Kaplan:

      Our firm represents Broad Street Global Fund SCSp ("Broad Street Fund") and its general partner, Broad Street GP II S.'ar.l. ("Broad Street GP") (collectively, "Broad Street"), CJS Technology Select Management ("CJS Select"), CJS Select Technology Fund LLC and CJS Financial Advisors LLC.  We respectfully make this special appearance without waiving objections to personal jurisdiction seeking to vacate the Court's Order Directing Liquidation and Transfer of Certain Assets to Effectuate Final Order (the "Order") (ECF No. 138).

      It does not appear that Defendants RCG Advances, LLC and Robert Giardina (collectively, the "RCG Defendants") provided all of the necessary facts to Your Honor.  This is particularly troubling in view of their prior awareness that a dispute exists with respect to the property covered by the Order and that their actions would likely harm other investors in the Broad Street Fund.  As a consequence of such omissions, Your Honor would not be aware of the jurisdictional, legal and practical barriers at issue.

      In addition, there are several hundred investors who also own the assets that have been ordered to be liquidated, some of which assets include real estate projects that are not complete and not yet ready to be sold.  As described below, the investors, including Mr. Giardina, agreed to wait until the projects were completed before seeking redemptions.

      From review of the court file, it appears that the RCG Defendants also failed to attach any of the relevant documents (and apparently not fully apprising the FTC) showing that extensive rights of third parties are being jeopardized with no prior notice or opportunity to be heard even though a controversy has been brewing for months.  The RCG Defendants seemingly believed that by surreptitiously proceeding as they did, with no notice to our clients, they could avoid contractual requirements limiting investor redemption rights and their agreement to litigate disputes in another forum.  This is untenable.

Turning to the Order, it requires liquidation of account number xxxx299 in the name of Feingold Morgan Sanchez Trust/Escrow FBO Richmond Capital (or any successor account)(the "Account") and transfer of the proceeds to a designated Citibank account.

Broad Street Fund was established to invest the funds raised from its partners in a pool of assets. Broad Street GP is the general partner of the Broad Street Fund. CJS Select (an affiliate of Broad Street) is the administrator of the Broad Street Fund. CJS Financial Advisors LLC is a registered investment advisor affiliated with Broad Street and CJS Select Technology Fund LLC is also an affiliated entity. Richmond Capital invested funds in the Broad Street Fund and is a limited partner. Richmond Capital is believed to be owned by one or more of the RCG Defendants. The Account is a sub-account for Richmond Capital representing its proportional interest in the Broad Street Fund. The limited partnership is governed by the Special Limited Partnership Agreement (the "SLPA") annexed hereto as **Exhibit 1**.

Section 8.1 of the SLPA (under "Redemption of Partnership Interests") provides in pertinent part that (i) "A Limited Partner may not, of its own initiative, require the relevant Sub-Fund to redeem its shares," and (ii) "Upon a decision by the General Partner to redeem any Interests, such redemption shall be up to the amount and in terms **specified by the General Partner in a notice served to the Partners**. Such notice will specify the number of Interests to be redeemed, the redemption price which shall be equal to the value and the redemption date as to be determined by the General Partner." (Emphasis supplied).

There are two notices at issue here. The first notice is for Portfolio F1 (annexed hereto as **Exhibit 2**), and provides that there cannot be a withdrawal of greater than 50% of account value in any calendar year. The second notice is for Portfolio R2 (annexed hereto as **Exhibit 3**), and provides that "investor funds are locked up until all real estate in the portfolio has been liquidated. It is the Manager's intent to liquidate all assets on or before January 1, 2023 provided market conditions permit unless so extended due to inability to obtain sufficient return." This lock up in the second notice remains in place and the real estate involves several hundred investors. Thus, there are numerous investors in the Broad Street Fund all bound by redemption rights just as the RCG Defendants.

As reflected in the most recent statement for the Account for the quarter ended March 31, 2022 (**Exhibit 4** hereto), the Account holds publicly traded stocks valued at approximately $2.6 million for Portfolio F1 which are held by approximately one hundred investors, all of whom have respected their contractual redemption provisions that do not permit the liquidation which the RCG Defendants clandestinely asked this Court to approve. In addition, there is illiquid real estate valued at approximately $4 million for Portfolio R2 involving real estate projects presently not complete.

The RCG Defendants apparently failed to advise the Court that they already put in their redemption request for calendar year 2022 and actually already received the funds. Thus, on April 22, 2022, a wire transfer of $1,333,538.68 was sent to attorney Iandola's trust account *which satisfied the total remaining redemption amount permitted under the SLPA*. Under these circumstances, we cannot fathom that Defendants did not properly insure that our clients received proper advance notice and an opportunity to object in connection with the application for the Order.

Any further redemption, including by transfer or liquidation, is wholly inconsistent with Broad Street's rights with respect to partner redemptions.  We submit that the RCG Defendants have no basis to breach the parties' agreement (*i.e.*, the SLPA) and my clients therefore object to any liquidation or transfer as set forth in the Order.

Moreover, there are practical considerations, as well, which establish the necessity of redemption restrictions. Richmond Capital is but one of numerous investors.  A withdrawal or liquidation would likely cause damage to the other investors by, in the case of Portfolio F1, selling securities under adverse conditions (and undesirable prices and downward selling pressure) simply to satisfy a single investor who is improperly acting contrary to the SLPA.

Even more dramatic in the case of Portfolio R2, a withdrawal or liquidation of a portion of the private, non-publicly traded real estate portfolio would likely cause significant damage to the other investors since these interests are not perfectly divisible and an untimely gun-to-the-head sale would likely result in a lower than anticipated or desirable sale price for investors.

In addition, to our initial point regarding jurisdiction, the parties agreed in the SLPA (at Section 15.3) that "All disputes involving this SLP Agreement, the investors, the General Partner including its affiliates and legal and accounting professionals or any investment related to this SLP Agreement shall only be pursued and resolved in a court in the country of Luxembourg." As such, this dispute is also in the wrong forum.

The RCG Defendants had represented to my clients that they were going to file a lawsuit.  To my clients' surprise, they instead covertly filed what was an allegedly unopposed motion without advising the Court of the foregoing material facts and circumstances.

For these reasons, we respectfully request that Your Honor vacate the Order without the need for additional motion practice or, at minimum, stay the Order pending resolution of this dispute in the proper forum.  We are available for a conference with the Court to discuss these issues and await further instruction from Your Honor.

Respectfully submitted,

/s/ *Irwin Weltz*
Irwin Weltz

Encls.
cc:  All Counsel of Record (via ECF)