**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
FEDERAL TRADE COMMISSION,

        Plaintiff,

   -against-

RCG ADVANCES, LLC, RAM CAPITAL
FUNDING, LLC, ROBERT L. GIARDINA,
JONATHAN BRAUN, and TZVI REICH,

        Defendants.
-----------------------------------------------------------X

Case No. 20-CV-04432-LAK

**DECLARATION OF**
<u>**STEVEN BALDASSARRA**</u>

Steven Baldassarra declares under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

    1.    I am the Manager of Broad Street Global Fund SCSp ("Broad Street Fund"), Broad Street GP II S.'ar.l. ("Broad Street GP"), CJS Technology Select Management LLC ("CJS Management LLC"), CJS Technology Select Fund LLC ("CJS Fund LLC") and CJS Financial Corp. ("CJS Advisers") (collectively, "Broad Street" or "Broad Street Intervenors").[1] I make this declaration in support of the application brought by order to show cause to intervene in the above action pursuant to Rule 24 of the Federal Rules of Civil Procedure for the limited purpose of seeking an order vacating the Court's Order Directing Liquidation and Transfer of Certain Assets to Effectuate Final Order (ECF No. 138) (the "Liquidation Order") and for an interim stay of (a)

---

[1] Broad Street Fund is a special limited partnership organized in Luxembourg, with its principal place of business located in Luxembourg. Broad Street GP is a société à responsabilité limitée organized in Luxembourg, with its principal place of business located in Luxembourg. CJS Management LLC is a Delaware limited liability company, with its principal place of business located in South Carolina. Each of the members of CJS Management LLC are citizens and residents of South Carolina. CJS Fund LLC is a Delaware limited liability company, with its principal place of business located in New Hampshire. There are three members of CJS Fund LLC: two members are citizens and residents of South Carolina, and the other member is a citizen and resident of New Hampshire. CJS Advisers is a Florida corporation, with its principal place of business located in New Hampshire.

1

any enforcement efforts, and (b) any actions or performance, in connection with the Liquidation Order pending a final disposition of the motion to intervene and decision on vacating the Liquidation Order. I make this declaration based upon my own personal knowledge unless otherwise stated.

2. As I understand it, this action involves claims brought by the Federal Trade Commission (the "FTC") against various Defendants, including Defendants RCG Advances, LLC (f/k/a Richmond Capital) and Robert L. Giardina (collectively, the "RCG Defendants"), for violations of Federal law. As I understand it, the FTC and the RCG Defendants have resolved their dispute pursuant to a Court approved settlement and as part of that settlement, the RCG Defendants are required to make certain payments to the FTC.

3. As I am now aware, on or about July 8, 2022, the FTC and the RCG Defendants apparently filed a joint Stipulated Motion for Order Directing Liquidation and Transfer of Certain Assets to Effectuate Final Order. *See* ECF 137 and 137-1. Neither the FTC nor the RCG Defendants provided any notice of this application to the Broad Street Intervenors. This is particularly troubling since the RCG Defendants are well aware that they are not entitled to obtain the property covered by the application at this time (the "Property").

4. The Property subject to the Liquidation Order includes a limited partnership interest owned by Defendant RCG Advances, LLC in the Broad Street Fund, which includes a series fund referred to as Portfolio F1 and a series fund referred to as Portfolio R2. As the RCG Defendants are well aware, Defendant RCG Advances, LLC's investor redemption rights with respect to the Property have already been exhausted for this calendar year for Portfolio F1, and there remains a lock up on investor redemptions with respect to Portfolio R2, which includes illiquid, ongoing real estate investment projects that are presently not complete.

5. Without this vital information, known to the RCG Defendants, the Court approved the parties' application and issued the Liquidation Order.

6. The Broad Street Fund was established to invest the funds raised from its partners in a pool of assets. Broad Street GP is the general partner of the Broad Street Fund. CJS Management LLC (an affiliate of Broad Street) is the administrator of the Broad Street Fund. CJS Advisers is a registered investment advisor affiliated with Broad Street and CJS Fund LLC is also an affiliated entity. As described, Defendant RCG Advances, LLC invested funds in the Broad Street Fund and is a limited partner. The account referenced in the Liquidation Order (the "Account") is a sub-account for Defendant RCG Advances, LLC representing its proportional interest in the Broad Street Fund (*i.e.*, Portfolio F1 and Portfolio R2).

7. As reflected in the most recent statement for the Account for the quarter ended March 31, 2022, the Account holds publicly traded stocks valued at approximately $2.6 million for Portfolio F1. There are approximately 150 investors in Portfolio F1 and Portfolio F1 includes a mix of securities, many of which are not considered actively traded. There are approximately 400 investors in Portfolio R2 and Portfolio R2 includes illiquid, ongoing real estate investments that are presently not completed and valued at approximately $4 million. *See* **Exhibit A** true and correct copy of the most recent investor statement for the Account for the quarter ended March 31, 2022.

8. The limited partnership is governed by the Special Limited Partnership Agreement (the "SLPA"), a true copy of which is annexed hereto as **Exhibit B**. Section 8.1 of the SLPA (under "Redemption of Partnership Interests") provides in pertinent part that (i) "A Limited Partner may not, of its own initiative, require the relevant Sub-Fund to redeem its shares," and (ii) "Upon a decision by the General Partner to redeem any Interests, such redemption shall be up to the

amount and in terms **specified by the General Partner in a notice served to the Partners**. Such notice will specify the number of Interests to be redeemed, the redemption price which shall be equal to the value and the redemption date as to be determined by the General Partner." (Emphasis supplied). Defendant RCG Advances, LLC has previously received a copy of the SLPA and agreed to be bound by it.[2]

9.      There are two notices at issue here, both of which have been provided to the limited partners, including Defendant RCG Advances, LLC.

10.     The first notice is for Portfolio F1, and it provides that there cannot be a withdrawal of greater than 50% of account value in any calendar year. A true and correct copy of the first notice is annexed hereto as **Exhibit C**.

11.     The RCG Defendants apparently failed to advise the Court that Defendant RCG Advances, LLC already put in their redemption request for calendar year 2022 for Portfolio F1 and actually already received 1,333,538.68 (the "Redeemed Sum"). Thus, on April 22, 2022, a wire transfer of $1,333,538.68 was sent to attorney Iandolo's trust account. The Redeemed Sum represents the "50% of account value in any calendar year" for the F1 Portfolio in the Account *which satisfied the total remaining redemption amount permitted under the SLPA for calendar year 2022*. Consequently, the RCG Defendants are not entitled to any further redemptions for calendar year 2022. In addition to breaching the SLPA, the Liquidation Order would also adversely impact the limited partnership and its investors by requiring the forced sale of pooled investments under current market conditions, negatively impact fund valuations and force the

---

[2] In addition, the parties agreed in the SLPA (at Section 15.3) that "All disputes involving this SLP Agreement, the investors, the General Partner including its affiliates and legal and accounting professionals or any investment related to this SLP Agreement shall only be pursued and resolved in a court in the country of Luxembourg."

general partner into a premature, disorderly liquidation of investor assets - - the opposite of seeking to maximize investor gains. This is precisely the reason for limitations on redemptions.

12. The second notice is for Portfolio R2 and it provides that "investor funds are locked up until all real estate in the portfolio has been liquidated. It is the Manager's intent to liquidate all assets on or before January 1, 2023, provided market conditions permit unless so extended due to inability to obtain sufficient return." A true and correct copy of the second notice is annexed hereto as **Exhibit D**. This lock up in the second notice remains in place. A premature, forced liquidation of Portfolio R2, if it even could be done, will, *inter alia*, compromise and significantly impair the completion of the underlying real estate projects as the outflow of such capital will necessarily need to be raised elsewhere and any such delay or lack of capital will have a material adverse effect on those projects, and most significantly, put in jeopardy the investments made by the other limited partners.

13. None of the other limited partners have sought to violate these critically necessary redemption restrictions.

14. In April 2022, Anthony Varbero, Esq., counsel for the RCG Defendants, contacted me by telephone, and demanded that I had to fully redeem Defendant RCG Advances, LLC's limited partnership interest. I specifically advised Mr. Varbero that the SLPA restricted his client from obtaining any further redemption beyond the wire described above and that we would not be complying with his improper request. *See* true and correct copies of emails with Anthony Varbero, Esq. annexed hereto as **Exhibit E**.

15. During another telephone call with Mr. Varbero at around the same time frame, he advised me that the Redeemed Sum was intended to be used to pay and satisfy a portion of a settlement that, according to Mr. Varbero, had been agreed to between the RCG Defendants and

the FTC, but that Mr. Giardina had spent the Redeemed Sum on six-figure legal bills to his legal counsel and asked me to ignore the redemption restrictions as a favor. Mr. Varbero further volunteered that Mr. Giardina actually had the ability to use other assets to satisfy the FTC, but that Mr. Giardina could not use such assets because he did not disclose them to the FTC. I declined Mr. Varbero's demand as further redemptions are not permitted under the SLPA.

16. Mr. Varbero also advised me that he would be filing a lawsuit over their improper redemption requests. We waited to receive the lawsuit papers, but they never arrived. Instead, on July 11, 2022, I received an email from the FTC enclosing the Liquidation Order. *See* **Exhibit F** hereto. This is the first point in time that we were notified of (and became aware of) what was going on here. Also, contrary to the Liquidation Order, the RCG Defendants have not even provided wire transfer instructions.

17. No previous application for similar relief has been made.

18. For the reasons stated in our moving papers, I respectfully request that the Court grant the Broad Street Intervenors' motion in its entirety.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on this 18 day of July 2022 in Greenville, SC.

_____
Steven Baldassarra