UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

FEDERAL TRADE COMMISSION,   Case No. 20-CV-4432-LAK

    Plaintiff,

    v.

RCG ADVANCES, LLC, RAM CAPITAL
FUNDING, LLC, ROBERT L. GIARDINA,
JONATHAN BRAUN, and TZVI REICH,

    Defendants.
-------------------------------------------------------------X

## DEFENDANTS RCG ADVANCES, LLC AND ROBERT L. GIARDINA'S STATUS REPORT

Defendants RCG Advances, LLC ("**RCG**") and Robert Giardina (collectively, the "**RCG Defendants**") file this Status Report to provide an update to the Court regarding events which have occurred after the July 20, 2022 hearing on Proposed Intervenors' Application Seeking to Intervene for Limited Purpose of Vacating Liquidation Order and for Emergency Interim Stay (the "**Proposed Intervenors' Application**") (D.E. 144) and following the entry of the Court's July 20, 2022 Order to Show Cause (the "**Order to Show Cause**") (D.E. 151).

    1.    Following the hearing on July 20, 2022 the Proposed Intervenors informed undersigned counsel, by letter dated July 28, 2022, that (a) they would be wiring that same day $1,336,538.62, representing the alleged remainder of the RCG's purported limited partnership interest in the "F1" portfolio (purportedly held in publicly traded stocks) of the CJS Technology Select Fund; and (b) they would "immediately put up for sale" the RCG Defendants' purported limited partnership interest in the "R2" portfolio (purportedly made up of illiquid real estate

projects) and intended to wire such funds "upon receipt," although they provided no details regarding the proposed sale.

2. On July 28, 2022, the wire in the amount of $1,366,538.62 referenced above was received by Mr. Iandolo's Trust Account referenced in the Court's July 8, 2022 Order Directing Liquidation and Transfer of Certain Assets to Effectuate Final Order (the "**Liquidation Order**") (D.E. 138).

3. To date, Mr. Iandolo has not received the purported sales proceeds of the purported limited partnership interest in the R2 portfolio of real estate, which has been repeatedly and most recently valued by the Proposed Intervenors at $4,000,000.00. We have made clear to the Proposed Intervenors' counsel that David Feingold ("**Feingold**") is liable for the Escrow Funds, and to the extent he is liquidating to comply with the Liquidation Order, he will remain liable for the entire remaining balance of the Escrow Funds.

4. We note that in its Order to Show Cause, the Court explicitly struck that portion of the proposed order that would have stayed enforcement as against the Court's Liquidation Order (which directed the liquidation and transfer of all proceeds to Mr. Iandolo's Trust Account within 5 days). *See* D.E. 151. Nevertheless, we have thus far refrained from seeking a finding of contempt or further enforcement action, at least for the time being, as we continue to try to work through these and various other related issues with opposing counsel.

5. On August 2, 2022, the RCG Defendants demanded a full accounting (the "**Demand for Accounting**") from Feingold regarding the $9,070,000 wired from the RCG Defendants to Feingold and Feingold Morgan Sanchez LLC between December 11, 2018

and April 29, 2019 (the "**Escrow Funds**"). The Demand for Accounting was made pursuant to the Rules Regulating the Florida Bar, Rule 5-1.2 (requiring Florida-admitted attorneys such as Feingold to maintain financial records of the sort requested in the Demand for Accounting for six [6] years), and requested the records that Feingold is required to maintain by law as an escrow agent and member of the Florida Bar.

6. The RCG Defendants attempted to meet-and-confer with counsel for the Proposed Intervenors prior to filing this Status Report, but were unable to do so due to counsel for the Proposed Intervenors' unavailability.

7. Feingold, through counsel, has begun to provide certain documents related to the Escrow Funds and the Demand for Accounting, but production is continuing and is far from complete. Notably, the documents that have been provided by counsel for Feingold raise many additional questions and concerns that will need to be answered regarding how Feingold and Proposed Intervenors handled and disbursed the Escrow Funds. In this regard, the RCG Defendants are continuing to meet-and-confer with counsel for Feingold and the Proposed Intervenors in the hopes of achieving a satisfactory resolution and a full and complete accounting of the Escrow Funds.

8. In light of these developments, the Proposed Intervenors' Application seeking intervention would seem to be largely moot, to the extent that the Proposed Intervenors seek to vacate the Liquidation Order. What remains undetermined at this time is the status of the Escrow Funds. With the Court's permission, the RCG Defendants propose to provide a further status update to the Court on or before August 31, 2022, and request that the briefing schedule provided in the Order to Show Cause be withdrawn and held in abeyance until that time.

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**

By: /s/ *Marissa A. Reichel*
     Alan J. Kluger, Esq. (AK5039)
     akluger@klugerkaplan.com
     Marissa A. Reichel, Esq. (MR2828)
     mreichel@klugerkaplan.com
     Citigroup Center, 27th Floor
     201 S. Biscayne Blvd.
     Miami, Florida 33131
     Telephone: (305) 379-9000