UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FEDERAL TRADE COMMISSION,

        Plaintiff,                              Case No. 20-CV-04432-LAK

   -against-

RCG ADVANCES, LLC, RAM CAPITAL
FUNDING, LLC, ROBERT L. GIARDINA,
JONATHAN BRAUN, and TZVI REICH,

        Defendants.
----------------------------------------------------------X

## BROAD STREET INTERVENORS' STATUS REPORT

Proposed intervenors Broad Street Global Fund SCSp, Broad Street GP II S.'ar.l., CJS Technology Select Management LLC, CJS Technology Select Fund LLC and CJS Financial Corp. (collectively, "Broad Street Intervenors"),[1] by and through their undersigned counsel, respectfully submit this Status Report.

1.     It is unfortunate that counsel for Defendants RCG Advances, LLC and Robert L. Giardina (the "RCG Defendants") decided to file a purported status report without providing us with an opportunity to comment or make it a joint report, as is typically the case, or even giving any notice that they would be making any such filing. [ECF No. 155]. The undersigned counsel was hardly unavailable and the urgency for such a filing by the RCG Defendants is also difficult to understand in view of the multiple meet and confers held since the July 20, 2022 hearing before Your Honor and the seeming productivity of such calls.[2]

---

[1] The undersigned counsel also represents David Feingold ("Feingold") in this proceeding.

[2] At **4:25p.m.** on August 11, 2022, counsel for the RCG Defendant's emailed counsel for the Broad Street Intervenors asking "Are you available for a call today at 4:30 pm or 5:00 pm?". A voicemail was then left from counsel for the RCG Defendants. To be clear, there was no planned meet and confer scheduled for August 11, 2022 or after. Shortly thereafter on August 11, 2022, counsel for the Broad Street Intervenors

2.      During the July 20, 2022, hearing before Your Honor, respective counsel for the RCG Defendants and Broad Street Intervenors stated their desire to proceed with discovery,[3] which the Court permitted.  As such, it may have reasonably appeared to Your Honor that no formal stay was warranted in view of both sides' intent to proceed with discovery.  Plaintiff Federal Trade Commission ("FTC") also appeared to have no quarrel with the Broad Street Intervenors' ability to present its case.

3.      Regardless, upon receipt of wire instructions for Mr. Iandolo's trust account on July 28, 2022 (as required by the Liquidation Order), the Broad Street Intervenors, consistent with the Court's view of the F1 portfolio (publicly traded securities), wired the remaining balance of the F1 portfolio of $1,336,538.62 to Mr. Iandolo's trust account on July 28, 2022.  It had appeared that this would also satisfy the FTC at this point as no further payment would be required from the RCG Defendants until June 2023.

4.      Likewise, with respect to the R2 portfolio of seven ongoing real estate projects, the

---

emailed counsel for the RCG Defendants the Broad Street Intervenors' and Feingold's responses to discovery demands, as planned, and advised that it could not meet and confer on August 12, 2022 "because I need to attend to my wife's medical procedure, but other than tomorrow I am generally available over the weekend and early next week." Literally a minute later, counsel for the RCG Defendants inquired by email about availability for a call on August 12, 2022, even though they had already been advised of the unavailability for August 12, 2022.

[3] The Broad Street Intervenors previously filed an application to intervene in this action seeking to vacate an Order [ECF No. 138]("Liquidation Order") requiring the Broad Street Intervenors to liquidate Defendant RCG's account (which included limited partnership interests in in a portfolio fund of publicly traded securities ("F1") and a portfolio fund of seven ongoing real estate projects which are not yet complete ("R2").  There are numerous other investors in these funds.  As explained in the Broad Street Intervenors' application, redemption from the funds under the governing Special Limited Partnership Agreement is not available for F1 because that fund permits limited partners to redeem their interests up to half the value in any given calendar year and Defendant RCG had previously met that mark when it redeemed $1,336,583.63 in April 2022. There is a lock up on redemption for R2 at this time recognizing that the real estate projects are ongoing and not yet completed. *See* ECF Nos. 141-144.  Notwithstanding, as described herein, the F1 interest has been fully liquidated and the R2 interest put up for sale.

Broad Street Intervenors immediately put up for sale Defendant RCG's limited partnership interest in the portfolio.  Since R2 involves ongoing real estate projects that are not yet completed, and other investors, this is the only realistic option for liquidation of that interest at this time.  Counsel for the Broad Street Intervenors has further advised counsel for the RCG Defendants that proceeds will be transmitted upon any sale of the interest.  The oddity here is that at the same time the RCG Defendants are seeking to liquidate this interest they are simultaneously stating that "to the extent he is liquidating to comply with the Liquidation Order, he will remain liable for the entire remaining balance of the Escrow Funds." We do not agree with the RCG Defendants purported assertions of liability or otherwise.

5. After the July 20, 2022 hearing, counsel for Broad Street Intervenors and Feingold and counsel for the RCG Defendants have held two meet and confer ZOOM calls (on July 26, 2022 and August 1, 2022) and one telephone call (on August 8, 2022) regarding document requests, discovery, depositions, and scheduling, among other things.

6. On July 26, 2022, the RCG Defendants served document requests on the Broad Street Intervenors and Feingold.  On July 27, 2022, the Broad Street Intervenors and Feingold served document requests on the RCG Defendants.  It was agreed that responses to the document requests would be served on August 11, 2022, with initial productions due on August 16, 2022. Counsel for the Broad Street Intervenors and Feingold advised counsel for the RCG Defendants that they would seek to depose Defendant Giardina, Richard Cardinale and Lawrence P. Giardina. Counsel for the RCG Defendants advised counsel for the Broad Street Intervenors and Feingold that they would seek to depose Feingold and Steven Baldassarra.  Counsel for the RCG Defendants further stated that they would provide to counsel for the Broad Street Intervenors and Feingold a draft proposed case management plan for review and comment and for ultimate submission to

Your Honor. The proposed case management plan never arrived, which makes the RCG Defendants' unilateral status report filing even more puzzling.

7. Prior to the scheduled dates for responses to discovery requests, Feingold made two expedited productions of documents, on August 3 and 8, 2022. While counsel for the RCG Defendants seemingly continue to hurl baseless accusations against Feingold, their status report now shifts tenor to stating that the production purportedly "raises additional questions and concerns" without elaborating. In fact, the production includes pertinent wire receipts and disbursements, bank statements, agreements and reconciliations accounting for the $9,070,000 coming into the Escrow Account from RCG and $9,070,772.25 paid out for the benefit of RCG. Feingold looks forward to demonstrating the falsity of the accusations against him, which have been made via counsel's rhetoric only, and not through evidence, testimony or otherwise.[4] As will be demonstrated, the RCG Defendants' suggestion that they have ever been unaware of the "status of the Escrow Funds" is completely feigned and fabricated.

8. Unfortunately, the RCG Defendants failed to respond to the Broad Street Intervenors' and Feingold's document requests on August 11, 2022, the agreed to date (and this

---

[4] The motivation of the RCG Defendants becomes clearer when considered in view of the fact that prior to the proposed intervention filing, Feingold commenced litigation against Cardinale and others in the pending action styled *David Feingold and Michael Dazzo v. Richard Cardinale, Vania Cardinale, RVCNY, LLC and RVCSI, LLC*, U.S.D.C. Southern District of Florida, Case No. 1:22-cv-20375-RKS, for various misconduct and including claims for breach of fiduciary duty, conversion and fraudulent misrepresentation. A copy Feingold's First Amended Complaint in that action is annexed hereto as **Exhibit 1**. The First Amended Complaint includes various wrongful acts of Cardinale in connection with various Alternative Global entities and the reason for Feingold determining to cease communications with Cardinale. The reason being Cardinale's dispatch of Defendant Giardina (noted there as "including one person that is a known partner of Cardinale's") to the home of a business competitor to harm and intimidate the competitor (¶¶ 41-44). As Feingold will testify, Cardinale and Giardina have made abundantly clear of their goal to wrongfully harm Feingold's business and reputation by improper means unless he includes them in business ventures for which they have no entitlement. In this regard, we recently received a copy of a letter recently sent by Cardinale to Broad Street investors defaming Feingold and which attaches a copy of the transcript from the July 20, 2022 hearing before Your Honor (which includes the various unsupported assertions made by counsel for the RCG Defendants against Feingold).

remains uncured). Nor have the RCG Defendants produced any documents. We anticipate that the RCG Defendants will cure these deficiencies promptly. With the cooperation of the RCG Defendants' counsel, we anticipate continuing to meet and confer on outstanding discovery requests and scheduling of depositions with a view towards a trial before Your Honor (if permitted by the Court).

9. At some point, the RCG Defendants should be required to submit a pleading setting forth their purported claims against the Broad Street Intervenors and/or Feingold, as in the normal course of proceedings the pleading comes before discovery. We do agree that the Broad Street Intervenors' application does seem largely moot to the extent that the RCG Defendants and the FTC concur with the manner by which the Broad Street Intervenors have proceeded. To the extent that this is not the case, the proposed intervention is not moot.

10. If the Court finds it necessary or desirable to receive additional status reports in the future, we will so abide and suggest that the next report be a joint status report.

Dated: Mineola, New York
      August 15, 2022

Respectfully submitted,

WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP

By: /s/ *Irwin Weltz*
    Irwin Weltz
170 Old Country Road, Suite 310
Mineola, New York 11501
Tel: 516-506-0561
Fax: 516-855-8776
irwin@weltz.law

*Attorneys for Proposed Intervenors*
Broad Street Global Fund SCSp, Broad Street GP II S.'ar.l., CJS Technology Select Management LLC, CJS Technology Select Fund LLC, and CJS Financial Corp., and David Feingold