

**Reply to:**
**ALAN J. KLUGER**
akluger@klugerkaplan.com
**(305) 379-9000**

August 29, 2022

**VIA ECF**
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Federal Trade Commission v. RCG Advances, LLC, et al.*
             Case No. 20-cv-4432-LAK – Letter-Motion for Conference

Dear Judge Kaplan:

      As the Court may recall, we represent RCG Advances, LLC and Robert L. Giardina (collectively the "RCG Defendants") in the above-styled case in connection with efforts to recover millions of dollars of escrow funds that had been entrusted to attorney David Feingold, Esq. at Feingold Morgan Sanchez, for the express purpose of funding legal claims and associated fees and expenses (the 'Escrow Funds"). As the Court was previously made aware, the Escrow Funds were placed outside of RCG's reach and the majority still have not been returned. RCG continues to be severely prejudiced as result of these circumstances as these Escrow Funds remain unavailable to fund continuing legal claims and associated expenses as contemplated by the Court's Stipulated Order for Permanent Injunction, Monetary Judgment and Civil Penalty dated June 2, 2022 (ECF 127).

      We appeared at a hearing before Your Honor on July 20, 2022 following the Broad Street Global Fund (and related entities) (hereafter "Broad Street") filing of a proposed Order to Show Cause in which Broad Street was seeking to intervene for the purpose of vacating the Court's Order Directing Liquidation and Transfer of Certain Assets to Effectuate Final Order dated July 11, 2022 ("Liquidation Order") (ECF 138). At the conclusion of the July 20 hearing, the Court filed the Order to Show Cause, denied and struck Broad Street's request for interim relief of the Liquidation Order in the form of a stay of enforcement, and set a briefing schedule with RCG's papers due on August 31, 2022 ("Order to Show Cause") (ECF 151).

      Notwithstanding their pending application, on July 27, 2022, Broad Street (and attorney Feingold) took an about-face and advised us, in writing, that, part of the Escrow Funds with Broad Street ($1,336,538.62) would be wired to RCG that day and that the remainder of the Escrow Funds with Broad Street in the form of an interest in "portfolio R2" (a supposed portfolio of real estate projects) would be "immediately put up for sale" and the proceeds wired upon receipt.

Hon. Lewis A. Kaplan
August 29, 2022
Page 2

Broad Street has repeatedly and most recently valued RCG's purported interest in the real estate portfolio at $4 million. No further information whatsoever regarding this purported sale has been provided to RCG, despite repeated requests for the same.

In light of the above, and as we noted in our August 12, 2022 status report to the Court (ECF 155), it appeared that Broad Street's motion to intervene to vacate the Liquidation Order was largely moot and we therefore requested that the Court's briefing schedule be held in abeyance.

Notwithstanding the above, Broad Street has *still* failed to comply with the Liquidation Order and has not, as of yet, sent RCG the $4 million for its stated interest in the purported real estate portfolio. We refrained from filing a motion to hold Broad Street in contempt while we continued to try and resolve matters without the need for further Court intervention, but those efforts have broken down and proved unsuccessful. See Letter from Alan Kluger, Esq. to Irwin Weltz, Esq. dated August 28, 2022 (attached hereto as 'Exhibit A"). Moreover, despite all this time that has passed, attorney Feingold still has failed to provide RCG a full, clear, concise and understandable accounting, with supporting documentation, of exactly what happened to Escrow Funds after they were entrusted to him. And those documents that he has produced raise more questions than provide answers. Id. at 2-3

In light of the above, the RCG Defendants request that the Court schedule a conference at the earliest possible opportunity convenient for the Court, at which time we intend to seek the following relief: (1) that the briefing schedule in the Order to Show Cause be held in abeyance (or continued) as likely moot; (2) that the Court issue a directive to Broad Street to *forthwith* transfer to RCG's counsel $4 million for its stated interest in the real estate portfolio; and (3) that attorney Feingold fully and completely comply with RCG's request for an accounting and provide RCG all of the information and documentation requested in its August 2, 2022 letter requesting an accounting (attached hereto as "Exhibit B").

        Respectfully submitted,

        KLUGER, KAPLAN, SILVERMAN,
        KATZEN & LEVINE, P.L.

        By: */s/ Alan J. Kluger*
            Alan J. Kluger, Esq.

Encls.
cc:    All counsel of record (via ECF)