

Direct line 516-506-0561

August 30, 2022

*Via ECF*
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **FTC v. RCG Advances, LLC, et al.**
              Case No. 20-Cv-4432-LAK (Hon. Lewis A. Kaplan)

Dear Judge Kaplan:

    We represent proposed intervenors Broad Street Global Fund SCSp, Broad Street GP II S.'ar.l., CJS Technology Select Management LLC, CJS Technology Select Fund LLC and CJS Financial Corp. (collectively, the "Broad Street Intervenors") and David Feingold ("Feingold") in the above matter. This letter responds to the letter, dated August 29, 2022, submitted by counsel for Defendants Robert L. Giardina and RCG Advances, LLC (collectively, "RCG Defendants") seeking a conference [ECF No. 159]. The RCG Defendants' letter (and its Exhibit A) does not come close to accurately portraying the events which have transpired since the July 20, 2022, hearing before Your Honor and the extent of their gamesmanship here is troubling.

    Since the hearing, we have sought to expeditiously proceed with the limited discovery permitted by Your Honor by serving document requests on the RCG Defendants, responding to document requests from RCG and producing documents on August 3, 8, and 26, 2022. *See* correspondence annexed hereto as Exhibit A and most recently as Exhibit B. In stark contrast, the RCG Defendants have not even responded to our discovery requests, have not produced any documents and have ignored repeated requests for depositions of Mr. Giardina, Richard Cardinale and Lawrence P. Giardina. Put differently, they seek to avoid discovery and depositions of themselves on the very same issues *they* have disingenuously raised concerning the Escrow Account, and what they knew and their involvement, while simultaneously feigning complete ignorance (through counsel but not sworn testimony) of events transpiring over the course of years. This speaks volumes.

    Consequently, it is not completely surprising that on the eve of the deadline for opposition (this past Sunday evening), they sent us a letter with a revisionist history solely to be used as the inflammatory propaganda piece for their letter to the Court filed yesterday. This is much like the purported status report they filed without notice to us and their ambush at the July, 20, 2022 hearing. Tellingly, the RCG Defendants have been sitting on most of our production since August

8th, which includes wire receipts, disbursements, bank statements, agreements and reconciliations of what the RCG Defendants already well know. *See* Exhibit C hereto. There will never be enough one-way discovery to satisfy the RCG Defendants because their true goal here is something different, although not disclosed by them.[1]

The motivation of the RCG Defendants becomes clearer when considered in view of the fact that prior to the proposed intervention filing, Feingold commenced litigation against Cardinale and others in the pending action styled *David Feingold and Michael Dazzo v. Richard Cardinale, Vania Cardinale, RVCNY, LLC and RVCSI, LLC*, U.S.D.C. Southern District of Florida, Case No. 1:22-cv-20375-RKS, for various misconduct and including claims for breach of fiduciary duty, conversion and fraudulent misrepresentation. *See* ECF Nos. 156 and 156-1.[2] As Feingold will testify, Cardinale and Giardina have made abundantly clear of their goal to wrongfully harm Feingold's business and reputation by improper means unless he includes them in business ventures for which they have no entitlement. In this regard, we received a copy of a letter sent by Cardinale to Broad Street investors defaming Feingold and which attaches a copy of the transcript from the July 20, 2022 hearing before Your Honor (which includes the various unsupported assertions made by counsel for the RCG Defendants against Feingold) (Exhibit D hereto without transcript as not publicly available yet).

The Broad Street Intervenors previously filed an application to intervene in this action for the limited purpose of vacating an Order [ECF No. 138]("Liquidation Order") requiring liquidation of CJS Technology Select Management account number xxxx0997.[3] Now the RCG Defendants even complain that upon receipt of wire instructions for Mr. Iandolo's trust account on July 28, 2022 (as required by the Liquidation Order), the Broad Street Intervenors, consistent with the Court's view of the F1 portfolio (publicly traded securities), wired the remaining balance of the F1 portfolio of $1,336,538.62 to Mr. Iandolo's trust account on July 28, 2022. It had appeared that this would also satisfy the FTC at this point as no further payment would be required from the RCG Defendants until June 2023.

---

[1] Remarkably, in their Sunday evening hit piece, the RCG Defendants admit that, notwithstanding the Court's directive at the July 20, 2022 hearing, they have unilaterally determined that mutual discovery is unnecessary.

[2] The First Amended Complaint includes various wrongful acts of Cardinale in connection with various Alternative Global entities and the reason for Feingold determining to cease communications with Cardinale. The reason being Cardinale's dispatch of Defendant Giardina (noted there as "including one person that is a known partner of Cardinale's") to the home of a business competitor to harm and intimidate the competitor (¶¶ 41-44).

[3] As set forth in the Broad Street Intervenors' application, limited partner redemptions under the governing Special Limited Partnership Agreement was not available at that time for the F1 portfolio since Defendant RCG had previously met its annual redemption mark when it redeemed $1,336,583.63 in April 2022 and there has been a lock up on redemption for the R2 portfolio recognizing that the real estate projects are ongoing and not yet completed. *See* ECF Nos. 141-144. Also, it may have reasonably appeared to Your Honor that no formal stay was warranted in view of both sides' intent to proceed with discovery. Plaintiff Federal Trade Commission ("FTC") also appeared to have no quarrel with the Broad Street Intervenors' ability to present its case.

Likewise, with respect to the R2 portfolio of seven ongoing real estate projects, the Broad Street Intervenors immediately put up for sale Defendant RCG's limited partnership interest in the portfolio. Since R2 involves ongoing real estate projects that are not yet completed, and other investors, this is the only realistic option for liquidation of that interest at this time. While the value of the R2 portfolio investment is noted as $4 million on the account statements, that does translate into an obligation to transfer $4 million to Defendant RCG since any sale at this time could (and will likely) result in less than the stated value.

In sum, the RCG Defendants should not be permitted to continue to proceed as they unilaterally see fit. They have wasted the time they had to engage in limited discovery and, in any event, have been on the receiving and not producing end of things. Their belief that the briefing schedule is "likely moot" combined with the fact that no further payment is required by the FTC until June 2023, however, suggests that the Broad Street Intervenors' application can be continued if this meets with the Court approval.

>Respectfully submitted,
>
>/s/ *Irwin Weltz*
>Irwin Weltz

Encls.
cc:     All counsel of record
        (via ECF)