EXHIBIT A

## Irwin Weltz

| | |
|---|---|
| **From:** | Irwin Weltz |
| **Sent:** | Wednesday, July 27, 2022 12:53 PM |
| **To:** | Alan J. Kluger; Marissa A. Reichel; Terri Meyers |
| **Cc:** | Robert Volynsky; Thomas Wolinetz |
| **Subject:** | FTC v. RCG Advances, LLC, Robert L. Giardina, et al. 20-cv-4432 (Hon. Lewis A. Kaplan) |
| **Attachments:** | BSI Document Req. to RCG.Giardina 7.27.22.pdf; DF Document Req. to RCG.Giardina 7.27.22.pdf |

Dear Alan –

Thank you for the productive meet and confer call.

I enclose separate document requests for the Broad Street Intervenors and David Feingold.

It does not appear that you served RCG/Giardina's document requests on the other parties in this action.  Before I do so (as I believe FRCP Rule 5 requires), I would like to know whether you have served your document requests on the other parties and, if not, what your reason or position is on this issue.

Also, I await your call on the stay issue.

Please feel free to call me regarding any of these matters.

Regards,
Irwin Weltz, Esq.

## WELTZLAW

**Weltz Kakos Gerbi Wolinetz Volynsky LLP**
170 Old Country Road | Suite 310
Mineola, New York 11501
Tel:  (516) 506-0561
Fax: (516) 855-8776
Email: Irwin@weltz.law
www.weltz.law

NOTE: This e-mail is from a law firm, Weltz Kakos Gerbi Wolinetz Volynsky LLP ("W|L"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of W|L, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to W|L in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of W|L, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

**From:** Terri Meyers <TMEYERS@klugerkaplan.com>
**Sent:** Tuesday, July 26, 2022 9:50 AM
**To:** Irwin Weltz <irwin@weltz.law>
**Cc:** Alan J. Kluger <AKLUGER@klugerkaplan.com>; Marissa A. Reichel <mreichel@klugerkaplan.com>
**Subject:** FTC v. RCG Advances, LLC - RCG Advances First Request for Production to Broad Street and Feingold

Irwin,

Please see attached:

RCG Advances, LLC's First Request for Production to Broad Street
RCG Advances, LLC's First Request for Production to Feingold.

Thank you,
Terri Meyers



**Terri Meyers** | Partner
**Kluger, Kaplan, Silverman, Katzen & Levine, P.L.**
201 S. Biscayne Boulevard
Twenty Seventh Floor | Miami, FL 33131
tel (305) 379-9000 | fax (305) 379-3428

website | bio | vCard | map | email    

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com



WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP
170 OLD COUNTRY ROAD | SUITE 310
MINEOLA, NEW YORK 11501

T: (516) 320-6945
F: (516) 855-8776
WWW.WELTZ.LAW

Direct line 516-506-0561

July 28, 2022

***Via Email***
Alan J. Kluger, Esq.
Kluger, Kaplan, Silverman,
  Katzen & Levine, P.L.
The Miami Center
201 S. Biscayne Blvd., 27th Fl.
Miami, Florida 33131

>      Re:   **FTC v. RCG Advances, LLC, et al.**
>            <u>Case No. 20-Cv-4432-LAK (Hon. Lewis A. Kaplan)</u>

Dear Alan:

We represent proposed intervenors Broad Street Global Fund SCSp, Broad Street GP II S.'ar.l., CJS Technology Select Management LLC, CJS Technology Select Fund LLC and CJS Financial Corp. (the "Broad Street Intervenors") and David Feingold in the above matter. This letter responds to your letter, dated July 28, 2022.

At the outset, you have not accurately described what you call my "comment." The Liquidation Order [ECF No. 138] sets forth that the transfer be "in accordance with written instructions *to be provided* by counsel to the RCG Defendants." (emphasis added.) Not surprisingly, in the FTC's email of July 11, 2022, it states that "One of Mr. Varbero, Mr. Casagrande, or Mr. Iandolo will send you the appropriate wire transfer instructions." Further, as set forth in the Broad Street Intervenors' moving papers, "contrary to the Liquidation Order, the RCG Defendants have not even provided wire transfer instructions." In addition, I believe that I referenced the failure to provide wire instructions during oral argument before the Court, as well.

Oddly, those wire instructions were never transmitted.

With this backdrop, I noted during our meet and confer call that the Liquidation Order had not yet been triggered because the required wire instructions had not been provided. One of your colleagues responded that the Broad Street Intervenors had previously wired funds to the account in dispute. I responded that the Liquidation Order requires your clients to provide wire instructions and that the Broad Street Intervenors could not, in any event, rely on month's old wire instructions that potentially could have changed. I further stated that since the act of transmitting wire instructions is fairly simple, it appeared that your clients had, for whatever reason, deliberately not sent them.

Turning to the Liquidation Order, I am advised by the Broad Street Intervenors that CJS will today be wiring funds in the amount of $1,336,538.62 with respect to the F1 portfolio (representing the remaining value of RCG Advances, LLC's limited partnership interest), without prejudice to their positions here and preserving all of their rights. I am further advised that they will immediately put up for sale RCG Advances, LLC's limited partnership interest in the R2 portfolio (illiquid real estate projects) and will wire such sale funds upon receipt, without prejudice to their positions here and preserving all of their rights.

I look forward to our meet and confer scheduled for tomorrow or Monday as the case may be.

Sincerely,

/s/ *Irwin Weltz*
Irwin Weltz

cc:   Gregory A. Ashe, Esq.
      Julia Emmet Heald, Esq.
      Terri Meyers, Esq.
      Marissa A. Reichel, Esq.
      Anthony Varbero, Esq.
      David Casagrande, Esq.
      Jeremy M. Iandolo, Esq.

**Irwin Weltz**

| | |
|---|---|
| **From:** | Irwin Weltz |
| **Sent:** | Tuesday, August 2, 2022 3:12 PM |
| **To:** | Alan J. Kluger; Terri Meyers; Marissa A. Reichel |
| **Cc:** | Robert Volynsky; Thomas Wolinetz |
| **Subject:** | FW: FTC v. RCG, et al. - correspondence |
| **Attachments:** | Letter to Irwin Weltz (M1567531x9EC29).pdf; RCG Advances First RFP to Feingold (M1565426x9EC29).pdf |

Dear Alan –

This email briefly responds to your letter, dated August 2, 2022 (which I enclose).

In the letter, which uses the case caption of the action before Hon. Lewis A. Kaplan, you demand an accounting and request that Mr. Feingold provide various enumerated records of the "Escrow Funds held by Feingold as escrow agent, pursuant to the Escrow Agreement dated December 10, 2018."

Last week, on July 26, 2022, you served on my office RCG Advances, LLC's First Request for Production of Documents to David Feingold (enclosed). In the document request, you likewise demand a "full and complete accounting of Escrow Funds," and set forth document requests that are substantially identical to those in your letter of today.

I do not understand your reason for sending me these duplicate requests.

Both sides have already exchanged document requests on an expedited basis and we have had two prior meet and confers. This afternoon, we will have our third meet and confer to discuss moving forward, scheduling and any other issues counsel wishes to discuss. Are you suggesting that your clients also seek to engage in an exchange of materials outside of this action? Based on our meet and confers, I understood that your clients would now be seeking to pursue a purported accounting claim in this Court.

I thought I had made the following clear, but if I have not, I reiterate - - Mr. Feingold intends to vigorously dispute your clients' false allegations of fraud, theft and breach of duty. Also, Mr. Feingold will be producing in this action, among other things, the escrow records demonstrating his compliance with any applicable requirements of the Florida Bar (and any other applicable requirements), and he looks forward to doing so. I am hopeful that your clients will likewise cooperate in discovery.

In addition, per your request, this will confirm that I have provided your letter to Mr. Feingold.

I look forward to our meet and confer call this afternoon.

Regards,
Irwin Weltz, Esq.
WELTZLAW
**Weltz Kakos Gerbi Wolinetz Volynsky LLP**
170 Old Country Road | Suite 310
Mineola, New York 11501
Tel:  (516) 506-0561
Fax: (516) 855-8776

Email: Irwin@weltz.law
www.weltz.law

NOTE: This e-mail is from a law firm, Weltz Kakos Gerbi Wolinetz Volynsky LLP ("W|L"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of W|L, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to W|L in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of W|L, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

**From:** Terri Meyers <TMEYERS@klugerkaplan.com>
**Sent:** Tuesday, August 2, 2022 11:29 AM
**To:** Irwin Weltz <irwin@weltz.law>
**Cc:** Alan J. Kluger <AKLUGER@klugerkaplan.com>; Marissa A. Reichel <mreichel@klugerkaplan.com>; Robert Volynsky <rvolynsky@weltz.law>
**Subject:** FTC v. RCG, et al. - correspondence

Irwin,

Please see attached correspondence from Alan Kluger.

Thank you,
Terri



**Terri Meyers** | Partner
**Kluger, Kaplan, Silverman, Katzen & Levine, P.L.**
201 S. Biscayne Boulevard
Twenty Seventh Floor | Miami, FL 33131
tel (305) 379-9000 | fax (305) 379-3428

website | bio | vCard | map | email 

NOTICE:  The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

**Irwin Weltz**

| | |
|---|---|
| **From:** | Irwin Weltz |
| **Sent:** | Monday, August 8, 2022 6:44 PM |
| **To:** | 'Terri Meyers' |
| **Cc:** | 'Alan J. Kluger'; 'Marissa A. Reichel'; Robert Volynsky; Thomas Wolinetz |
| **Subject:** | RE: FTC v. RCG, et al. |

Dear Terri –

I sent you the below email with documents attached a few moments ago, but it bounced back.

Please see the below email and documents can be accessed via this ShareFile link

https://weltzlaw.sharefile.com/d-s4f3d2bb95e1841a4b77af7499b538720

Irwin Weltz, Esq.

**WELTZLAW**

**Weltz Kakos Gerbi Wolinetz Volynsky LLP**
170 Old Country Road | Suite 310
Mineola, New York 11501
Tel:  (516) 506-0561
Fax: (516) 855-8776
Email: Irwin@weltz.law
www.weltz.law

NOTE: This e-mail is from a law firm, Weltz Kakos Gerbi Wolinetz Volynsky LLP ("W|L"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of W|L, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to W|L in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of W|L, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

**From:** Irwin Weltz
**Sent:** Monday, August 8, 2022 6:32 PM
**To:** Terri Meyers <TMEYERS@klugerkaplan.com>
**Cc:** Alan J. Kluger <AKLUGER@klugerkaplan.com>; Marissa A. Reichel <mreichel@klugerkaplan.com>; Robert Volynsky <rvolynsky@weltz.law>; Thomas Wolinetz <twolinetz@weltz.law>
**Subject:** FTC v. RCG, et al.

Dear Terri –

Pursuant to our call today, I enclose additional documents responsive to your demands.

We are also prepared to expeditiously produce R2 portfolio valuations and land ownership documents pursuant to a mutually agreeable stipulated confidentiality agreement/protective order inasmuch as such production will include confidential material.  It likely makes sense to include the confidentiality agreement along with the proposed case management plan we have been discussing.  I will forward to you a proposed stipulated confidentiality agreement/protective order if you are agreeable.

While I do not have any issue continuing to produce documents in advance of our responses to the outstanding discovery requests, I would only ask that your clients begin to roll their production, as well.

As I understand from our call of last week and today, you will be providing a draft proposed case management plan for our review and comment, which will include various items such as scheduling submissions (and trial), depositions, discovery and any other appropriate items raised by either side. Thank you for taking the laboring oar on that.

Please feel free to contact me to discuss any of these matters.

Regards,
Irwin Weltz, Esq.
**WELTZLAW**
**Weltz Kakos Gerbi Wolinetz Volynsky LLP**
170 Old Country Road | Suite 310
Mineola, New York 11501
Tel: (516) 506-0561
Fax: (516) 855-8776
Email: Irwin@weltz.law
www.weltz.law

NOTE: This e-mail is from a law firm, Weltz Kakos Gerbi Wolinetz Volynsky LLP ("W|L"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of W|L, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to W|L in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of W|L, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

## Irwin Weltz

| | |
|---|---|
| **From:** | Irwin Weltz |
| **Sent:** | Thursday, August 11, 2022 6:54 PM |
| **To:** | Terri Meyers; Alan J. Kluger; Marissa A. Reichel |
| **Cc:** | Robert Volynsky; Thomas Wolinetz |
| **Subject:** | FTC v. RCG, et al. (SDNY) (Hon. Lewis A. Kaplan) |
| **Attachments:** | BSI response to RCG req. 8.11.22.pdf; DF response to RCG req. 8.11.22.pdf |

Dear Terri –

I enclose (i) Broad Street Intervenors' Responses and Objections to Defendant RCG Advances, LLC's First Request for Production of Documents, dated August 11, 2022, and (ii) David Feingold's Responses and Objections to Defendant RCG Advances, LLC's First Request for Production of Documents, dated August 11, 2022.

I anticipate that I will receive your clients' responses to our document requests at some point this evening, as was agreed. I suggest that we schedule a meet and confer to sort out any of our respective discovery disputes in order to move forward expeditiously. I gather that you will not be providing a draft proposed case management plan and, therefore, we should also discuss, among other things, scheduling of depositions at such meet and confer.

I will not be available tomorrow because I need to attend to my wife's medical procedure, but other than tomorrow I am generally available over the weekend and early next week.

I look forward to hearing from you.

Regards,
Irwin Weltz, Esq.

**WELTZLAW**

**Weltz Kakos Gerbi Wolinetz Volynsky LLP**
170 Old Country Road | Suite 310
Mineola, New York 11501
Tel: (516) 506-0561
Fax: (516) 855-8776
Email: Irwin@weltz.law
www.weltz.law

NOTE: This e-mail is from a law firm, Weltz Kakos Gerbi Wolinetz Volynsky LLP ("W|L"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of W|L, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to W|L in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of W|L, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

**Irwin Weltz**

| | |
|---|---|
| **From:** | Irwin Weltz |
| **Sent:** | Tuesday, August 16, 2022 4:41 PM |
| **To:** | Alan J. Kluger; Terri Meyers |
| **Cc:** | Marissa A. Reichel; Robert Volynsky; Thomas Wolinetz |
| **Subject:** | FTC v. RCG, et al.  Case No. 20-cv-4432-LAK (SDNY) (Hon. Lewis A. Kaplan) |

Dear Alan and Terri –

We would like to schedule a meet and confer with respect to Broad Street's and Feingold's outstanding discovery requests and the depositions of Robert Giardina, Lawrence P. Giardina and Richard Cardinale.  It is concerning that you have not complied with our agreed to date of August 11, 2022 for responses/objections and have not responded to my emails.

Please advise me whether you are available on August 17 (after 1pm) or August 18 (after 1pm).

I look forward to hearing from you.

Regards,
Irwin Weltz, Esq.

**WELTZLAW**

**Weltz Kakos Gerbi Wolinetz Volynsky LLP**
170 Old Country Road | Suite 310
Mineola, New York 11501
Tel:  (516) 506-0561
Fax: (516) 855-8776
Email: Irwin@weltz.law
www.weltz.law

NOTE: This e-mail is from a law firm, Weltz Kakos Gerbi Wolinetz Volynsky LLP ("W|L"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of W|L, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to W|L in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of W|L, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

## Irwin Weltz

| | |
|---|---|
| **From:** | Irwin Weltz |
| **Sent:** | Tuesday, August 16, 2022 5:35 PM |
| **To:** | Terri Meyers |
| **Cc:** | Alan J. Kluger; Marissa A. Reichel; Robert Volynsky; Thomas Wolinetz |
| **Subject:** | RE: FTC v. RCG, et al.  Case No. 20-cv-4432-LAK (SDNY) (Hon. Lewis A. Kaplan) |

Dear Terri –

I disagree with your assertions.  You never once mentioned any type of status report in the one voicemail or two emails that were hurriedly sent on August 11th or ever.  It was a complete surprise and I stand by the facts set forth in our status report.  You also fail to provide any explanation for failing to comply with our agreed to August 11 deadline for responses and objections and failure to respond to my multiple emails.

I am also a bit confused as to why you keep referring to your letter, dated August 2, 2022, and not to your previously served discovery demands that we responded to on August 11, 2022.  Are you now withdrawing your discovery requests served on July 26, 2022?

As you are aware, we have made two prior productions (on August 3 and August 8) and provided responses and objections to your discovery demands, all in an expedited manner.  In contrast, the RCG Defendants have done nothing.

I will contact you at 1pm tomorrow at your 305-379-9000 number unless there is a different number you would like me to use.

Regards,
Irwin Weltz, Esq.

**WELTZLAW**

**Weltz Kakos Gerbi Wolinetz Volynsky LLP**
170 Old Country Road | Suite 310
Mineola, New York 11501
Tel:  (516) 506-0561
Fax: (516) 855-8776
Email: Irwin@weltz.law
www.weltz.law

NOTE: This e-mail is from a law firm, Weltz Kakos Gerbi Wolinetz Volynsky LLP ("W|L"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of W|L, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to W|L in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of W|L, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

**From:** Terri Meyers <TMEYERS@klugerkaplan.com>
**Sent:** Tuesday, August 16, 2022 5:10 PM
**To:** Irwin Weltz <irwin@weltz.law>
**Cc:** Alan J. Kluger <AKLUGER@klugerkaplan.com>; Marissa A. Reichel <mreichel@klugerkaplan.com>; Robert Volynsky <rvolynsky@weltz.law>; Thomas Wolinetz <twolinetz@weltz.law>
**Subject:** Re: FTC v. RCG, et al. Case No. 20-cv-4432-LAK (SDNY) (Hon. Lewis A. Kaplan)

Irwin,

We obviously had a miscommunication. I contacted you numerous times before filing the Status Report for your clients' input, and received no response until after you emailed your clients' objections to our clients' discovery request.

We are available tomorrow for a meet and confer at 1 pm.

Please advise when your client will be providing the documents in Response to our clients' Demand for an Accounting letter dated August 2, 2022.

Thank you,
Terri Meyers

On Aug 16, 2022, at 4:40 PM, Irwin Weltz <irwin@weltz.law> wrote:

**\*EXTERNAL OF KLUGER KAPLAN\***

Dear Alan and Terri –

We would like to schedule a meet and confer with respect to Broad Street's and Feingold's outstanding discovery requests and the depositions of Robert Giardina, Lawrence P. Giardina and Richard Cardinale.  It is concerning that you have not complied with our agreed to date of August 11, 2022 for responses/objections and have not responded to my emails.

Please advise me whether you are available on August 17 (after 1pm) or August 18 (after 1pm).

I look forward to hearing from you.

Regards,
Irwin Weltz, Esq.
**WELTZLAW**
**Weltz Kakos Gerbi Wolinetz Volynsky LLP**
170 Old Country Road | Suite 310
Mineola, New York 11501
Tel:  (516) 506-0561
Fax: (516) 855-8776
Email: Irwin@weltz.law
www.weltz.law

NOTE: This e-mail is from a law firm, Weltz Kakos Gerbi Wolinetz Volynsky LLP ("W|L"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of W|L, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to W|L in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of W|L, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

**Irwin Weltz**

| | |
|---|---|
| **From:** | Irwin Weltz |
| **Sent:** | Friday, August 26, 2022 9:59 AM |
| **To:** | Alan J. Kluger; Terri Meyers; Marissa A. Reichel |
| **Cc:** | Robert Volynsky |
| **Subject:** | FTC v. RCG Advances, LLC, et al. - Case No. 20cv4432-LAK (Hon. Lewis A. Kaplan) |

Dear Alan –

During our last meet and confer, I had advised that we would be producing additional documents which may be accessed via this ShareFile link.

https://weltzlaw.sharefile.com/d-s2abc466a557743dd87d26bebe579cd3a

Regards,
Irwin Weltz, Esq.
**WELTZLAW**
**Weltz Kakos Gerbi Wolinetz Volynsky LLP**
170 Old Country Road | Suite 310
Mineola, New York 11501
Tel:  (516) 506-0561
Fax: (516) 855-8776
Email: Irwin@weltz.law
www.weltz.law

NOTE: This e-mail is from a law firm, Weltz Kakos Gerbi Wolinetz Volynsky LLP ("W|L"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of W|L, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to W|L in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of W|L, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.