EXHIBIT B



**WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP**
170 OLD COUNTRY ROAD | SUITE 310
MINEOLA, NEW YORK 11501

T: (516) 320-6945
F: (516) 855-8776
WWW.WELTZ.LAW

Direct line 516-506-0561

August 25, 2022

_**Via Email**_
Alan J. Kluger, Esq.
Kluger, Kaplan, Silverman,
  Katzen & Levine, P.L.
The Miami Center
201 S. Biscayne Blvd., 27th Fl.
Miami, Florida 33131

Re:     **FTC v. RCG Advances, LLC, et al.**
          <u>Case No. 20-Cv-4432-LAK (Hon. Lewis A. Kaplan)</u>

Dear Alan:

As you are aware, we represent proposed intervenors Broad Street Global Fund SCSp, Broad Street GP II S.'ar.l., CJS Technology Select Management LLC, CJS Technology Select Fund LLC and CJS Financial Corp. (collectively, the "Broad Street Intervenors") and David Feingold ("Feingold") in the above matter. As described below, your proposed Stipulation hardly reflects our discussions. Instead of a standard stipulation that provides for additional time with the objective of achieving a satisfactory resolution without further litigation, you have provided a one-sided 30-day compliance court order coupled with your spin. That was never discussed and is untenable.

You may call that during the July 20, 2022 hearing before the Court, you stated that "what we would do is we do limited discovery, and then file a brief with the Court to show the Court the bona fides of RCG's sending of this money, put in the record all of the transfers we made, show the terms of the transfer to the lawyers. Feingold is on the hot seat. I just think he took the money." The Court, in turn, permitted for a "limited amount of discovery" by both sides.

Since the hearing, we have sought to expeditiously proceed with discovery by serving document requests on the RCG Defendants, responding to document requests from RCG, and making multiple rolling productions. In contrast, the RCG Defendants have not responded to our discovery requests, have not produced any documents and have not complied with our agreements concerning responding to discovery requests and the production of documents. Instead of pursuing the limited discovery permitted by the Court, as you requested, you decided to file a purported status report without telling us you would do so. In addition, we have also repeatedly requested depositions of Mr. Giardina, Richard Cardinale and Lawrence P. Giardina, without success.

More recently, during our meet and confer ZOOM call on August 18, 2022, I was prepared to proceed with discovery matters, but, instead, you proposed a 60-day stand down so that you could purportedly review the investments.  Under your proposal, we (not you) would produce additional documents during the 60-day period, my clients would defer pursuing discovery during the 60-day period, and we would agree to a mutually acceptable confidentiality agreement.  As far as seeking approval from the Court, we envisioned a short stipulation that was neutral and simply advised the Court that both sides sought additional time in the hopes of achieving a satisfactory resolution without further litigation.  We also discussed that there should be a mechanism for either side to terminate the process if they were unsatisfied. Your proposed Stipulation is far removed from what we discussed, to say the least.

In reality, the RCG Defendants were actively involved in, authorized and directed the use and disposition of the RCG Defendants' funds at issue (and one reason the deposition of your clients is necessary). They were and are well aware that the funds were used to (i) pay Mr. Varbero (Mure Law) and Mr. Iandolo for their legal representation in multiple proceedings, (ii) pay Feingold for his advice and consultation on numerous court cases and investigations involving the RCG Defendants (which counsel was solicited by the RCG Defendants and also provided for in the Escrow Agreement), and (iii) invest in the CJS F1 portfolio (now fully liquidated by wires totaling $2,673,122.25 between April and July 2022 to Mr. Iandolo's trust account) and CJS R2 portfolio (of ongoing real estate projects).  In addition, a portion of the funds were wired back to Mr. Giardina's entity (Redzone).  Not surprisingly, the documents that we already produced show this.  Consequently, your statement that "I just think he took the money" is incorrect.

While it remains unclear what the RCG Defendants' purported allegations are with respect to the investments, we have nonetheless produced (and, as reflected in our discovery responses, intended to continue produce) various documents concerning the investments. This does not translate into a broad-based fishing expedition, and indeed, the Court did not envision such (the Court permitted "limited" discovery).  At the same time, the RCG Defendants seemingly have no intention of engaging in mutual discovery, as the RCG Defendants have not responded to discovery requests or produced anything or anyone.  The motivation of the RCG Defendants becomes clearer when considered in view of the fact that prior to the Broad Street Intervenors' filing, Feingold commenced a litigation against Cardinale and others in the pending action styled *David Feingold and Michael Dazzo v. Richard Cardinale, Vania Cardinale, RVCNY, LLC and RVCSI, LLC*, U.S.D.C. Southern District of Florida, Case No. 1:22-cv-20375-RKS, for various misconduct and includes claims against Cardinale for breach of fiduciary duty, conversion and fraudulent misrepresentation.  This further explains Cardinale attaching the transcript of the July 22, 2022 hearing to his letter to Broad Street investors defaming Feingold.  The coordination here could not be any clearer.

Moreover, your suggestion that Feingold is a proposed intervenor is incorrect.  The Broad Street Intervenors are the proposed intervenors for the limited purpose of vacating the Liquidation Order.  There is nothing for Feingold to intervene on.  Nevertheless, Feingold has responded to the RCG Defendants' document requests, has produced documents and will sit for a deposition.

\*   \*   \*

2

While your initial proposal had some merit, the one-sided proposed Stipulation does not. If you wish to revert to what we previously discussed, please let me know.

Sincerely,

*/s/ Irwin Weltz*
Irwin Weltz