# EXHIBIT D

## L3 CAPITAL INCOME FUND, LLC

August 9, 2022,

Dear Investor:

We are writing to provide you with a status report regarding recent events relating to the operations of the L3 CAPITAL INCOME FUND, LLC (the "L3 Fund").

In our letter of July 1, 2022, we advised you of the departure of Michael Dazzo and David Feingold from their positions as managers and members of all of the Alternative Global Funds except for Alternative Global Management (the "Portfolio Companies"). Given their abrupt departure, we concluded that it was prudent to perform a review of the then existing accounting and record keeping systems of the Portfolio Companies and their investments. That review is on-going.

On July 20, 2022, we became aware of the fact that various Broad Street entities including Broad Street Global Fund SCSp ("Broad Street") had sought to intervene in an FTC enforcement proceeding against RCG Advances, LLC ("RCG") and others.[1] To be clear, the L3 Fund and Broad Street do not have any affiliation and the legal proceedings we are reporting on do not in any way involve the L3 Fund. Nevertheless, Feingold's conduct in matters unrelated to the L3 Fund is now under extreme scrutiny. A copy of the transcript from the proceedings is attached.

Feingold is a licensed attorney in the state of Florida. According to a Broadstreet website, he also serves as CEO of Broadstreet.

At issue in the case was the status of over $9 million which RCG claims were deposited into an attorney trust/escrow account in the name of "Feingold Morgan Sanchez Trust/Escrow FBO Richmond Capital" ("Feingold Trust Account") between December 2018 and April 2019[2]. According to RCG, the monies were earmarked to fund potential legal settlements including the action with the FTC.

But at the hearing, the Court was told that the so-called trust monies had been transferred out of the Feingold Trust Account to an affiliate of Broad Street without RCG's knowledge or consent." RCG's counsel argued that "these assets were wrongfully secreted." and that Feingold, who was acting as RCG's attorney escrow agent took the funds from escrow and "put it in his own hedge fund". Broad Street acknowledged receiving the monies, which were then commingled with monies belonging to hundreds of other Broad Street investors and used to buy stocks and real estate.

---

[1] *Federal Trade Commission v. RCG Advances*, et al., Case No. 20-CV-4432 (LAK)(S.D.N.Y. 2020).
[2] Feingold did not join the L3 Fund until September 2019.

ACTIVE 681285322v1

Because the funds were deposited into an attorney's trust account and earmarked for a specific purpose but later allegedly commingled with investor money at Broad Street, and because Feingold serves as CEO of Broadstreet, U.S. District Judge Lewis A. Kaplan questioned Broad Street's lawyer as to the possible involvement of Feingold in the transfer of the funds out of escrow:

> **THE COURT**: I believe I read this afternoon that the guy who made this investment on behalf of RCG is or was at the time connected with your fund. Is that true?
>
> **BROADSTREET'S LAWYER**: I saw that, your Honor, and I did see the website so I presume that what is on the website is accurate, if you're referring to Mr. Feingold.
>
> **THE COURT**: Yes. So this agreement into which he entered, if in fact the case is that he did it in circumstances where there was an undisclosed manifest conflict of interest between his obligation to RCG and his interest in the fund, may very well be voidable.

Given Mr. Feingold's prior affiliation with the L3 Fund, we think it is critically important to monitor these proceedings closely, that you and our other investors remain adequately informed, and that we take action, where appropriate, to protect against misinformation.

Sincerely,

**L3 CAPITAL INCOME FUND, LLC**

By   L3 CAPITAL MANAGEMENT, LLC
Its:  Manager

By: _____
    Richard Cardinale
Its: Managing Member

Enclosure: July 20, 2022 Transcript