# EXHIBIT "J"



**Gmail**  ROBERT GIARDINA <robertgiardina72@gmail.com>

## Fwd: Attorney Communication
7 messages

**Anthony Varbero** <anthony.varbero@murelaw.com>  Thu, Mar 24, 2022 at 3:20 PM
To: "robertgiardina72@gmail.com" <robertgiardina72@gmail.com>, "Lawrence P. Giardina, Esq." <somedont@aol.com>, David Feingold <David@feingoldllc.com>, "david.casagrande@murelaw.com" <david.casagrande@murelaw.com>

Please see the FTC's response below.

Get Outlook for iOS

**From:** Ashe, Gregory <GASHE@ftc.gov>
**Sent:** Thursday, March 24, 2022 1:09:30 PM
**To:** Anthony Varbero <anthony.varbero@murelaw.com>; Heald, Julia <jheald@ftc.gov>; david.casagrande@murelaw.com <david.casagrande@murelaw.com>
**Subject:** RE: Attorney Communication

Counsel,

We are somewhat concerned at the latest set of revisions, as they appear to be re-opening issues we already discussed.

1. With respect to the definition of Related Litigation. We have already discussed that the Commission cannot agree to an open-ended definition and that the defined term is limited to existing litigation. As we further discussed, by the time the Commission approves the settlement and it is entered by the Court, we believe any statute of limitations will long have run.
2. With respect to section VI.B.1.2. We have already stated that the Commission will only give your clients "credit" for payments made to another law enforcement agency (i.e., NY AG). We cannot agree to give credit for private litigation. The remaining language is superfluous—Section VI.F already deals with any remaining funds in the escrow account. We note that Section VI is modeled directly on a previous order agreed to by the Commission in another matter, and we need to stick to that language.
3. With respect to section VI.C—because the escrow account is not owned by your clients but by third-party Feingold Morgan Sanchez (for your clients' benefit), they must be styled as Guarantors. Again, this is the way the Commission has agreed to secure time payments in other orders and we need to use the language as drafted without the proposed revisions (which do not add anything).
4. With respect to Section VI.G—as we have mentioned, Feingold Morgan Sanchez will need to execute a security agreement and securities account control agreement to perfect the FTC's security interest. If they are replaced at some point before the final payment is made, we'll deal with that at the time. If you have knowledge that they will be replaced before June, you need to let us know sooner rather than later.
5. With respect to Section VIII—we cannot agree to the extra language. We have used language the Commission has agreed to in multiple cases. The extra language only confuses matters. We note this is the same language as in the RAM/Reich order.
6. With respect to Sections IX, X and XI—we cannot agree to anything less than 10 years (same number as in RAM/Reich order).

In short, the order we circulated on March 22 is our last offer.

Gregory Ashe

Senior Staff Attorney

Federal Trade Commission

600 Pennsylvania Avenue NW

Washington, DC 20580

(202) 326-3719

**From:** Anthony Varbero <anthony.varbero@murelaw.com>
**Sent:** Wednesday, March 23, 2022 2:45 PM
**To:** Ashe, Gregory <GASHE@ftc.gov>; Heald, Julia <jheald@ftc.gov>; david.casagrande@murelaw.com
**Subject:** Attorney Communication

Greg and Julia,

JMA received comments and suggested changes. Attached are additional comments and proposed changes. If the Commission accepts the changes please forward a cleaned settlement agreement. Otherwise please email back comments or let us know if the Commission would like to set up a zoom call.

Anthony

Get Outlook for iOS

---

**David Feingold** <david@feingoldllc.com>                                          Thu, Mar 24, 2022 at 4:32 PM
To: Anthony Varbero <anthony.varbero@murelaw.com>
Cc: ROBERT GIARDINA <robertgiardina72@gmail.com>, "Lawrence P. Giardina, Esq." <somedont@aol.com>, "David.casagrande@murelaw.com" <david.casagrande@murelaw.com>

Ok, let's talk tomorrow.
[Quoted text hidden]