UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　Plaintiff,<br><br>　v.<br><br>RCG ADVANCES, LLC, et al.,<br><br>　Defendants. | Case No. 20-CV-4432-LAK<br><br>**FTC'S NOTICE OF FILING LETTER RESPONSE TO LETTER MOTION FILED BY DEFENDANTS RCG ADVANCES, LLC AND ROBERT GIARDINA** |

Plaintiff Federal Trade Commission ("FTC") hereby files this Notice of Filing Letter Response to the Letter Motion filed by Defendants RCG Advances, LLC and Robert Giardina (ECF No. 169), in accordance with the Minute Entry dated March 9, 2023, authorizing such filing.

Respectfully submitted,

Dated:　March 21, 2023

*/s/ Gregory A. Ashe*
GREGORY A. ASHE
JULIA E. HEALD
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-3589 (Heald)
Facsimile: 202-326-3768
Email: gashe@ftc.gov, jheald@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 21, 2023, a true and correct copy of **FTC'S NOTICE OF FILING LETTER RESPONSE TO LETTER MOTION FILED BY DEFENDANTS RCG ADVANCES, LLC AND ROBERT GIARDINA** was filed electronically with the United States District Court for the Southern District of New York using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/ Gregory A. Ashe
GREGORY A. ASHE
Attorney for Federal Trade Commission



UNITED STATES OF AMERICA
Federal Trade Commission
Washington, D.C. 20580

March 21, 2023

**VIA ECF**
The Honorable Jed S. Rakoff
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    RE: *FTC v. RCG Advances, LLC, et al.*, Case No. 1:20-cv-04432-JSR

Dear Judge Rakoff:

    Plaintiff Federal Trade Commission ("FTC") hereby respectfully submits its response to the Letter Motion filed by Defendants RCG Advances, LLC and Robert Giardina ("RCG Defendants"). (ECF No. 169.)

    The FTC commenced this action in June 2020 against (1) the RCG Defendants, (2) RAM Capital Funding, LLC and Tzvi Reich (the "RAM Defendants"), and (3) Jonathan Braun. (ECF No. 1.) The First Amended Complaint alleged violations of Section 5 of the FTC Act, 15 U.S.C. § 45, and Section 521 of the GLB Act, 15 U.S.C. § 6821, in connection with Defendants' small-business financing activities. (ECF No. 84.) On January 5, 2022, the Court entered a Stipulated Order for Permanent Injunction and Monetary Judgment as to the RAM Defendants. (ECF No. 102.) On June 2, 2022, the Court entered a Stipulated Order for Permanent Injunction, Monetary Judgment, and Civil Penalty as to the RCG Defendants ("RCG Final Order"). (ECF No. 127.)

    On April 8, 2022, the FTC filed its motion for summary judgment against Jonathan Braun. (ECF Nos. 109, 110.) Defendant Braun filed his opposition on May 15, 2022. (ECF Nos. 118 – 122.) On June 3, 2022, the FTC filed its reply (ECF No. 129) and objection pursuant to Fed. R. Civ. P. 56(c) to one of Defendant Braun's exhibits. (ECF No. 121.) Accordingly, the FTC respectfully notes that its motion for summary judgment against Defendant Braun is ripe for determination by the Court.

    Pursuant to Section VI.A of the RCG Final Order, judgment was entered against the RCG Defendants and in favor of the FTC in the amount of $2,713,705 pursuant to Section 19 of the FTC Act, 15 U.S.C. § 57b, for their violations of Section 521 of the GLB Act. (ECF No. 127 at 8-9.) Section VI.B of the RCG Final Order requires the RCG Defendants to pay the judgment in two tranches: a first payment of $1,500,000 due within 7 days of entry and a second payment of $1,213,705 due on or before 12 months from the date of entry of the final order, *i.e.*, June 2,

1

2023. (*Id*. at 9.)[1] To secure the payments, Section VI.C of the RCG Final Order gives the FTC a security interest in a client trust escrow account held by the RCG Defendants' counsel. (*Id*. at 9-10.) It was the FTC's understanding that the RCG Defendants had approximately $9,070,000 in their attorneys' trust escrow account. (*See* ECF No. 169-5.)

Concurrent with the FTC's litigation, the New York Attorney General has an ongoing civil law enforcement action pending against the RCG Defendants. In addition, there are nine private party actions against them related to the same conduct, which the RCG Final Order defines as "Related Litigation." (ECF No. 127 at 5.) The settlement contemplates that none of the money in the escrow trust account will remain with the RCG Defendants; to that end, Sections VI.B.2 and VI.G of the RCG Final Order state that the only allowed disbursements from the escrow trust account are for payments to the State of New York pursuant to any judgment entered in their action against Defendants,[2] payments made to the plaintiffs in the Related Litigation, and litigation costs (including attorneys' fees) related to the NYAG litigation and Related Litigation. (ECF No. 127 at 9, 11.) Finally, Section VI.G of the RCG Final Order provides that at the conclusion of the NYAG litigation, if any funds remain in the escrow trust account, such funds shall be turned over to the FTC as a civil penalty pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), for the RCG Defendants' violations of Section 521 of the GLB Act. (ECF No. 127 at 11.) The FTC, therefore, has an interest in the full escrow account.

As the RCG Defendants have already described, shortly after entry of the RCG Final Order, their counsel informed FTC counsel that they were experiencing difficulty in getting Broad Street Global Fund/CJS Technology Select Management Fund (the entity holding the escrow trust account denominated as Feingold Morgan Sanchez Trust/Escrow FBO Richmond Capital) to transfer the funds to them so that they could make their first payment to the FTC. To that end, the FTC and the RCG Defendants submitted a stipulated motion to the Court directing the liquidation and transfer of assets to effectuate the final order. (ECF No. 137.) Judge Kaplan entered the requested order on July 9, 2022. (ECF No. 138.) The current litigation between the RCG Defendants and Broad Street Global Fund/CJS Technology Select Management/Feingold Morgan Sanchez resulted from that order.

It is the FTC's understanding that between December 11, 2018, and April 29, 2019, the RCG Defendants wired $9,070,000 to David Feingold at Feingold Morgan Sanchez, LLC (collectively, "Feingold") to be held in their trust escrow account for "litigation, settlement fund & attorneys fees." (*See* ECF No. 169-5.) Since then, the FTC has received $1,500,000 pursuant to Section VI.B.1 of the RCG Final Order. In addition, the RCG Defendants note that they have received an additional $3,086,927.25 from the trust account that has been used for costs related

---

[1] Money collected by the FTC pursuant to Section VI.B of the RCG Final Order together what the FTC has already collected pursuant to the settlement with the RAM Defendants (in addition to any money that may be collected by any order entered against Defendant Braun) will be used to redress the small business consumers injured by Defendants unlawful financing scheme.

[2] Section VI.B.2 of the RCG Final Order provides that if, before June 2, 2023, the RCG Defendants pay an amount equal to or greater than $1,213,705 to the State of New York pursuant to any judgment entered in the NYAG litigation, they will be deemed to have satisfied their payment obligation to the FTC under Section VI.B.2. (ECF No. 127 at 9.)

to the Related Litigation. (*See generally* ECF No. 169 at 2 n.2.) This leaves, however, $4,483,072.75 that remains unaccounted.

Although not a party to the escrow agreement between the RCG Defendants and Feingold (*see* ECF No. 169-4), the FTC notes that because the purpose of the escrow trust is "to pay any fines, settlements, judgments, pending or threatened claims or any potential liabilities or monies owed" (*see id*. at 3), it has a beneficial interest in the escrow trust account. As such, Feingold owes a fiduciary duty not only to the RCG Defendants but also to the FTC.[3] *See In re Liddle*, 613 B.R. 186, 193 (S.D.N.Y. 2020) ("An escrow agent not only has a contractual duty to follow the escrow agreement, but additionally becomes a trustee of anyone with a beneficial interest in the trust."); *In re Dreier LLP*, 527 B.R. 126 (S.D.N.Y. 2014) ("As a trustee, the escrow agent has 'a duty to act for any party with a beneficial interest in the trust corpus.'") (internal citation omitted); *Pan-Am. Life Ins. Co. v. Antarctica Cap. Mgmt., LLC*, 2022 U.S. Dist. LEXIS 60681, at *19 (S.D.N.Y. Mar. 31, 2022).

The FTC questions whether Feingold has breached his fiduciary duty to the FTC. First, although the escrow trust agreement between the RCG Defendants and Feingold allows for money to be placed "in an interest bearing account, fund or investments" (ECF No. 169.4 at 3), that provision should not override Mr. Feingold's fiduciary duty to avoid self-dealing[4] by investing escrowed funds in his own separate investment company.[5] Second the escrow trust agreement provision allowing money to be placed in a "fund or investments" should not override Mr. Feingold's fiduciary duty to avoid risky or speculative investments,[6] such as a real estate hedge fund.[7]

---

[3] The fiduciary obligation began as early as April 20, 2020, when the FTC notified the RCG Defendants (via letter to David Feingold, Esq.) that it was authorized to file a complaint against Defendants and was affording them the opportunity to resolve the matter without litigation.

[4] *Bos. Consulting Grp., Inc. v. NCR Corp.*, 2020 U.S. Dist. LEXIS 175812, at *7 (S.D.N.Y. Sep. 24, 2020) ("[It] is elemental that a fiduciary owes a duty of undivided and undiluted loyalty to those whose interests the fiduciary is to protect. This duty bars not only blatant self-dealing, but also requir[es] avoidance of situations in which a fiduciary's personal interest possibly conflicts with the interest of those owed a fiduciary duty.") (citing *Birnbaum v. Birnbaum*, 539 N.E.2d 574, 576 (N.Y. 1989)); *Estrada v. Dugow*, 2016 U.S. Dist. LEXIS 44284, at *16 (S.D.N.Y. Mar. 31, 2016) (self-dealing also constitutes a breach under the well-established law of fiduciaries); Restatement 2d of Trusts, § 170, comment 1.c ("The trustee violates his duty to the beneficiary not only where he purchases trust property for himself individually, but also where he has a personal interest in the purchase of such a substantial nature that it might affect his judgment in making the sale. Thus, a trustee violates his duty if he sells trust property to a firm of which he is a member or to a corporation in which he has a controlling or substantial interest.").

[5] Mr. Feingold is the CEO of Broadstreet, Inc. the ultimate owner of the Broad Street Global Fund and CJS Technology Select Management Fund. (*See* ECF No. 150 at 19.)

[6] Restatement 2d of Trusts, § 227 ("In making investments of trust funds the trustee is under a duty to the beneficiary . . . to make such investments and only such investments as a prudent man would make of his own property having in view the preservation of the estate and the amount and regularity of the income to be derived."); *id*. comment f ("[T]he following are not proper trust investments: (1) purchase of securities for purposes of speculation, for example, purchase of shares of stock on margin or purchase of bonds selling at a great discount because of uncertainty whether they will be paid on maturity; (2) purchase of securities in new and untried enterprises; (3) employment of trust property in the carrying on of trade or business; (4) purchase of land or other things for resale.").

[7] See ECF No. 169 at 3-4; ECF No. 169-6 at 2 ("funds sent to hedge fund brokerage"); ECF Nos. 139, 139-1, 139-2, 139-3.

3

The FTC concurs with the RCG Defendants that requiring Feingold to provide an accounting is warranted, the purpose of which would be "to require a fiduciary to show what he did with the principal's property." *Soley v. Wasserman*, 823 F. Supp. 2d 221, 237 (S.D.N.Y. 2011); *see also Asesoral Bus. Partners LLC v. Seatech Worldwide Corp.*, 2021 U.S. Dist. LEXIS 45106, at *20 (S.D.N.Y. Mar. 10, 2021) ("An accounting 'is a traditional equitable remedy that requires a person who misappropriates the property of another to explain (account for) the funds and to return what is not rightly his.'") (quoting *Dev. Specialists, Inc. v. Dechert LLP*, 532 B.R. 473, 480-81 (S.D.N.Y. 2015)); *Anderson v. Green*, 2016 U.S. Dist. LEXIS 105671, at *51 (S.D.N.Y. Aug. 10, 2016) ("An accounting is an 'equitable remedy . . . designed to require a person in possession of financial records to produce them, demonstrate how money was expended and return pilfered funds in his or her possession.'") (quoting *Roslyn Union Free Sch. Dist. v. Barkan*, 950 N.E. 2d 85, 91 (N.Y. 2011)). And ultimately, Feingold should be required to return to the RCG Defendants the missing $4.4 million that should still be in his escrow trust account so that the terms of the RCG Final Order can be fully effectuated and Defendants' victims be made whole.

Respectfully submitted,

 */s/Gregory A. Ashe*
GREGORY A. ASHE
JULIA E. HEALD
Federal Trade Commission
600 Pennsylvania Ave. NW
Mail Stop CC-10232
Washington, DC 20580
Tel: (202) 326-3719 (Ashe)
Tel: (202) 326-3589 (Heald)
Facsimile: (202) 326-2752
Email: gashe@ftc.gov, jheald@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION