UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>RCG ADVANCES, LLC et al.<br><br>    Defendants. | Case No. 1:20-cv-04432-JSR<br><br>**FTC'S RESPONSE TO DEFENDANT BRAUN'S OBJECTIONS TO THE FTC'S REVISED PROPOSED ORDER FOR PERMANENT INJUNCTION AS TO DEFENDANT JONATHAN BRAUN** |

Plaintiff Federal Trade Commission ("FTC"), by and through its undersigned counsel, hereby submits its response to Defendant Braun's objections and corrections (ECF No. 181) to the FTC's revised proposed Order for Permanent Injunction (ECF No. 180-1). In granting summary judgment against Defendant Braun, this Court expressly held that it "will issue a permanent injunction that includes *all the terms the FTC proposes* except for the terms that require Mr. Braun to dismiss any pending case or terminate UCC liens." (ECF No. 179 at 45 (emphasis added).) The proposed order submitted by the FTC (ECF No. 180-1) does exactly that; Defendant Braun's extensive proposed edits seek to relitigate the case and would severely diminish the relief expressly ordered by the Court.[1] The FTC writes to highlight only the most egregious and substantive changes proposed by Defendant Braun.

First, Defendant Braun attempts to narrow the scope of the injunction by limiting the definition of "Covered Products or Services" to merchant cash advances. The FTC's definition

---

[1] The FTC also notes that the injunctive provisions in its proposed order are identical to (with the exception of the terms removed at the Court's direction) the permanent injunctions already entered against the other Defendants. (*See* ECF No. 102 (permanent injunction as to Defendants RAM Capital Funding and Tzvi Reich); ECF No.125 (permanent injunction as to Defendants RCG Advances and Robert Giardina).) It would be incongruous, having been found by this Court to be liable for violating Section 5 of the FTC Act and Section 521 of the GLB Act and "in light of the egregiousness of [his] conduct . . . the sheer number of times [he] engaged in misconduct" (ECF No. 179 at 44), that Defendant Braun would receive a less restrictive injunction than defendants who entered into settlement agreements.

1

is activity-based not status-based in order to cover any potential funding product regardless of how it is named. Given Defendant Braun's "continuing denial of his role in the misconduct" (ECF No. 179 at 44), the FTC's definition is necessary to ensure that he not evade the Court's injunction through clever nomenclature. The Court should not "confine its road block to the narrow lane the transgressor has traveled; it must be allowed effectively to close all roads to the prohibited goal, so that its order may not be by-passed with impunity." *FTC v. Ruberoid Co.*, 343 U.S. 470, 473 (1952).[2]

Similarly, Defendant Braun's proposed limitation of the definition of "Debt" to Covered Products and Services (which informs the definition of "Debt Collection Activities") would eviscerate the Court's injunction to prohibit him from engaging in Debt Collection Activities. First, because Section I of the proposed order already would ban Defendant Braun from Covered Products and Services, his proposed revisions would make the ban on Debt Collection Activities a nullity. Second, the Court has already stated that it will bar Defendant Braun from such activity "*as defined [in] the FTC's proposed order*." (ECF No. 179 at 44 (emphasis added).)

Next, Defendant Braun seeks to limit Section II.A's prohibition from misrepresenting the requirements for obtaining any product or service to only Covered Products or Services. Again, because Section I bans him from Covered Products and Services, Defendant Braun's proposed revision would make this provision a nullity.

Next, Defendant Braun seeks to limit Section II.F's prohibition from misrepresenting that a consumer has a legal obligation to pay any Person to only those things prohibited by the Order. Again, if he is banned already from Covered Products and Services, this revision renders the provision a nullity. And even if it did not, the Court has already determined "the provisions

---

[2] The similar argument applies to Defendant Braun's attempt to limit Section VI's provisions relating to existing customer information in his possession, custody, or control.

requiring Mr. Braun to refrain from illegal conduct . . . to be appropriate" (ECF No. 179 at 45), including the proposed provision covering payments to any Person. Indeed, "[h]aving been caught violating the [FTC] Act, [defendants] must expect some fencing in." *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 395 (1965) (internal quotations and citation omitted).

Next, Defendant Braun seeks to weaken Section III's restrictions against making unauthorized charges by only requiring him to obtain undefined consent from consumers. The FTC's proposed order requires Express, Informed Consent, which is designed to ensure that consumers obtain all material information about a product or service before they are charged for it. Seeing that the Court already found that the "undisputed facts show that defendants violated Section 5 by making unauthorized withdrawals from customers' accounts" (ECF No. 179 at 24), it is entirely appropriate that Defendant Braun be required to obtain Express, Informed Consent (as defined in the FTC's proposed order).

Next, Defendant Braun seeks to weaken Section IV's provisions relating to removing negative information from credit reports. The Court has already determined that the provision requiring him "to request removal of negative credit reports issued against customers to be appropriate." (ECF No. 179 at 45.) Defendant Braun's requested change would allow him to skirt the Court's order by feigning ignorance. The FTC's proposed order already limits Section IV to negative information personally placed by Defendant Braun or a company owned or controlled, directly or indirectly, by him. No further limitations are necessary or warranted. The similar argument applies to his attempts to limit Section VI.A's requirements to assist in providing customer information for any possible consumer redress.

Finally, Defendant Braun attempts to limit and weaken the various order monitoring and enforcement provisions contained in Sections VII (requiring him to acknowledgement receipt of

the order and to deliver copies to any future employees of his), VIII (compliance reporting requirements), IX (recordkeeping requirements for him personally and only those businesses for which he is a majority owner or controls, directly or indirectly), and X (provisions allowing the FTC to monitor his compliance with the order).  Again, the Court has already determined that the FTC's proposed provisions are "appropriate to ensure compliance with the permanent injunction."  (ECF No. 179 at 45.)  Nearly identical provisions are routinely entered in FTC cases in this and other districts.  *See, e.g.*, *FTC v. First Data Merch. Servs. LLC*, 2020 U.S. Dist. LEXIS 89313, at *44-49 (S.D.N.Y. May 20, 2020); *FTC v. OMICS Grp. Inc.*, 374 F. Supp. 3d 994, 1014 (D. Nev. 2019); *FTC v. Federal Check Processing*, 2016 U.S. Dist. LEXIS 141998, at *12 (W.D.N.Y. Oct. 13, 2016), *aff'd sub. nom. FTC v. Moses*, 913 F.3d 297 (2d Cir. 2019); *FTC v. Verity Int'l, Ltd.*, 335 F. Supp. 2d 479, 502 (S.D.N.Y. 2004); *FTC v. Five-Star Auto Club*, 97 F. Supp. 2d 502, 533 (S.D.N.Y. 2000).

Accordingly, the FTC respectfully requests that the Court overrule Defendant Braun's objections and enter the proposed final order filed by the FTC on October 4, 2023, as submitted.

Dated:  October 10, 2023           Respectfully Submitted,

*/s/Gregory A. Ashe*
Gregory A. Ashe
Julia E. Heald
Federal Trade Commission
600 Pennsylvania Ave. NW
Washington, D.C. 20580
gashe@ftc.gov
jheald@ftc.gov
(202) 326-3719 (Ashe)
(202) 326-3589 (Heald)

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I, Gregory A. Ashe, hereby certify that on October 10, 2023, I electronically filed **FTC'S RESPONSE TO DEFENDANT BRAUN'S OBJECTIONS TO THE FTC'S REVISED PROPOSED ORDER FOR PERMANENT INJUNCTION AS TO DEFENDANT JONATHAN BRAUN** with the Clerk of the Court using its CM/ECF system, which will send notification of such filing to all counsel of record.

                                                      */s/Gregory A. Ashe*
                                                      GREGORY A. ASHE