UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RCG ADVANCES, LLC, *et al.*,<br><br>Defendants. | Case No. 1:20-cv-04432-JSR<br><br>**ORDER FOR PERMANENT INJUNCTION AS TO DEFENDANT JONATHAN BRAUN** |

On September 27, 2023, the Court issued its opinion granting summary judgment to the FTC on all its claims and granting the FTC's proposed permanent injunction with slight modifications. The terms of the permanent injunction are as follows:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. The Court has jurisdiction over the subject matter of this case and personal jurisdiction over Defendant Jonathan Braun, pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a), 57(b), and 6822(a). Defendant Jonathan Braun transacts or has transacted business in this District and throughout the United States.

2. Venue in the Southern District of New York is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c).

3. The FTC is an independent agency of the United States Government created by statute, which authorizes the FTC to commence this district court civil action by its own attorneys. 15 U.S.C. §§ 41–58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces Section 521(a) of the GLB Act, 15 U.S.C. § 6821(a)(2), which prohibits "making a

false, fictitious, or fraudulent statement or representation" "to obtain or attempt to obtain" from a customer "customer information of a financial institution."

4. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes this Court to grant injunctive relief as the Court may deem appropriate to halt violations of any provision of law enforced by the FTC.

5. This Court concludes that the danger of future violations by Defendant Jonathan Braun justifies the issuance of injunctive relief. Specifically, it is proper in this case to issue a permanent injunction that: (a) bans Defendant Jonathan Braun from marketing or collecting on certain financing products as well as engaging in debt collection activities; (b) prohibits Defendant Jonathan Braun from making various misrepresentations regarding any product or service; (c) prohibits Defendant Jonathan Braun from making charges with consumers' express, informed consent; (d) requires Defendant Jonathan Braun to remove all negative information from consumers' credit reports; (e) prohibits Defendant Jonathan Braun from obtaining consumers' financial information by using false, fraudulent, or fictitious statements or otherwise violating the GLB Act; (f) prohibits Defendant Jonathan Braun from disclosing, using, or benefitting from customer information of any person that any Defendant obtained before the entry of this Order in connection with their marketing and sale of mortgage assistance relief services; and (g) provides other ancillary relief necessary to assist the FTC and the Court in monitoring Defendant Jonathan Braun's compliance with such a permanent injunction.

6. Pursuant to Federal Rule of Civil Procedure 65(d) the provisions of this Order are binding upon Defendant Jonathan Braun, his successors and assigns, and his officers, agents, employees and attorneys, and upon those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

7. Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary Consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary Consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary Consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary Consumers" includes reasonable members of that group.

B. **"Consumer"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

C. **"Covered Products or Services"** means any product or service represented, expressly or by implication, to provide or assist in providing, directly or indirectly, funds in exchange for future receivables, revenues, or proceeds.

D. **"Debt"** means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

E. **"Debt Collection Activities"** means any activities of a Debt Collector to collect or attempt to collect, directly or indirectly, a Debt owed or due, or asserted to be owed or due.

F. **"Debt Collector"** means any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any Debts, or who

regularly collects or attempts to collect, directly or indirectly, Debts owed or due or asserted to be owed or due another. The term also includes any creditor who, in the process of collecting its own Debts, uses any name other than its own which would indicate that a third person is collecting or attempting to collect such Debts. The term also includes any person to the extent such person collects or attempts to collect any Debt that was in default at the time it was obtained by such person.

G. **"Express, Informed Consent"** means an affirmative act communicating unambiguous assent to be charged, made after receiving and in close proximity to a Clear and Conspicuous Disclosure of all material information related to the charge, including (a) the product, service, fee, or interest associated with the charge; (b) the specific amount of the charge; and (c) whether the charge is recurring and the frequency of recurrence.

H. **"Person"** mean a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

## ORDER

## BAN

I. **IT IS THEREFORE ORDERED** that Defendant Jonathan Braun, whether acting directly or indirectly, is permanently restrained and enjoined from:

A. Advertising, marketing, promoting, offering, providing, arranging for, assisting any Consumer in receiving or applying for, or collecting or attempting to collect payment or other consideration in connection with, any Covered Product or Service;

B. Assisting others engaged in advertising, marketing, promoting, offering, providing,

arranging for, assisting any Consumer in receiving or applying for, or collecting or attempting to collect payment or other consideration in connection with, any Covered Product or Service; and

C. Participating in any Debt Collection Activities.

## PROHIBITION AGAINST MISREPRESENTATIONS

II. **IT IS FURTHER ORDERED** that Jonathan Braun, his officers, agents, employees, and attorneys, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, distributing, servicing, offering, or selling any product or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A. Any requirements for obtaining a product or service;

B. The existence, amount, or timing of any fees or charges, or the total cost;

C. Any benefit of any product or service, including any amount of money a Consumer might receive or obtain;

D. What circumstances would constitute a breach of contract;

E. That any Person can participate in any activities banned by Section I of this Order or otherwise prohibited by this Order;

F. That a Consumer has a legal obligation to pay any Person;

G. Any other material fact, including any material restrictions, limitations, or conditions; or any material aspect of performance, efficacy, nature, or central characteristics.

## PROHIBITION AGAINST UNAUTHORIZED CHARGES

III.  **IT IS FURTHER ORDERED** that Jonathan Braun, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from causing debits or withdrawals to be made from any Consumer's bank or other financial account, or from billing any Consumer for any charge, without the Consumer's Express, Informed Consent.

## PROVISIONS RELATING TO CREDIT REPORTING

IV.  **IT IS FURTHER ORDERED** that Defendant Jonathan Braun, within thirty (30) days of the date of entry of this Order, shall, for any negative or derogatory information or Debt owed or purported to be owed by any customer that Defendant Jonathan Braun or any Person owned or controlled, directly or indirectly, by Defendant Jonathan Braun reported or caused to be reported to a credit reporting agency prior to entry of this Order, Defendant Jonathan Braun shall request that each such credit reporting agency delete such negative or derogatory information or Debt from the customer's credit reporting file.

## INJUNCTION RELATED TO CUSTOMER FINANCIAL INFORMATION

V.  **IT IS FURTHER ORDERED** that Defendant Jonathan Braun, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

A. Obtaining or attempting to obtain customer information of a financial institution (including but not limited to bank account routing number, account number, and log-in

credentials) from a Consumer by making false, fictitious, or fraudulent statements or representations to any Consumer or financial institution; or

B. Violating the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809, §§ 6821-6827.

## CUSTOMER INFORMATION

VI. **IT IS FURTHER ORDERED** that Defendant Jonathan Braun, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the FTC to efficiently administer consumer redress. If a representative of the FTC requests in writing any information related to redress, Defendant Jonathan Braun must provide it, in the form prescribed by the FTC, within 14 days;

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the offering of small business funding products; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the FTC.

D.  Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## ORDER ACKNOWLEDGMENTS

VII.  **IT IS FURTHER ORDERED** that Defendant Jonathan Braun obtain acknowledgments of receipt of this Order:

A.  Defendant Jonathan Braun, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 10 years after entry of this Order, Defendant Jonathan Braun for any business that he, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct specified in Sections I, II, and III, and all agents and representatives who participate in conduct specified in Sections I, II, and III; (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which Defendant Jonathan Braun delivered a copy of this Order, he must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

**COMPLIANCE REPORTING**

VIII.   **IT IS FURTHER ORDERED** that Defendant Jonathan Braun make timely submissions to the FTC:

A. One year after entry of this Order, Defendant Jonathan Braun must submit a compliance report, sworn under penalty of perjury:

   1. Defendant Jonathan Braun must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with him; (b) identify all of his businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which he must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how he is in compliance with each Section of this Order, including providing an itemized list of judgments, liens, and/or negative or derogatory information or Debt reported to credit reporting agencies subject to Section IV and the disposition of each; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

   2. Additionally, Defendant Jonathan Braun must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest;

and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, Defendant Jonathan Braun must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Defendant Jonathan Braun must report any change in: (a) any designated point of contact; or (b) the structure of any entity that he has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Defendant Jonathan Braun must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Defendant Jonathan Braun must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on: \_\_\_\_\_" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. RCG Advances, LLC, Matter No. X200045.

## RECORDKEEPING

IX. **IT IS FURTHER ORDERED** that Defendant Jonathan Braun must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.  Specifically, Defendant Jonathan Braun, for any business that he, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E. a copy of each unique advertisement or other marketing material.

## COMPLIANCE MONITORING

X. **IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant Jonathan Braun's compliance with this Order and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the FTC, Defendant Jonathan Braun must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the FTC is authorized to communicate directly with Defendant Jonathan Braun. Defendant Jonathan Braun must permit representatives of the FTC to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The FTC may use all other lawful means, including posing, through its representatives, as Consumers, suppliers, or other individuals or entities, to Defendant Jonathan Braun or any individual or entity affiliated with him, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning Defendant Jonathan Braun, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

### RETENTION OF JURISDICTION

XI. **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED.**

Dated:   New York, NY

October 27, 2023

JED S. RAKOFF
United States District Judge